**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter  **11**

☐ Check if this is an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **American Signature, Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **42-1546162** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **4300 East 5th Avenue** <br> **Columbus, OH 43219-1816** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Franklin** <br> County | **Location of principal assets, if different from principal place of business** <br> **3080 Alum Creek Drive Columbus, OH 43207** <br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.americansignaturefurniture.com** |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor    **American Signature, Inc.**                                                Case number (*if known*) _____
_____
Name

7.  **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.
     3371

8.  **Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check* **all** *that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

| Debtor | **American Signature, Inc.** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

List all cases. If more than 1, attach a separate list

| Debtor | **See Rider 1** | | Relationship | |
|---|---|---|---|---|

| District | **Delaware** | When | | Case number, if known | |
|---|---|---|---|---|---|

**11. Why is the case filed in this district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds** .

Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ■ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ■ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **American Signature, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **November 22, 2025**
MM / DD / YYYY

**X** /s/ Rudy Morando

Signature of authorized representative of debtor

Rudy Morando

Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

**X** /s/ Laura Davis Jones

Signature of attorney for debtor

Date  **November 22, 2025**
MM / DD / YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street**
**17th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-652-4100**      Email address   **ljones@pszjlaw.com**

**2436 DE**
Bar number and State

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

1. American Signature, Inc.

2. American Signature Home Inc.

3. American Signature USA Inc.

4. ASI Pure Promise Insurance LLC

5. ASI Elston LLC

6. ASI – LaPorte LLC

7. ASI POLARIS LLC

8. ASI Thomasville LLC

9. American Signature Woodbridge LLC

**JOINT UNANIMOUS WRITTEN CONSENT OF THE CONFLICTS COMMITTEE OF**
**AMERICAN SIGNATURE, INC. AND THE AUTHORIZING BODY**
**OF EACH OF THE ENTITIES LISTED ON SCHEDULE I HERETO**

Effective as of November 22, 2025

The undersigned, being the sole member of the Conflicts Committee (defined below) of American Signature, Inc., and all of the members of the boards of directors or managers, or other governing body (each, an "Authorizing Body" and, collectively, the "Authorizing Bodies") of each of the entities listed on **Schedule I** attached hereto (each, a "Company" and, collectively, the "Companies"), pursuant to the applicable laws of the jurisdiction in which each such Company is organized or incorporated, as applicable, and the applicable governing documents of the Companies (collectively, the "Governing Documents"), acting by written consent in lieu of a meeting, do hereby unanimously consent to the adoption of the following resolutions (the "Resolutions") and direct that this action by unanimous written consent (this "Consent") be filed in the records of the Companies.

WHEREAS, on November 19, 2025, the board of directors (the "ASI Board") of American Signature, Inc. ("ASI") determined, in the exercise of its business judgment, that it was advisable and in the best interests of ASI to constitute a conflicts committee of the ASI Board (the "Conflicts Committee"), composed of Adam Zalev (the "Independent Director") as the sole member of the Conflicts Committee, and adopted a charter (the "Conflicts Committee Charter") setting forth the procedures for the identification, investigation, review, consideration, and approval or ratification of transactions ("Transactions") involving ASI and any Related Persons (as defined in the Conflicts Committee Charter) (the "Conflict Matters");

WHEREAS, to the fullest extent permitted by applicable law and without limiting the authority of the ASI Board other than with respect to Conflicts Matters, the ASI Board delegated the full power and authority and discretion of the ASI Board to investigate, review, approve and ratify all Transactions to the Conflicts Committee, to engage professionals for the Conflicts Committee, and to take such other actions as the Conflicts Committee deems necessary, advisable, or appropriate;

WHEREAS, the Conflicts Committee has determined and reported to the ASI Board and the Authorizing Bodies that, in the judgment of the Conflicts Committee, the actions, transactions and documentation contemplated by the Resolutions set forth below, including the entry into the DIP Facility (as defined herein), the pursuit of the sale in accordance with the Bidding Procedures (as defined herein), and the retention of the Conflict Committee's professionals, are advisable and in the best interests of American Signature Inc., its stakeholders, its subsidiaries, its creditors and the other parties in interest, and has recommended approval of the same by the Authorizing Bodies;

WHEREAS, the Authorizing Bodies have reviewed the historical performance of the Companies, the market for the Companies' products and services, and the current and long-term liabilities of the Companies;

WHEREAS, the Authorizing Bodies have reviewed and considered (a) the filing of a voluntary petition for relief for each Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "<u>Bankruptcy Code</u>") pursuant to applicable law and in accordance with the requirements of each Company's Governing Documents and applicable law, (b) the incurrence of the DIP Facility and the use of Cash Collateral (each as defined herein) and (c) the retention of professionals (collectively, the "<u>Restructuring Matters</u>"); and,

WHEREAS, the Authorizing Bodies, having reviewed and considered the materials presented by the management of and the advisors to the Companies, and having had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and fully consider each of the strategic alternatives available to them, and the impact of the foregoing on the Companies' business and their stakeholders;

NOW, THEREFORE, BE IT RESOLVED, that, pursuant to the applicable Governing Documents of each Company, the undersigned do hereby adopt the following resolutions:

## I.   Restructuring Matters

### A.  Chapter 11 Filing

RESOLVED, in the business judgment of the Authorizing Bodies, it is desirable and in the best interests of each Company and its respective stakeholders, creditors, and other parties in interest, that each Company files or causes to be filed voluntary petitions for relief (the "<u>Bankruptcy Petitions</u>") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in each Company's Governing Documents and applicable law, the Authorizing Bodies hereby consent to, authorize, and approve the filing of the Bankruptcy Petitions;

RESOLVED, that any director, manager, or duly appointed officer of each Company, including the Independent Director (each, an "<u>Authorized Officer</u>") be, and each of them individually hereby is, authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments), to act as signatory and attorney on behalf of each Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Officers and/or officers delegate certain responsibilities, to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, applications, pleadings, papers, or documents, and to take any and all other action that they in their absolute discretion deem necessary and proper to obtain such relief, including, but not limited to, any action necessary, appropriate, desirable, or proper to maintain the ordinary course operations of each Company or any of its subsidiaries' businesses and carry out these Resolutions;

## B. Retention of Professionals

RESOLVED, that each of the Authorized Officers be, and hereby, is, authorized, empowered, and directed to employ on behalf of each Company: (a) Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as bankruptcy counsel; (b) Berkeley Research Group, LLC ("BRG") as restructuring advisor; (c) SSG Capital Advisors, LLC ("SSG"), as investment banker; (d) Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") as solicitation, claims, and noticing agent; and (e) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals that the Authorized Officers or the Conflicts Committee deem necessary, appropriate, or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Officers, be, and hereby are, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; to represent and assist the Companies in carrying out their duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Companies' rights in connection therewith;

RESOLVED, that the Conflicts Committee hereby authorizes and directs each Authorized Officer to employ the law firms of Goodwin Procter LLP ("Goodwin") and Potter Anderson & Corroon LLP ("Potter Anderson") as special counsel to represent and assist the Conflicts Committee, on behalf of ASI, in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the filing of any pleadings or responses), and to take any and all actions to advance ASI's rights; and in connection therewith, the Authorized Officers be, and each of them hereby are, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Goodwin and Potter Anderson; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety;

## C. DIP Facility, Use of Cash Collateral

RESOLVED, that in the business judgment of the Authorizing Bodies, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of the use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which may be security for certain of the Company's prepetition secured lenders (the "Secured Parties") under certain credit facilities and/or notes indentures by and among the Companies, the guarantors party thereto, the administrative and other agents party thereto, and the lenders party thereto;

RESOLVED, that in the business judgment of the Authorizing Bodies, the Companies need access to post-petition financing during the chapter 11 cases and the Companies will obtain benefits from the incurrence of new money debtor-in-possession financing obligations by entering into that certain *Debtor-in-Possession Credit Agreement* (the "DIP Credit Agreement" and together with such financing obligations, the "DIP Facility") to be

documented in proposed interim and final orders (together, the "DIP Orders") to be submitted for approval of the Bankruptcy Court;

RESOLVED, that the form, terms, and provisions of instruments, agreements (including all of the "Loan Documents" under and as defined in the DIP Credit Agreement) and all other documents executed in connection with the DIP Facility (collectively and together with the DIP Credit Agreement and the DIP Orders, the "DIP Documents"), substantially in the forms received by or described to the undersigned, and the Companies' execution, delivery, and performance of their obligations under the DIP Documents, including without limitation the grant of security interests under the DIP Documents, be, and hereby are, in all respects, approved, subject to approval by the Bankruptcy Court of the DIP Credit Agreement;

RESOLVED, that the form, terms, and provisions of the DIP Orders to which the Companies are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each Authorized Officer of the Companies be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Documents, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on the terms or substantially on the terms submitted to the Authorizing Bodies, with such changes, additions, and modifications thereto as the officers of the Companies executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

RESOLVED, that the Companies, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and obligations under the DIP Documents (the "DIP Obligations") and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on their assets to secure the Adequate Protection Obligations and the DIP Obligations;

RESOLVED, that the Authorized Officers of the Companies be, and hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and (i) execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by any agent under the Prepetition Documents (as defined in the DIP Orders) or the DIP Documents (each, an "Agent"); and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents and perform or cause the Companies to perform the obligations thereunder, (ii) grant and continue to grant liens on their property as set forth in the DIP Documents and to take such further action to maintain and perfect such liens and otherwise as necessary to effect the purposes of the DIP Documents, including, without limitation, to pledge and deliver stock certificates and promissory notes and to execute and deliver any and all certificates, intellectual property security agreements, and

(iii) guarantee obligations, as applicable, pursuant to the DIP Documents and the terms of the DIP Facility;

RESOLVED, that each of the Authorized Officers of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to file or to authorize the Agents to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Companies that the Agents deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the DIP Orders;

### D.  Sale Matters

RESOLVED, that in the judgment of the Authorizing Bodies it is desirable and in the best interests of the Companies that the Companies seek to sell substantially all of their assets and, therefore, the Companies are hereby authorized, directed, and empowered to file a motion with the Bankruptcy Court to (a) authorize the Companies to conduct a sale of all, substantially all, or a portion of the Companies' assets pursuant to bidding procedures (the "Bidding Procedures") and (b) conduct one or more auctions ("Auctions"), if necessary, in accordance with the terms of the Bidding Procedures and to negotiate, for and on behalf of the Companies, such agreements, documents, assignments, and instruments as may be necessary, appropriate, or desirable in connection with a sale to ASI Purchaser, LLC, as the "Stalking Horse Bidder" or such other successful bidder at an Auction;

RESOLVED, that the Authorized Officers are authorized on behalf of the Companies to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by the Authorized Officers to be necessary or desirable to carry out the purpose and intent of each of the foregoing Resolutions and to effectuate successful chapter 11 cases, including, but not limited to the development, filing and prosecution to confirmation of a chapter 11 plan and related disclosure statement;

### II.    General

RESOLVED, that the size of the ASI Board shall consist of four directors;

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates), any one of whom may act without the joinder of any of the others, be, and hereby are, individually authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action including, but not limited to,

(i) the seeking, preparation and negotiation of such additional agreements, amendments, supplements, modifications, consents, waivers, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the seeking, preparation and negotiation of such changes and additions to any agreements, amendments, supplements, other modifications, consents, waivers, reports, documents, instruments, applications, notes or certificates currently existing, (iii) the execution, acknowledgement, delivery, performance and filing (if applicable) of any of the foregoing and (iv) the payment of all fees, consent payments, taxes, indemnities and other expenses, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Officer deemed the same to be so necessary, convenient, appropriate, desirable or advisable; and that all such actions, executions, deliveries, filings and payments taken or made at any time in connection with the transactions contemplated by the foregoing Resolutions hereby are approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Companies, respectively, as if specifically set out in these Resolutions;

RESOLVED, that the Authorizing Bodies hereby adopt and incorporate by reference any form of specific resolution to carry into effect the intent and purpose of the foregoing Resolutions, or to cover authority included in matters authorized in the foregoing Resolutions, including forms of resolutions in connection therewith that may be required by any state, other jurisdiction or other institution, person or agency, and a copy of these Resolutions shall be filed with the records of the meetings of the Authorizing Bodies and certified as duly adopted thereby;

RESOLVED, that the Authorizing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice;

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by the Resolutions of the Authorizing Bodies;

RESOLVED, that (a) this Consent may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) this Consent may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument and (c) facsimile and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on the Authorizing Bodies and the Companies; and

RESOLVED, that this Consent shall become effective as of the date first set forth above upon each Company's receipt of the executed counterpart signature pages from the respective members of each Authorizing Body.

The actions taken by this Consent shall have the same force and effect as if taken at a special meeting of each Authorizing Body, duly called and constituted, pursuant to the applicable laws of the jurisdiction in which each Company is organized.

[SIGNATURE PAGES FOLLOW]

## Schedule I

American Signature, Inc.

American Signature Home Inc.

American Signature USA Inc.

ASI Pure Promise Insurance LLC

ASI Elston LLC

ASI – LaPorte LLC

ASI POLARIS LLC

ASI Thomasville LLC

American Signature Woodbridge LLC

IN WITNESS WHEREOF, the undersigned, being all of the members of the Conflicts Committee of American Signature, Inc. have executed this Action by Unanimous Written Consent (the "**Action**") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**CONFLICTS COMMITTEE OF AMERICAN SIGNATURE, INC.**

SOLE MEMBER:

D89351A0922C47B...

Adam Zalev

*[SIGNATURE PAGE OF MEMBERS OF CONFLICTS COMMITTEE*

*OF AMERICAN SIGNATURE, INC.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Managers of ASI Elston LLC have executed this Action by Unanimous Written Consent (the "**Action**") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**ASI ELSTON LLC**

MANAGERS:

Patrick J. Sanderson
171FD59C87244BD...

_____
Patrick J. Sanderson

_____
Tod H. Friedman

_____
Eric M. Jackson

*[SIGNATURE PAGE OF MANAGERS OF ASI ELSTON LLC]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Managers of ASI Elston LLC have executed this Action by Unanimous Written Consent (the "**Action**") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**ASI ELSTON LLC**

MANAGERS:

_____
Patrick J. Sanderson

_Tod H. Friedman_ _____
Tod H. Friedman

_____
Eric M. Jackson

*[SIGNATURE PAGE OF MANAGERS OF ASI ELSTON LLC]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Managers of ASI Thomasville LLC have executed this Action by Unanimous Written Consent (the "**Action**") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**ASI THOMASVILLE LLC**

MANAGERS:

*Patrick J. Sanderson*
——17FD59C87244BD...——
Patrick J. Sanderson

_____
Tod H. Friedman

_____
Eric M. Jackson

*[SIGNATURE PAGE OF MANAGERS OF ASI THOMASVILLE LLC]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Managers of ASI Thomasville LLC have executed this Action by Unanimous Written Consent (the "**Action**") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**ASI THOMASVILLE LLC**

MANAGERS:

_____

Patrick J. Sanderson

DocuSigned by:

*Tod H. Friedman*

_____
323D615B54F24AD...

Tod H. Friedman

Signed by:

_____
D68E00A0FE234C8...

Eric M. Jackson

*[SIGNATURE PAGE OF MANAGERS OF ASI THOMASVILLE LLC]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of American Signature, Inc. have executed this Action by Unanimous Written Consent (the "**Action**") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**AMERICAN SIGNATURE, INC.**

DIRECTORS:

Eric M. Jackson

Jeffrey D. Swanson

Tod H. Friedman

Adam Zalev

*[SIGNATURE PAGE OF THE BOARD OF DIRECTORS OF AMERICAN SIGNATURE, INC.]*

IN WITNESS WHEREOF, the undersigned has executed this Written Consent of the Sole Member as of the date first written above.

**SOLE MEMBER:**

AMERICAN SIGNATURE, INC.

By: _____
Name: Rudolph Morando
Title: Co-Chief Restructuring Officer

By: _____
Name: Stephen Coulombe
Title: Co-Chief Restructuring Officer

*[SIGNATURE PAGE OF THE SOLE MEMBER OF ASI PURE PROMISE INSURANCE LLC, ASI – LAPORTE LLC, AND AMERICAN SIGNATURE WOODBRIDGE LLC]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of American Signature Home Inc. have executed this Action by Unanimous Written Consent (the "**Action**") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**AMERICAN SIGNATURE HOME INC.**

DIRECTORS:

Jeffrey D. Swanson

Tod H. Friedman

Benton L. Kraner

*[SIGNATURE PAGE OF THE BOARD OF DIRECTORS OF AMERICAN SIGNATURE HOME INC.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of American Signature USA Inc. have executed this Action by Unanimous Written Consent (the "**Action**") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**AMERICAN SIGNATURE USA INC.**

DIRECTORS:

Signed by:

Steven D. Rabe
85670310AE464E4...
Steven D. Rabe

DocuSigned by:

Tod H. Friedman
323D615B54F24AD...
Tod H. Friedman

Signed by:

D68E00A0FE234C8...
Eric M. Jackson

*[SIGNATURE PAGE OF THE BOARD OF DIRECTORS OF AMERICAN SIGNATURE USA INC.]*

IN WITNESS WHEREOF, the undersigned, being the sole member of the Board of Managers of ASI POLARIS LLC, has executed this Action by Unanimous Written Consent (the "**Action**") effective as of the date set forth above.

**ASI POLARIS LLC**

MANAGER:

Signed by:

D68E00A0FE234C8...

Eric M. Jackson

*[SIGNATURE PAGE OF THE BOARD OF MANAGERS OF ASI POLARIS LLC]*

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name    American Signature, Inc.

United States Bankruptcy Court for the District of Delaware

(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis)    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. MAN WAH MCO EDF COMERCIAL I TAK 12 ANDAR D RUA DE PEQUIM NO 126 MACAU | CHRIS@MANWAHGROUP.COM Tel. 86-755-28630880-8011 Fax 86-755-28631137 | Trade Debt | | | | $14,569,745 .00 |
| 2. TARGETCAST LLC ASSEMBLY ONE WORLD TRADE CENTER, 67TH FL NEW YORK, NY, 10007 | AR-ASM@ASSEMBLYGLOBAL.COM Tel. 727-236-7053 | Trade Debt | | | | $12,556,980.00 |
| 3. H317 LOGISTICS LLC 9019 SOMERSET BAY SUITE 402 VERO BEACH, FL, 32963 | BRENDA.DLYNN@GMAIL.COM Tel. 403-307-1621 | Trade Debt | | | | $4,975,800.00 |
| 4. RIVERSIDE FURNITURE CORP 7501 JENNY LIND RD FORT SMITH, AR, 72908 | SMORA@RIVERSIDE-FURNITURE.COM Tel. 479-785-8232 | Trade Debt | | | | $3,992,020.00 |
| 5. DICKSON FURNITURE INTERNATIONAL DBA AVALON FURNITURE LLC 7015 GRAND BLVD HOUSTON, TX, 77054 | MWELLS@AVALONFURNITURE.COM Tel. 281-501-3477 | Trade Debt | | | | $3,912,148.00 |
| 6. HOLLAND HOUSE 9420 EAST 33RD ST INDIANAPOLIS, IN, 46235 | KEVIN.VANMETER@HOLLANDHOUSEFURNITURE.COM Tel. 317-895-4300 Fax 317-895-4315 | Trade Debt | | | | $3,160,633.00 |
| 7. NAJARIAN FURNITURE CO INC 17560 E ROWLAND ST INDUSTRY, CA, 91748 | GN@NAJARIANFURNITURE.COM Tel. 626-839-8700 Fax 626-839-8707 | Trade Debt | | | | $3,004,962.00 |

4937-9470-2203.1 03721.00001

Debtor __American Signature, Inc._____     Case number (if known)_____
            Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8. MAGNUSSEN HOME FURNISHINGS INC PO BOX 8527 MORENO VALLEY, CA, 92552 | CREDITINFO@MAGNUSSEN. COM Tel. 519-662-3040 Fax 519-662-3733 | Trade Debt | | | | $2,965,709.00 |
| 9. HAPPY FURNITURE (VIETNAM) CO LTD NO 5, HUU NGHI AVE VSIP THING PHONG COMMUNE SON TINH DISTRICT QUANG NGAI PROVINCE | HAPPYFURNITURE@OUNOYA.COM Tel. 86-137-5834-7955 | Trade Debt | | | | $2,306,706.00 |
| 10. EVEREST TECHNOLOGIES INC 1105 SCHROCK ROAD SUITE #500 COLUMBUS, OH, 43229 | AR@EVERESTTECH.COM Tel. 614-436-3120-296 Fax 614-436-3130 | Trade Debt | | | | $2,135,777.00 |
| 11. LFN LIMITED 3908 TWO EXCHANGE SQUARE 8 CONNAUGHT PLACE CENTRAL, HONG KONG | KIMG@LIFESTYLE-US.COM Tel. 336-882-7900 Fax 336-882-4910 | Trade Debt | | | | $2,045,758.00 |
| 12. SEALY MATTRESS MANUFACTURING ONE OFFICE PARKWAY TRINITY, NC, 27370 | SEALYAR@TEMPURSEALY.COM Tel. 336-861-3506 | Trade Debt | | | | $2,016,175.00 |
| 13. US TRANSPORT INC DBA UST LOGISTICAL SYSTEMS 103 N MAIN STREET SUITE 300 GREENVILLE, SC, 29601 | ACCOUNTSRECEIVABLE@USTE3.COM Tel. 704-815-4010 | Trade Debt | | | | $1,917,111.00 |
| 14. MEDITERRANEAN SHIPPING COMPANY INC 330 EAST MAIN ST, SUITE 1180 NORFOLK, VA, 23510 | Tel. 757-625-0132 Fax 757-625-1631 | Trade Debt | | | | $1,655,777.00 |
| 15. MANHATTAN ASSOCIATES INC 2300 WINDY RIDGE PARKWAY SUITE 1000 ATLANTA, GA, 30339 | AR@MANH.COM | Trade Debt | | | | $1,611,324.00 |
| 16. TEMPUR-PEDIC NORTH AMERICA LLC 1000 TEMPUR WAY LEXINGTON, KY, 40511 | ACCTS.RECEIVABLE@TEMPURPEDIC.COM Tel. 336-861-3506 | Trade Debt | | | | $1,601,364.00 |
| 17. STEVE SILVER COMPANY 1000 FM 548 NORTH FORNEY, TX, 75126 | AR@STEVESILVER.COM Tel. 888-400-8113 Fax 888-774-5837 | Trade Debt | | | | $1,586,773.00 |
| 18. CT MATTRESS BROTHER CO LTD 7/788 MOO6 T MAPYANGPORN A PLUAK DAENG, RAYONG 21140 | STACEY@HAILIFURNITURE.COM Tel. 86-13515736447 | Trade Debt | | | | $1,248,015.00 |

Official Form 204      **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims (on a consolidated basis)**      page 3

4937-9470-2203.1 03721.00001

Debtor    American Signature, Inc.
_____
                Name                                                                 Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19. MELLOW RIVER INC DBA HH2HOME 26245 W MAIN STREET WEST POINT, MS, 39773 | MISSI@HH2HOME.COM Tel. 502-810-2452 | Trade Debt | | | | $1,245,948.00 |
| 20. PALMETTO HOME LLC 1008 HUTTON LANE, SUITE 101 HIGH POINT, NC, 27262 | KERRY@PALMETTOHOME.COM Tel. 336-822-2780 | Trade Debt | | | | $1,214,786.00 |
| 21. KUKA (HK) TRADE CO LIMITED ROOM 06 13A/F SOUTH TOWER WORLD FINANCE CENTER HARBOUR CITY 17 CANTON RD TSK KL HONG KONG | FREYA@KUKAHOME.COM Tel. 852-2206-0092 Fax 852-3003-0133 | Trade Debt | | | | $1,210,036.00 |
| 22. RAPID RESPONSE INC 155 ENTERPRISE DR WENTZVILLE, MO, 63385 | AR@RAPIDRESPONSESTL.COM Tel. 636-875-5038 | Trade Debt | | | | $1,202,867.00 |
| 23. SHERWOOD SOUTHEAST LLC 3670 8TH STREET, SUITE 300 ORLANDO, FL, 32827 | CVIERA@SHERWOODBED.COM Tel. 251-810-5465 | Trade Debt | | | | $1,194,227.00 |
| 24. ASHLEY HOLDINGS FL, INC ONE ASHLEY WAY ARCADIA, WI, 54612 | KDRAZKOWSKI@ASHLEYFURNITURE.COM Tel. 608-323-1859 Fax 608-323-6169 | Trade Debt | | | | $1,170,494.00 |
| 25. INTERCON INC 635 NORTH BILLY MITCHELL ROAD SUITE B SALT LAKE CITY, UT, 84116 | TVADNAIS@INTERCON1.COM Tel. 801-364-2504 Fax 801-289-2722 | Trade Debt | | | | $1,142,267.00 |
| 26. IDEAITALIA CONTEMPORARY FURNITURE CORP 1902 EMMANUEL CHURCH RD CONOVER, NC, 28613 | ACCOUNTS PAYABLE AP@IDEAITALIAUSA.COM | Trade Debt | | | | $1,104,998.00 |
| 27. KYNDRYL INC ONE VANDERBILT AVENUE 15TH FLOOR NEW YORK, NY, 10017 | Tel. 52-855-216-2156-6021 | Trade Debt | | | | $994,452.00 |
| 28. VOGUE HOME, LLC 1020 N GLOSTER ST #147 TUPELO, MS, 38804 | LISAW.VHF@GMAIL.COM Tel. 662-841-1929 Fax 844-901-1980 | Trade Debt | | | | $895,480.00 |

4937-9470-2203.1 03721.00001

Debtor   American Signature, Inc.
         <sub>Name</sub>                                                Case number <sub>(if known)</sub>_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29. HOME MERIDIAN GROUP LLC 2485 PENNY ROAD HIGH POINT, NC, 27265 | BSPENCER@HOMEMERIDIAN.COM Tel. 336-819-7246 Fax 336-819-7646 | Trade Debt | | | | $809,945.00 |
| 30. ZIM INTEGRATED SHIPPING SERVICES LTD 9 ANDREI SAKHAROV ST MATEN HAIFA, 31016 ISRAEL | US.CASHIER@ZIM.COM Tel. 757 228-1300 | Trade Debt | | | | $802,399.00 |

4937-9470-2203.1 03721.00001

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| American Signature, Inc., | Case No. 25-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☐ None [*check if applicable*]

Name:        Schottenstein Stores Corporation
Address:     1800 Moler Road
             Columbus, OH 43207

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| American Signature, Inc., | Case No. 25-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Schottenstein Stores Corporation | 1800 Moler Road Columbus, OH 43207 | 100% |

4937-9470-2203.1 03721.00001

**Fill in this information to identify the case:**

Debtor name __American Signature, Inc.__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | Declaration and signature |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration    **Equity Holder List, Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __November 22, 2025__        X **/s/ Rudy Morando**
                                             Signature of individual signing on behalf of debtor

                                             **Rudy Morando**
                                             Printed name

                                             **Chief Restructuring Officer**
                                             Position or relationship to debtor