**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AMERICAN SIGNATURE, INC., | ) ) | Case No. 25-12105 (___) |
| Debtor. | ) ) ) | |
| Tax I.D. 42-1546162 | ) ) | |
| In re: | ) ) | Chapter 11 |
| AMERICAN SIGNATURE HOME INC., | ) ) | Case No. 25-12102 (___) |
| Debtor. | ) ) ) | |
| Tax I.D. 41-2048573 | ) ) | |
| In re: | ) ) | Chapter 11 |
| AMERICAN SIGNATURE USA INC., | ) ) | Case No. 25-12103 (___) |
| Debtor. | ) ) ) | |
| Tax I.D. 42-1546162 | ) ) | |
| In re: | ) ) | Chapter 11 |
| ASI PURE PROMISE INSURANCE LLC, | ) ) | Case No. 25-12108 (___) |
| Debtor. | ) ) ) | |
| Tax I.D. 42-1546162 | ) ) | |
| In re: | ) ) | Chapter 11 |
| ASI ELSTON LLC, | ) ) | Case No. 25-12100 (___) |
| Debtor. | ) ) ) | |
| Tax I.D. 81-1567520 | ) | |

| | |
|---|---|
| In re:<br><br>ASI - LAPORTE LLC,<br><br>        Debtor.<br><br>Tax I.D. 42-1546162 | Chapter 11<br><br>Case No. 25-12106 (___) |
| In re:<br><br>ASI POLARIS LLC,<br><br>        Debtor.<br><br>Tax I.D. 42-1546162 | Chapter 11<br><br>Case No. 25-12107 (___) |
| In re:<br><br>ASI THOMASVILLE LLC,<br><br>        Debtor.<br><br>Tax I.D. 42-1546162 | Chapter 11<br><br>Case No. 25-12101 (___) |
| In re:<br><br>AMERICAN SIGNATURE WOODBRIDGE LLC,<br><br>        Debtor.<br><br>Tax I.D. 42-1546162 | Chapter 11<br><br>Case No. 25-12104 (___) |

**MOTION OF DEBTORS FOR ENTRY OF
AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):[1]

---

[1] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Rudolph Morando in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), filed contemporaneously

**Relief Requested**

1.  The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. The Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of American Signature, Inc. and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | ) ) ) | Case No. 25-12105 (___) |
| Debtors. | ) ) ) | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI - Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' address is 4300 E. 5th Avenue, Columbus, OH 43219.

2.  The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code (as defined below) and rules 1005 and 2002(o) of the Bankruptcy Rules (as defined below).

3.  The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than American Signature, Inc. to reflect the joint administration of these chapter 11 cases:

---

herewith. Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration.

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: American Signature, Inc., Case No. 25-12105 (___); American Signature Home Inc., Case No. 25-12102 (___); American Signature USA Inc., Case No. 25-12103 (___); ASI Pure Promise Insurance LLC, Case No. 25-12108 (___); ASI Elston LLC, Case No. 25-12100 (___); ASI - LaPorte LLC, Case No. 25-12106 (___); ASI POLARIS LLC, Case No. 25-12107 (___); ASI Thomasville LLC, Case No. 25-12101 (___); and American Signature Woodbridge LLC, Case No. 25-12101 (___). The docket in Case No. 25-12105 (___) should be consulted for all matters affecting this case. All further pleadings and other papers shall be filed in and all further docket entries shall be made in the docket of American Signature, Inc., Case No. 25-12105 (___).

### Jurisdiction and Venue

4. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, within the meaning of Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1001, 1015(b), and 2002(o)

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1 and 9013-1.

## Background

7. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

8. Debtor American Signature, Inc., together with its subsidiaries ("ASI" or the "Company") is a residential furniture company operating across its Value City Furniture ("VCF") and American Signature Furniture ("ASF") brands and serving as a furniture destination consumers can rely on for style, quality, and value. Headquartered in Columbus, Ohio, the Company operates more than 120 stores across 17 states, with the largest concentrations in Ohio (20), Michigan (16), and Illinois (11). The Company employs approximately 3,000 team members.

## Basis for Relief

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[t]he court may order joint administration of the estates . . . in two or more cases pending in the same court if they are brought by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b)(1)(D). The Debtor entities that have commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties. A joint administration order entered under this Local Rule (i) is procedural only and does not substantively consolidate the debtors' estates and (ii) may be reconsidered on motion of a party in interest at any time.

Del. Bankr. L.R. 1015-1.

11. Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Claire's Holdings LLC*, No. 25-11454 (BLS) (Bankr. D. Del. Aug. 7, 2025) (directing joint administration of chapter 11 cases); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. June 17, 2025) (same); *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. June 12, 2025) (same); *In re Liberated Brands, LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 4, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Jan. 16, 2025) (same).[2]

12. Joint administration of these chapter 11 cases is further supported by the requirement that the Bankruptcy Rules—including Bankruptcy Rule 1015(b)—"be construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every case and proceeding." Bankruptcy Rule 1001.

13. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many, if not all, of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce

---

[2] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

fees and costs by avoiding duplicative filings and objections or multiple hearings on common issues. Joint administration will also allow the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies. This Motion seeks only procedural, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested but rather will benefit from the (a) associated cost reductions and (b) ease of reference to one main case docket throughout the chapter 11 cases.

15.     In addition, the Debtors submit that use of the simplified caption, without reference to the Debtors' full tax identification numbers, addresses, and previous names, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions for the respective Debtors, and such petitions are publicly available and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.[3]

16.     Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

---

[3]  *See* 11 U.S.C. § 342(c)(1) (setting forth the information to be included in a notice required to be given by a debtor to a creditor); Fed. R. Bankr. P. 1005 (setting forth the requirements for the caption of a petition commencing a case under the Bankruptcy Code); Fed. R. Bankr. P. 2002(n) (providing that the caption of a notice under Bankruptcy Rule 2002 must comply with Bankruptcy Rule 1005, and providing that the caption of a notice required to be given by a debtor to a creditor must include the information set forth in section 342(c) of the Bankruptcy Code).

**Notice**

17. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) counsel to the DIP Agent and the Prepetition ABL Agent; (h) counsel to the Prepetition Term Agent; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

**No Prior Request**

18. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated:  November 22, 2025          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:   302-652-4400
Email:  ljones@pszjlaw.com
            dbertenthal@pszjlaw.com

*Proposed Counsel for the
Debtors and Debtors in Possession*