IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | ) Case No. 25-12105 (JKS) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) **Ref. Docket No. 13** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN INSURANCE, SURETY COVERAGE, AND LETTERS OF CREDIT ENTERED INTO PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO,(B) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE POLICIES, SURETY BONDS, AND LETTERS OF CREDIT, (C) CONTINUE TO PAY BROKER FEES, AND (D) HONOR AND RENEW THEIR PREMIUM FINANCING AGREEMENTS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order (this "Interim Order"): (a) authorizing, but not directing, the Debtors to (i) maintain coverage under the Insurance Policies, Surety Bonds, and Letters of Credit and pay any related obligations with respect thereto, (ii) renew, amend, supplement, extend, or purchase insurance, surety coverage, and letters of credit, in the ordinary course of business and consistent with prepetition practice, (iii) continue to pay certain broker fees, and (iv) honor and renew their Premium Financing Agreements entered into prepetition, satisfy obligations related thereto, and enter into premium financing agreements in the ordinary course of business and consistent with prepetition practice on a postpetition basis; (b) scheduling a final hearing to consider approval of the Motion on a final basis; and (c) granting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3. The final hearing (the "Final Hearing") on the Motion shall be held on January 5, 2026 at 1:00 p.m. (prevailing Eastern Time). Any objections or responses to entry of a

final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time), on December 29, 2025, and shall be served on: (a) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com); (b) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Malcolm M. Bates (Malcolm.M.Bates@usdoj.gov); (c) counsel to any statutory committee appointed in these chapter 11 cases; (d) counsel to the DIP Agent and Prepetition ABL Agent, (i) Choate, Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn: John F. Ventola (jventola@choate.com), Jonathan D. Marshall (jmarshall@choate.com), and Lucas B. Barrett (lbarrett@choate.com), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Daniel J. DeFranceschi (defranceschi@RLF.com), John H. Knight (Knight@RLF.com), and Matthew P. Milana (Milana@RLF.com); and (e) counsel to the Prepetition Term Agent, Goldberg Kohn, 55 East Monroe Street, Chicago, Illinois 60603-5792, Attn: Randall L. Klein (randall.klein@goldbergkohn.com) and Zachary J. Garrett (zachary.garrett@goldbergkohn.com).

4. The Debtors are authorized, but not directed, to: (a) continue and maintain the Insurance Policies, Surety Bonds, and Letters of Credit, and pay any related prepetition or postpetition amounts or obligations in the ordinary course of business and consistent with prepetition practice, including any amounts or obligations that may be owed to the Brokers or the Premium Financers; *provided* that such payments shall not exceed $250,000 in the aggregate pending entry of the Final Order; and (b) renew, amend, supplement, extend, enter into, or purchase insurance policies, premium financing agreements, surety bonds, and letters of credit, in each case, to the extent that such action is in the ordinary course of business.

5. The Debtors are authorized, but not directed, to continue to honor the terms of the Premium Financing Agreements and pay Insurance Premiums thereunder and to enter into, renew, amend, supplement, or extend premium financing agreements as necessary, to the extent that such actions are in the ordinary course of business.

6. The Debtors are authorized, but not directed, to pay any prepetition obligations on account of the Deductibles or the SIRs.  The Debtors are authorized, but not directed, to pay any postpetition obligations on account of the Deductibles or the SIRs to the extent such action is in the ordinary course of business

7. To the extent that any Insurance Policies or Surety Bonds or any related obligation, contract, or agreement are deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Interim Order nor any payments made in accordance with this Interim Order shall constitute the postpetition assumption of any such Insurance Policies or Surety Bonds or any related obligation, contract, or agreement pursuant to section 365 of the Bankruptcy Code.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

9. Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be:  (a) an admission, concession, or

waiver of rights of the Debtors or any party in interest as to the amount of, basis for, validity, priority, enforceability, or perfection of any claim against, lien on (contractual, common law, statutory, or otherwise), security interest in, or other encumbrance on property of the Debtors' estates; (b) a promise or requirement to pay any particular claim; (c) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Interim Order; (d) a request, approval, assumption, adoption, rejection, or, termination of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (e) a waiver or limitation of the Debtors or any other party in interest of the right to dispute any claim on any grounds; (f) a waiver or limitation of the Debtors or any person or entity of any claims, causes of action, or other rights, under the Bankruptcy Code or any other applicable law; or (g) a waiver of the obligation of any party in interest to file a proof of claim. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights subsequently to dispute such claim.

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts authorized to be paid under this Interim Order in connection with the relief granted herein.

11. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: November 25th, 2025**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

4914-0003-0075.7 03721.00001               6