IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | ) ) ) | Case No. 25-12105 (JKS) |
| Debtors. | ) ) ) | (Joint Administration Requested) **Ref. Docket No. 15** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO HONOR, MAINTAIN, AND ADMINISTER THE CUSTOMER PROGRAMS AND RELATED PREPETITION BUSINESS PRACTICES, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing, but not directing, the Debtors, in their sole discretion, to (i) fulfill and honor (through payment, credit, setoff, or otherwise) the Customer Obligations as they deem appropriate, and (ii) continue, renew, replace, terminate, and implement Customer Programs and any other customer practices as they deem appropriate, without further application to the Court; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4908-8197-0811.12 03721.00001

Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3. The final hearing (the "Final Hearing") on the Motion shall be held on January 5, 2026 at 1:00 p.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time), on December 29, 2025, and shall be served on: (a) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com); (b) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Malcolm M. Bates (Malcolm.M.Bates@usdoj.gov); (c) counsel to any statutory committee appointed in these

chapter 11 cases; (d) counsel to the DIP Agent and Prepetition ABL Agent, (i) Choate, Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn: John F. Ventola (jventola@choate.com), Jonathan D. Marshall (jmarshall@choate.com), and Lucas B. Barrett (lbarrett@choate.com), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Daniel J. DeFranceschi (defranceschi@RLF.com), John H. Knight (Knight@RLF.com), and Matthew P. Milana (Milana@RLF.com); and (e) counsel to the Prepetition Term Agent, Goldberg Kohn, 55 East Monroe Street, Chicago, Illinois 60603-5792, Attn: Randall L. Klein (randall.klein@goldbergkohn.com) and Zachary J. Garrett (zachary.garrett@goldbergkohn.com).and Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Stanley B. Tarr (stanley.tarr@blankrome.com).

4. The Debtors are authorized, but not directed, in their sole discretion and in consultation with the DIP Agent, to: (a) continue to administer all Customer Programs currently in effect as described in the Motion; (b) modify or supplement the Customer Programs in the ordinary course of business; and (c) honor any obligations related to the Customer Programs, whether incurred prepetition or postpetition, as they come due in the ordinary course of business on an interim basis; *provided, however*, that payments on account of prepetition obligations related to any individual Customer Program shall not exceed $50,000 pursuant to this Interim Order without further order of this Court. For the avoidance of doubt, the authority granted in this Interim Order includes authority to amend the Pure Promise Program to eliminate the merchandise credit described in the Motion, together with other changes that may be appropriate under the circumstances.

5. The Debtors shall, not later than three business days following the entry of this Interim Order, provide conspicuous signage at each of their stores, of the following: (a) at stores where going out of business sales have commenced, that the Debtors are conducting going out of business sales; (b) the date by which gift cards and merchandise credits shall cease to be honored at that store; (c) any plan to terminate or materially modify any Customer Programs, and the date by which such termination or material modification shall take place; and (d) the last day that returns or exchanges of merchandise can be made at that store. No later than three business days following the entry of this Interim Order, the Debtors shall also provide conspicuous notice of the information set forth in (a) through (c) of this paragraph on their website, in the top half of the home page, in bold face and in a font not smaller than 12 point, and shall also include the date by which gift cards and merchandise credits shall cease to be honored on the website, and the last day on which returns or exchanges of merchandise purchased from the website will be honored.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

7. Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be: (a) an admission, concession, or waiver of rights of the Debtors or any party in interest as to the amount of, basis for, validity, priority, enforceability, or perfection of any claim against, lien on (contractual, common law,

statutory, or otherwise), security interest in, or other encumbrance on property of the Debtors' estates; (b) a promise or requirement to pay any particular claim; (c) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Interim Order; (d) a request, approval, assumption, adoption, rejection, or, termination of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (e) a waiver or limitation of the Debtors or any other party in interest of the right to dispute any claim on any grounds; (f) a waiver or limitation of the Debtors or any person or entity of any claims, causes of action, or other rights, under the Bankruptcy Code or any other applicable law; or (g) a waiver of the obligation of any party in interest to file a proof of claim. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights subsequently to dispute such claim.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: November 25th, 2025**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

4908-8197-0811.12 03721.00001