**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | Case No. 25-12105 (JKS) |
| AMERICAN SIGNATURE, INC. *et al.*,[1] ) | (Jointly Administered) |
| ) | |
| Debtors. ) | **Re: Docket No. 108** |
| ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS TO MOTION OF THE DEBTORS FOR ENTRY OF ORDERS (I)(A) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) AUTHORIZING THE DEBTORS TO ENTER INTO (I) STALKING HORSE ASSET PURCHASE AGREEMENT AND (II) STALKING HORSE AGENCY AGREEMENT AND TO PROVIDE BID PROTECTIONS THEREUNDER, (C) SCHEDULING AN AUCTION AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (E) SCHEDULING A SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (II)(A) APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) GRANTING RELATED RELIEF**

Utica Park Place Owner, LLC ("Utica") and Canton Corners Shopping Center, L.L.C. ("Canton", and collectively with Utica the "Landlords"), file this *Limited Objection and Reservation of Rights to Motion of the Debtors for Entry of Orders (I)(A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter into (I) Stalking Horse Asset Purchase Agreement and (II) Stalking Horse Agency Agreement and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

1

*Approving the Sale of Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Granting Related Relief* [Dkt. No. 108] (the "Motion") filed by American Signature, Inc. and its debtor affiliates (collectively, the "Debtors"), respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On November 22, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). The Debtors have remained in possession of their assets and continue to manage their financial affairs, including the Leased Locations (as defined below), pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Debtors lease retail space for the operation of their business from the Landlords pursuant to unexpired non-residential lease agreements of real property (individually, a "Lease", and collectively, the "Leases"). Utica is the landlord for the Debtors' premises in Utica, Michigan (the "Utica Location"). Canton is the landlord for the Debtors' premises in Canton, Michigan (the "Canton Location", collectively with the Utica Location, the "Leased Locations").

4. The Leased Locations are leases of real property in a shopping center under section 365(b)(3) of the Bankruptcy Code. *In re Joshua Slocum, Ltd.*, 922 F2d 1081, 1086-87 (3d Cir. 1990).

5. As of the date of filing of this Limited Objection, the Debtors have outstanding pre- and post-petition balances for the Leased Locations. Additionally, the Debtors continue to accrue

certain obligations, including but not limited to real estate property taxes, that have not yet been billed pursuant to the terms of the Leases.

6. Counsel for the Landlords has contacted the Debtors' counsel to amicably resolve Landlords' concerns but has not received a response as of the filing of this Limited Objection. Landlords are amiable to working with the Debtors' counsel to resolve this Limited Objection.

## **LIMITED OBJECTION TO MOTION**

7. Landlords do not object to the Debtors' request to outline procedures that will govern a potential sale either to a stalking horse bidder or third-party and control the assumption/assumption and assignment process, but Landlords do object to the Motion, and reserve all rights to object to an assumption or assumption and assignment of the Leases, to the extent that it seeks to circumvent the requirements of section 365 of the Bankruptcy Code and the terms of the Leases. The Debtors must strictly comply with the Bankruptcy Code—including but not limited to curing all outstanding obligations including accrued but unbilled amounts, providing adequate assurance of future performance and satisfying operating easement agreements associated with the Leased Premises—and any attempt to avoid these requirements in the relief sought with the Motion must be denied by this Court. Accordingly, Landlord objects to approval of the Motion to the extent that it seeks to prematurely limit the Landlords ability to object to assumption or assumption and assignment on any ground, at the appropriate time.

## **RESERVATION OF RIGHTS**

8. This Limited Objection is not intended to be, and should not be construed as, a waiver by the Landlords of any of their rights under the Leases, the Bankruptcy Code, or applicable law. The Landlords reserve the right to amend, modify or supplement this Limited Objection,

including asserting any further objections as it deems necessary or appropriate as it relates to the Leases including objecting to the potential sale.

## JOINDER

9. Landlords join in any objection filed by other lease counterparties to the Motion to the extent such objections are consistent with the issues raised herein.

## CONCLUSION

The Landlords object to the Motion to the extent that is seeks to prematurely impact the Landlords' ability to object to the assumption or assumption and assignment of the Leases. Any attempt to circumvent the Bankruptcy Code cannot be approved by the Court, and Landlords reserve all rights related to any assumption or assumption and assignment of the Leases.

Dated: December 5, 2025

Respectfully submitted,

**CLARK HILL PLC**
/s/ *Karen Grivner*
Karen M. Grivner (Bar No. 4372)
824 N. Market Street, Suite 710
Wilmington, Delaware 19801
Telephone: (302) 250-4750
Facsimile: (302) 421-9439
kgrivner@clarkhill.com

-and-

Audrey L. Hornisher (TX Bar No. 24094369)
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330
ahornisher@clarkhill.com

-and-

Kenny Chiaghana
130 E. Randolph St., Suite 3900
Chicago, Illinois 60601
Telephone: (312) 985-5900
Facsimile: (312) 985-5999
kchiaghana@clarkhill.com

*Counsel for Utica Park Place Owner, LLC and Canton Corners Shopping Center, L.L.C.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served upon all parties that are registered to receive electronic notices via the electronic notification pursuant to the ECF procedures in this District, and on the parties on the attached service list via email on this 5th day of December 2025.

                                                  /s/ *Karen Grivner*
                                                  Karen Grivner

**SERVICE LIST**

| | |
|---|---|
| Laura Davis Jones<br>David M. Bertenthal<br>Pachulski Stang Ziehl & Jones LLP<br>919 N. Market St., 17th Floor<br>Wilmington, DE 19899<br>ljones@pszjlaw.com<br>dbertenthal@pszjlaw.com<br>*Proposed Debtors' Counsel* | Kizzy L. Jarashow<br>Stacy Dasaro<br>Goodwin Proctor LLP<br>620 Eighth Avenue<br>New York, NY 10018<br>kjarashow@goodwinlaw.com<br>sdasaro@goodwinlaw.com<br>*Proposed Co-counsel to the Conflict Committee* |
| L. Katherine Good<br>Potter Anderson & Corroon LLP<br>1313 N. Market St., 6th Floor<br>Wilmington, DE 19801<br>kgood@potteranderson.com<br>*Proposed Co-counsel to the Conflict Committee* | John F. Ventola<br>Jonathan D. Marshall<br>Lucas B. Barrett<br>Choate, Hall & Stewart LLP<br>Two International Place<br>Boston, MA 02110<br>jventola@choate.com<br>jmarshall@choate.com<br>lbarrett@choate.com<br>*Co-counsel to the DIP Agent and Prepetition ABL Agent* |
| Daniel J. DeFranceschi<br>John H. Knight<br>Matthew P. Milana<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>defranceschi@rlf.com<br>knight@rlf.com<br>milana@rlf.com<br>*Co-counsel to the DIP Agent and Prepetition ABL Agent* | Randall L. Klein<br>Zachary J. Garrett<br>Goldberg Kohn<br>55 E. Monroe Street<br>Chicago, IL 60603<br>randall.klein@goldbergkohn.com<br>zachary.garrett@goldbergkohn.com<br>*Co-counsel to the Prepetition Term Loan Agent* |

| | |
|---|---|
| Stanley B. Tarr | Malcolm M. Bates |
| Blank Rome LLP | Office of the United States Trustee |
| 1201 N. Market St., Suite 800 | 844 King Street, Suite 2207 |
| Wilmington, DE 19801 | Lockbox 35 |
| stanley.tarr@blankrome.com | Wilmington, DE 19801 |
| *Co-counsel to the Prepetition Term Loan Agent* | malcolm.m.bates@usdoj.gov |