IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| _____ ) | |
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN SIGNATURE, INC., *et al.*,) | Case No. 25-12105 (JKS) |
| ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Re:  Docket Nos. 9,75 & 177 |
| ) | |
| ) | Obj. Deadline: 12/29/25, 4:00 p.m. |
| ) | Hearing Date: 1/5/26, 1:00 p.m. |
| _____ ) | |

**JOINDER OF CERTAIN FIRSTENERGY OPERATING COMPANIES TO
THE OBJECTION OF CERTAIN UTILITY COMPANIES TO THE
MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE
UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING,
REFUSING, OR DISCONTINUING SERVICES, (III) APPROVING
DEBTORS'PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE
REQUESTS, AND (IV) GRANTING RELATED RELIEF**

Pennsylvania Power Company ("Penn Power"), Ohio Edison Company ("Ohio Edison"), Potomac Edison Company ("PE"), Monongahela Power Company ("Mon Power"), The Cleveland Electric Illuminating Company ("CEI") and Toledo Edison Company ("TE") (collectively, the "Joinder Utilities"), by counsel, hereby join in the *Objection of Certain Utility Companies To the Motion of Debtors For Entry of Interim and Final Orders (I) Determining Adequate Assurance of Payment For Future Utility Services, (II) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Services, (III) Approving Debtors' Proposed Procedures For Resolving Adequate Assurance*

*Requests, and (IV) Granting Related Relief* (the "Objection") Docket No. 177), and set forth the following:

### Introduction

1.    The Joinder Utilities adopt and incorporate by reference herein the *Introduction* section set forth in the Objection.

### Facts

2.    The Joinder Utilities adopt and incorporate by reference herein the *Facts* section set forth in the Objection.

### Facts Regarding the Utilities Section

3.    The Joinder Utilities adopt and incorporate by reference herein the *Facts Regarding the Utilities* section set forth in the Objection because the billing and payment terms set forth in that section are essentially the same as to the Joinder Utilities.

4.    In order to avoid the need to bring witnesses and have lengthy testimony regarding the Joinder Utilities' regulated billing cycles, the Joinder Utilities request that this Court, pursuant to Rule 201 of the Federal Rules of Evidence, take judicial notice of their billing cycles.  Pursuant to the foregoing request and based on the voluminous size of the applicable documents, the Joinder Utilities are providing the web site links to the following tariffs and/or state laws, regulations and/or ordinances:

Potomac Edison:
    Maryland –
https://www.firstenergycorp.com/content/customer/customer_choice/maryland/maryland_tariffs.html

CEI, TE and Ohio Edison:
https://www.firstenergycorp.com/content/customer/customer_choice/ohio_/ohio_tariffs.html

Penn Power:
https://www.firstenergycorp.com/content/customer/customer_choice/pennsylvania/pennsylvania_tariffs.html

Mon Power:
https://www.firstenergycorp.com/customer_choice/west_virginia/west_virginia_tariffs.html

     5.    Subject to a reservation of the Joinder Utilities' right to supplement their post-petition deposit requests if additional accounts belonging to the Debtors are subsequently identified, the Joinder Utilities' estimated prepetition debt and post-petition deposit requests are as follows:

| Utility | No. of Accts. | Est. Prepet. Debt | Dep. Request |
| --- | --- | --- | --- |
| Penn Power | 1 | $2,641.09 | $3,650 (2-month) |
| Ohio Edison | 3 | $13,336.89 | $9,066 (2-month) |
| PE | 1 | $6,625.82 | $13,578 (2-month) |
| Mon Power | 1 | $3,686.75 | $10,544 (2-month) |
| CEI | 5 | $42,091.74 | $16,534 (2-month) |
| TE | 3 | $13,766 | $20,818 (2-month) |

     6.    Penn Power held a prepetition cash deposit in the amount of $1,318.38 that it recouped against prepetition debt pursuant to Section 366(c)(4) of the Bankruptcy Code.  No prepetition deposit amount remains after recoupment.

     7.    Ohio Edison held a prepetition cash deposit in the amount of $2,057 that it recouped against prepetition debt pursuant to

Section 366(c)(4) of the Bankruptcy Code. No prepetition deposit amount remains after recoupment.

## Discussion

8.   The Joinder Utilities incorporate and adopt by reference the legal and factual arguments set forth in the Objection.

WHEREFORE, the Joinder Utilities respectfully request that this Court enter an order:

1.   Denying the Utility Motion as to the Joinder Utilities;

2.   Awarding the Joinder Utilities the post-petition adequate assurance of payment pursuant to Section 366 in the amounts and forms satisfactory to the Joinder Utilities;

3.   Require the Debtors to close accounts with the Joinder Utilities when they no longer require post-petition service from the Utility for that account or remain administratively responsible for such charges until they do close the account(s); and

4.   Providing such other and further relief as the Court deems just and appropriate.

Dated: December 11, 2025        WHITEFORD, TAYLOR & PRESTON LLC

/s/ *William F. Taylor, Jr.*
William F. Taylor, Jr. (#2936)
600 North King Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 353-4145
Facsimile: (302) 357-3270
E-mail: wtaylor@whitefordlaw.com

and

LAW FIRM OF RUSSELL R. JOHNSON III,PLC
Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone: (804) 749-8861
E-mail: russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com

*Counsel for Pennsylvania Power
Company, Ohio Edison Company, Potomac
Edison Company, Monongahela Power
Company, The Cleveland Electric
Illuminating Company and Toledo Edison
Company*