**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 18, 104, 170** |

**DEBTORS' REPLY IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTORS TO (A) ASSUME THE CONSULTING AGREEMENT, (B) CONDUCT STORE CLOSING SALES, WITH SUCH SALES TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, AND (C) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit this reply (the "Reply") in support of the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (A) Assume the Consulting Agreement, (B) Conduct Store Closing Sales, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, and (C) Granting Related Relief* [Docket No. 18] (the "GOB Motion")[2] and in response to the objection filed by the Office of the United States Trustee (the "UST") [Docket No. 170] (the "Objection"). No other objections have been timely filed to the GOB Motion. The Court entered an interim order granting the GOB Motion on November 26, 2025 [Docket No. 104] (the "Interim GOB Order"). In response to the Objection and in further support of the GOB Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the GOB Motion.

4896-6217-7664.6 03721.00001

**Preliminary Statement**

1. Prior to the Petition Date, the Debtors, facing an untenable financial situation, retained SB360 Capital Partners, LLC (the "Consultant") to assist them in liquidating inventory at five of their stores, and executed a Consulting Agreement with the Consultant. Subsequently, and also prior to the Petition Date, the Debtors (acting with the assistance of their independent co-chief restructuring officer, Rudolph Morando) and the Consultant increased the number of liquidating stores from five to thirty-three stores, executing the First Amendment to reflect the increased scope and certain improved economics. The Debtors' independent director (Adam Zalev) reviewed and ultimately approved and ratified the Consulting Agreement, as amended.

2. As disclosed in the GOB Motion and other pleadings filed in these Cases, the Debtors and Consultant are affiliated: the Debtors are, indirectly, wholly-owned by the Schottenstein family, including through various trusts and the Consultant is wholly-owned by SB360 Holdings, LLC ("Holdings"), sixty-percent of which is owned by the Schottenstein family.[3]

3. The UST argues that the Consultant "is an estate professional subject to the disinterestedness requirements of section 327(a) of the Bankruptcy Code" and, on that basis, the GOB Motion should be denied. First, this argument was not raised by the UST at the first day hearing and the Court then entered the Interim GOB Order allowing the Consultant to continue to perform services and receive compensation on an interim basis in accordance with the Consulting Agreement.[4] Second, it is now black letter law in this District—including precedent from last year

---

[3] The balance of Holdings is owned by non-Schottenstein family interests. Additional connections were set forth, *inter alia*, in the GOB Motion at footnote 3.

[4] The UST's counsel expressly did not make the argument at the first day hearing that the Consultant is a professional: "While the U.S. Trustee has, in the past, asserted that these store closing consultants should be treated as professionals, I'm not making that argument here today, but it highlights the complicated nature of having someone serve and provide services for a Debtor that is then also wearing multiple hats as it relates to the

when this Court overruled the UST in *In re Big Lots, Inc.*, No. 24-11967 (JKS)—that liquidators, such as the Consultant, are not "professionals" as contemplated by section 327 of the Bankruptcy Code and, accordingly, need not be "disinterested." Also last year, in *In re HDC Holdings II, LLC*, Case No. 24-12307 (TMH) (Bankr. D. Del. Nov. 25, 2024), Judge Horan approved the assumption of an agency agreement where the liquidator and debtors were affiliates.

4.  Nothing about this case should cause the Court to disrupt years of well-established precedent finding that liquidating agents are not "professionals." The partial common ownership among the Debtors and the Consultant does not change the nature of the services that the Consultant is providing or the role that the Consultant will play (or more precisely, not play) in the overall restructuring. Whatever concerns the UST may have about the affiliations between the Debtors and the Consultant, it is misguided and legally unsound to argue that the Consultant is a "professional" as a backdoor means to disqualify an experienced retail liquidating agent who is already providing critical services to these estates.

5.  The UST further asserts that, even if the Consultant is not a professional subject to section 327(a), the Court should still deny the motion because "the Motion is central to an integrated series of insider transactions" and the Debtors cannot meet their burden under an entire fairness standard or even the business judgment standard. The Consulting Agreement, however, relates solely to stores that were already slated for closure before the Petition Date and is not "central to an integrated transaction." Moreover, this Court should not second guess the Debtors' business judgment when independent fiduciaries, namely, the Debtors' co-chief restructuring officer and independent director, have approved and ratified the Consulting Agreement, as

---

Debtors' Chapter 11 case." *See* Transcript of November 25, 2025 Hearing, at p. 119, ln. 11-16. The UST has now apparently changed its mind about this argument.

amended. The entire fairness standard does not apply when independents approve the transaction at issue, but even if that heightened standard did apply, the terms of the Consulting Agreement are entirely fair to the Debtors. Notwithstanding the UST's challenge to the economics of the Consulting Agreement, the uncontroverted evidence presented by the Debtors is that the Consulting Agreement is inherently fair and offers market terms to these estates.

6.      Accordingly, for the reasons set forth in further detail below, the Debtors submit that assumption of the Consulting Agreement represents a sound exercise of the Debtors' business judgment and should be approved on a final basis.[5]

## Reply

**A.    Consistent with the Overwhelming Precedent in this District, the Consultant is Not a "Professional" as Contemplated by Section 327 of the Bankruptcy Code.**

7.      Periodically over the last decade, the UST has argued before various judges in this District and elsewhere that retail liquidators should be considered "professionals" under section 327 of the Bankruptcy Code. In each instance where the UST has litigated this position, the court has found otherwise.

8.      In 2018, Judge Shannon determined in *In re Brookstone Holdings Corp.*, 592 B.R. 27 (Bankr. D. Del. 2018), after hearing extensive evidence and oral argument, that the mandate of a store closing liquidator is "not sufficiently central to the development and implementation" of the debtor's reorganization to support a finding that a store closing liquidator is a professional within the meaning of section 327(a). 592 B.R. at 29.

9.      In the numerous retail bankruptcy cases that have been filed in this District since that decision, *Brookstone* has either not been challenged or, on occasion, been affirmatively

---

[5]    *See* footnote 4 above.

endorsed. *See*, *e.g.*, *In re HDC Holdings II, LLC*, Case No. 24-12307 (TMH) (Bankr. D. Del. Nov. 25, 2024) (approving the assumption of a store closing agreement over the UST's objection and concluding that the store closing consultant was not a 327(a) professional); *In re Big Lots, Inc.*, No. 24-11967 (JKS) (Bankr. D. Del. Oct. 21, 2024) (same); *In re Salt Life Beverage, LLC*, No. 24-11468 (LSS) (Bankr. D. Del. May 23, 2024) (same); *In re New Rue HoldCo, Inc.*, No. 24-10939 (BLS) (Bankr. D. Del. May 23, 2024) (same); *In re Number Holdings, Inc.*, No. 24-10719 (JKS) (Bankr. D. Del. May 9, 2024) (same); *In re Sears Authorized Hometown Stores, LLC*, No. 23-11303 (BLS) (Bankr. D. Del. Jan. 11, 2023) (same); *In re Francesca's Holdings Corp.*, No. 20-13076 (BLS) (Bankr. D. Del. Jan. 4, 2021) (same); *In re Lucky's Market Parent Company, LLC*, No. 20-10166 (LJH) (Bankr. D. Del. Mar. 3, 2020) (same); *In re Fred's Inc.*, No. 19-11984 (CSS) (Bankr. D. Del. Sept. 27, 2019) (same).

10. Notwithstanding the *Brookstone* decision and the myriad orders approving the assumption of agency agreements with liquidation consultants, the UST now continues to press this argument once again even though the UST expressly chose not to argue this position at the first day hearing in these cases.

11. In *Brookstone*, the debtors sought authority to retain Gordon Brothers Retail Partners, LLC ("Gordon Brothers") as store closing liquidator. Gordon Brothers was an affiliate of Brookstone's prepetition and DIP term loan lender. There, as here, the UST asserted that the Debtors were required to retain Gordon Brothers under section 327 of the Bankruptcy Code. In overruling the UST's objection, Judge Shannon issued a published decision and pointed to multiple then-recent decisions by Delaware judges finding that liquidating agents were not "professional persons." In so doing, Judge Shannon analyzed the following factors set forth in *First Merchants Acceptance Corp.*, No. 97-1500, 1997 WL 873551 (D. Del. Dec. 15, 1997):

> (i) whether the employee controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;
>
> (ii) whether the employee is involved in negotiating the terms of a plan of reorganization;
>
> (iii) whether the employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;
>
> (iv) whether the employee is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate (i.e., the qualitative approach);
>
> (v) the extent of the employee's involvement in the administration of the debtor's estate (i.e., the quantitative approach); and
>
> (vi) whether the employee's services involve some degree of special knowledge or skill, such that the employee can be considered a "professional" within the ordinary meaning of the term.

*Brookstone*, 592 B.R. at 35.

12. After a comprehensive analysis of the six *First Merchants* factors, the *Brookstone* court found that five factors supported its conclusion that Gordon Brothers was not a "professional person." In the years that followed, many retail debtors in this District engaged liquidation consultants in large Chapter 11 Cases without retaining them under section 327(a) of the Bankruptcy Code, rarely drawing an objection from the UST.

13. Recently, this Court ruled on this issue in a similar context in both *In re Big Lots, Inc.*, Case No. 24-11967 (JKS) (Bankr. D. Del. Oct. 9, 2024) and Judge Horan did the same in *In re HDC Holdings II, LLC*, Case No. 24-12307 (TMH) (Bankr. D. Del. Nov. 25, 2024).

14. In *Big Lots*, the Debtors sought to retain Gordon Brothers as a liquidator for certain *de minimis* assets. Gordon Brothers was a lender under the Big Lots debtors' term loan facility, and members of the Gordon Brothers' syndicate were affiliated with the facility's agent. The UST argued that these facts disqualified Gordon Brothers and the other members of the syndicate from serving as liquidation agent because they were not "disinterested." Notwithstanding the various

"hats" worn by Gordon Brothers and its syndicate members, this Court held, in line with prior decisions, that liquidation agents were not "professionals" under the *First Merchants* factors. *See In re Big Lots, Inc.*, Case No. 24-11967 (JKS) (Bankr. D. Del. Oct. 9, 2024), Tr. at 50:9-23.

15.     In *HDC Holdings*, the UST argued that the agent was required to be retained under section 327(a) of the Bankruptcy Code, highlighting the agent's affiliate's equity position as grounds for the UST's attempt to disqualify liquidating agents that could not otherwise meet the "disinterested" standard. In the interest of transparency and meeting the expectations established by *Brookstone*, the debtors and the agent had repeatedly disclosed the agent's affiliations and acknowledged the many roles Hilco, as a broader enterprise, played in these Chapter 11 Cases. Judge Horan chose not to apply a section 327 standard and entered an order authorizing assumption of the agency agreement.

16.     Here, the record before the Court clearly reflects that the Consultant is not dictating or formulating the Debtors' chapter 11 strategy. Indeed, the Consultant is only supervising and implementing the store closing sales and, putting aside ordinary and customary expenses that any liquidation consultant would charge for liquidating inventory, doing so at no cost to the estates.

17.     With respect to the *First Merchants* factors, the Debtors submit that the mere fact that the Consultant is affiliated with the Debtors' equity holder should not turn the analysis on its head and produce an unnatural—and perhaps illogical—conclusion. Otherwise stated, the Consultant does not become a "professional" because its affiliates have an economic interest in the outcome of these cases, whether positioned as a secured creditor, unsecured creditor or, as in this case, a shareholder. A relationship with an affiliate holding equity in the debtor does not transform a consultant that is not (i) giving professional advice, (ii) driving restructuring strategy, (iii) negotiating a plan of reorganization, or (iv) administering the estate.

18. This case is not materially different from any other where courts in this District considered the nature of the liquidating agent's services within the *First Merchants* framework. Accordingly, the UST's attempt to disqualify the Consultant here by labeling it a "professional" is misguided and, more importantly, unsupported by the law and the record before the Court.

B. **The Debtors' Assumption of the Consulting Agreement is a Sound Exercise of their Business Judgment and Meets the Entire Fairness Standard (Even Though Such Standard Does Not Apply).**

19. The UST argues that the business judgment standard typically applied in assessing the decision of a trustee or debtor in possession to assume or reject an executory contract does not apply where a party makes "an adequate showing" that the directors breached their duty of loyalty, good faith or care in reaching a decision. *Rafool v. Goldfarb Corp. (In re Fleming Packaging Corp.)*, 351 B.R. 626, 634 (Bankr. C.D. Ill. 2006). The UST has cited no cases, however, to support use of an "entire fairness" standard in evaluating a debtor's decision to assume or reject an executory contract with an insider. Nor has the UST made any showing that the Debtors or their representatives, including the co-chief restructuring officer and independent director, breached their duties of loyalty, good faith, or care in reaching such decision.

20. The entire fairness standard is not applicable where, as here, an independent director makes an informed decision. In *In re Los Angeles Dodgers LLC*, 457 B.R. 308, 313 (Bankr. D. Del. 2011) the court stated under Delaware law: "the business judgment rule governs unless the opposing party can show one of four elements: (1) the directors did not in fact make a decision; (2) the directors' decision was uniformed; (3) <u>the directors were not disinterested or independent</u>; or (4) the directors were grossly negligent." (emphasis added).

21. Further, even if a transaction would have been subjected to more heightened scrutiny as a result of a conflict or potential conflict, the standard of review can be ratcheted down if, as here, the directors took steps to address the potential or actual conflict, such as by creating

an independent committee. *Quadrant Structured Prods. Co. v. Vertin*, 102 A.3d 155, 183 (Del. Ch. 2014), citing *In re Trados Inc. S'holder Litig.*, 73 A.3d 17, 36 (Del. Ch. 2013).

22. The evidence is clear and uncontroverted that the fees under the Consulting Agreement were negotiated at arm's length and in good faith between the Debtors and the Consultant and are completely consistent with market terms. *See* First Day Hearing Tr. at 78:12-81:22.

23. Accordingly, the evidence unequivocally demonstrates that the Debtors have exercised their sound business judgment in determining to assume the Consulting Agreement and continue use of the Consultant's services and the terms of the Consulting Agreement are inherently fair and appropriate from the perspective of the Debtors' estates.

24. The Debtors therefore urge the Court to allow the Consultant to continue its liquidating efforts in accordance with the Interim GOB Order, overrule the Objection, and authorize assumption of the Consulting Agreement.

**Conclusion**

25. Based on the foregoing, the Debtors request that the Court overrule the Objection and enter an order approving the GOB Motion.

Dated:  December 12, 2025                    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:   302-652-4400
Email: ljones@pszjlaw.com
            dbertenthal@pszjlaw.com

*Proposed Counsel for the*
*Debtors and Debtors in Possession*