## Exhibit A

## Proposed Order

4910-5701-6193.4 03721.00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | ) Case No. 25-12105 (JKS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Ref. Docket No.** ____ |

**ORDER (A) AUTHORIZING THE DEBTORS TO EMPLOY
AND RETAIN A&G REALTY PARTNERS, LLC AS REAL ESTATE
CONSULTANT AND ADVISOR FOR THE DEBTORS EFFECTIVE AS OF THE
PETITION DATE AND (B) WAIVING CERTAIN REPORTING REQUIREMENTS**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors

and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"):

(a) authorizing the Debtors to retain and employ A&G Realty Partners, LLC ("A&G") as real

estate consultant and advisor, effective as of the Petition Date, pursuant to the terms of the Services

Agreement, (b) approving the provisions of the Services Agreement, including but not limited to

the proposed compensation arrangement, (c) approving a waiver of certain reporting requirements,

and (d) granting related relief, all as more fully set forth in the Application; and upon consideration

of the Amendola Declaration; and the United States District Court for the District of Delaware

having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court

under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware, dated February 29, 2012; and the Court having

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162).  The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ A&G as real estate consultant and advisor effective as of the Petition Date, on the terms and conditions set forth in the Application and the Services Agreement and in accordance with the Fee Structure, except as provided by this Order.

3.      The terms of the Services Agreement are reasonable terms and conditions of employment and are approved.

4.      The terms and provisions of the Services Agreement are approved, and the Debtors are authorized to compensate A&G in accordance with the Services Agreement, including Schedule B thereto.  A&G shall not be required to file monthly or interim fee applications for its Services; *provided, however*, that A&G shall be required to file a final fee application for compensation upon completion of its Services which shall be subject to the standard of review provided for in section 328(a) of the Bankruptcy Code.

5.      A&G will be compensated for 100 percent (100%) of the amount due upon submission of an acceptable invoice, which shall be paid no later than 10 days after receipt of such invoice, to the Debtors for all Services, other than the Additional Services.  Other than the Additional Services, the Debtors shall not be required to submit interim fee applications for the Services or required to maintain records of detailed time entries in connection with professional services rendered under the Services Agreement.  Upon completion of their work for the Debtors, A&G will file a final fee application for review by the Court and parties in interest pursuant to section 328(a) of the Bankruptcy Code for all Services.  Notwithstanding the foregoing, the U.S. Trustee retains all rights to object to A&G's fee applications (including expense reimbursement) on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.      The information requirements of Local Rule 2016-2(d) are waived, and A&G shall not be required to maintain records of detailed time entries in connection with professional services rendered under the Services Agreement.

7.      The Debtors and A&G shall file an additional retention application for any Additional Services that may be performed during these chapter 11 cases.  A&G shall submit monthly, interim, and final fee applications for any Additional Services provided on an hourly basis only and the time detail provided with such fee applications may be provided in a summary fashion.  Specifically, A&G will submit time records setting forth the hours spent on each activity and a description of the Additional Services provided, but will not break out their time into one-tenth hour increments.

8.      A&G shall disclose any and all facts that may have a bearing on whether A&G, its affiliates, or any individuals working on the engagement hold or represent any interest adverse to

3

the Debtors, their creditors, or other parties in interest.  The obligation to disclose identified in this paragraph is a continuing obligation.

9.      A&G shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

10.      To the extent that there may be any inconsistency between the terms of the Application, the Services Agreement, and this Order, the terms of this Order shall govern.

11.      The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

12.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.