IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |

Hearing Date: January 7, 2026 at 11:00 a.m. (ET)
Objection Deadline: December 31, 2025 at 4:00 p.m. (ET)

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"):[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing, but not directing, the Debtors to retain and compensate the OCPs (as defined herein) on a postpetition basis pursuant to the procedures set forth herein (the "OCP Procedures"), without the need for each OCP to file a formal application for retention and compensation; and (b) granting related relief.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Rudolph Morando in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") [Docket No. 5]. Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration.

4929-4478-4258.2 03721.00001

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a), 327, 328, 330, and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1 and 9013-1.

**Background**

5. On November 22, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 25, 2025, the Court entered an order [Docket No. 72] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. On December 4, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of

unsecured creditors [Docket No. 119] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

### The Ordinary Course Professionals

6. The Debtors employ various attorneys, consultants, accountants, and other professionals (collectively, the "OCPs") in the ordinary course of their business. The OCPs provide services for the Debtors in a variety of matters that are not intrinsically related to these chapter 11 cases, including specialized legal services, accounting, audit, and consulting services. The Debtors require the services of the OCPs regardless of the pendency of these chapter 11 cases, and the services do not significantly impact the direction of the Debtors' reorganization. Non-exhaustive lists of the Debtors' current OCPs are attached as Schedule 1, Schedule 2, and Schedule 3 to the Order (the "OCP List").[3]

7. The continued employment and compensation of the OCPs is in the best interests of the Debtors' estates, their creditors, and other parties in interest. The OCPs have significant knowledge, expertise, and familiarity with the Debtors and their operations. Although the Debtors anticipate that the OCPs will continue to represent the Debtors during these chapter 11 cases, many will not do so if the Debtors cannot pay them on a regular basis. The Debtors undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals without the knowledge, expertise, and familiarity the OCPs provide. Accordingly, the Debtors' estates and their creditors are best served by avoiding any disruption in the professional services that are required to preserve and enhance the operational value of the Debtors' estates. Moreover, in light of the costs associated with the preparation of retention applications for the OCPs, it would

---

[3] The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases, as the need arises, by filing a list or lists of such additional professionals and complying with the notice requirements set forth in the OCP Procedures.

be impractical, inefficient, and costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP.

8. The Debtors are not requesting authority to pay prepetition amounts owed to OCPs. Although some of the OCPs may hold unsecured claims against the Debtors relating to services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties in interest.

### **The OCP Procedures**

9. The Debtors request that the Court approve the following OCP Procedures for retention and payment of the OCPs:

   a. Within 30 days after the later of (i) the date of entry of the Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall file, or cause to be filed, a declaration of disinterestedness, substantially in the form attached as Exhibit 1 to the Order (each, a "Declaration of Disinterestedness"), with the Court and served upon: (i) proposed counsel to the Debtors: Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and David M. Bertenthal, Esq. (dbertenthal@pszjlaw.com); (ii) proposed counsel to the Conflicts Committee: (a) Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Kizzy L. Jarashow, Esq. (kjarashow@goodwinlaw.com) and Stacy Dasaro, Esq. (sdasaro@goodwinlaw.com) and (b) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, DE 19801, Attn: L. Katherine Good, Esq. (kgood@potteranderson.com); (iii) counsel to the DIP Agent and Prepetition ABL Agent: (a) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq. (jventola@choate.com), Jonathan D. Marshall, Esq. (jmarshall@choate.com), and Lucas B. Barrett, Esq. (lbarrett@choate.com) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi, Esq. (defranceschi@rlf.com), John H. Knight, Esq. (knight@rlf.com), and Matthew P. Milana, Esq. (milana@rlf.com); (iv) counsel to the Prepetition Term Loan Agent: (a) Goldberg Kohn, 55 East Monroe Street, Chicago, IL 60603-5792, Attn: Randall L. Klein, Esq. (randall.klein@goldbergkohn.com) and Zachary J. Garrett, Esq. (zachary.garrett@goldbergkohn.com) and (b) Blank Rome LLP, 1201 North Market Street, Suite 800, Wilmington, DE 19801, Attn: Stanley B. Tarr, Esq. (stanley.tarr@blankrome.com); (v) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Malcolm M. Bates, Esq. (malcolm.m.bates@usdoj.gov); and (vi) counsel to the Official

    Committee of Unsecured Creditors: (a) Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007, Attn: Jason Adams (jadams@kelleydrye.com) (b) and Cole Schotz P.C., 500 Delaware Avenue, Suite 200, Wilmington, DE 19801, Attn: Justin Alberto (jalberto@coleschotz.com) (collectively, the "Notice Parties").

b. The Notice Parties shall have 14 days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized, but not directed, to (i) retain such OCP as of the date such OCP commenced providing services to the Debtors, and (ii) compensate such OCP as set forth below.

d. The Debtors shall be authorized, but not directed, to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to each OCP set forth on Schedule 1 attached to the Order, excluding costs and disbursements, may not exceed $50,000 per month per OCP, calculated as an average over a rolling three-month period, while these chapter 11 cases are pending (the "OCP Cap"). The OCP Cap may be increased by mutual agreement between the Debtors, the U.S. Trustee, the DIP Agent, the Committee, and any other statutory committee appointed in these chapter 11 cases, as applicable; *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

e. To the extent that fees payable to any OCP exceed the OCP Cap, the OCP shall file a fee application (a "Fee Application") with the Court for the amount in excess of the OCP Cap pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the U.S. Trustee, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise.

f. Beginning on the quarter ending March 31, 2026, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within 30 days thereof, file with the Court and serve on the Notice Parties a statement

    with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

g.    The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties and having such OCPs comply with the OCP Procedures.

### Basis for Relief

10.    Section 327 of the Bankruptcy Code requires Court approval for the employment of "professional persons" retained to represent or perform services for the estate. In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and must be retained by express Court approval, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g.*, *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."). In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

a.    whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

b.    whether the entity is involved in negotiating the terms of a plan of reorganization;

c.    whether the entity's employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

      d.      whether the entity is given discretion or autonomy to exercise its own professional judgment in some part of the administration of the debtor's estate;

      e.      the extent of the entity's involvement in the administration of the debtor's estate; and

      f.      whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs. Acceptance Corp.*, No. 97-1500, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *see also In re Am. Tissue, Inc.*, 331 B.R. 169, 174 (Bankr. D. Del. 2005) (applying the *First Merchants* factors and holding that a litigation consulting firm was not a "professional" for purposes of section 327 of the Bankruptcy Code, as the litigation consulting firm "did not play a central or significant role in the overall administration of the [d]ebtors' estate"); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (finding that the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case" did not require approval under section 327 of the Bankruptcy Code); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (noting that only those professionals involved in the "administration of the debtor's estate," rather than the debtor's ongoing business, require approval under section 327 of the Bankruptcy Code). The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code. None of the factors alone are dispositive. *See First Merchs.*, 1997 WL 873551, at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in total.").

      11.      Upon consideration of all the factors, and because the OCPs will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the OCPs are

"professionals" requiring formal retention proceedings under section 327 of the Bankruptcy Code. Instead, the OCPs will provide services in connection with the ongoing operation of the Debtors' business, which services are ordinarily provided by nonbankruptcy professionals. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish clear mechanisms for retention and compensation of the OCPs pursuant to the OCP Procedures and thereby avoid any subsequent controversy with respect thereto.

12. Retaining the OCPs as provided herein is reasonably necessary for ensuring that the Debtors can continue operating in the ordinary course of business, and the Debtors will closely monitor expenses for the OCPs. In addition, the OCPs will not perform substantial bankruptcy-related services without filing an application with the Court for separate retention as a non-ordinary course professional.

13. Moreover, in light of the number of OCPs and the costs associated with the preparation of retention applications for professionals, it would be impractical, inefficient, and extremely costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP. Therefore, it is in the best interests of all creditors and parties in interest to retain the OCPs in accordance with the OCP Procedures and avoid any disruption in the professional services that are required for the day-to-day operation of the Debtors' business.

14. Although some of the OCPs may hold unsecured claims against the Debtors relating to services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties in interest. In any event, the OCP Procedures include a requirement that each OCP file a Declaration of Disinterestedness before an OCP can be compensated.

15. The relief requested herein is commonly granted by courts in this district. *See, e.g.*, *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. Aug. 6, 2025) (approving comparable OCP procedures); *In re JOANN Inc.,* No. 25-10068 (CTG) (Bankr. D. Del. Mar. 4, 2025) (same); *In re Liberated Brands*, No. 25-10168 (CTG) (Bankr. D. Del. Feb. 27, 2025) (same); *In re Am. Tire Distribs.*, No. 24-12391 (CTG) (Bankr D. Del Nov. 18, 2024) (same); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 1, 2024) (same).

16. For the reasons set forth herein, the relief requested herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest and should be granted.

### Waiver of Bankruptcy Rule 6004(h)

17. To implement the foregoing successfully, the Debtors seek a waiver of the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

18. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee; (b) counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) counsel to the DIP Agent and the Prepetition ABL Agent; (h) counsel to the Prepetition Term Agent; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

19. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems just and proper.

Dated: December 17, 2025　　　　　　　　**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: ljones@pszjlaw.com
　　　　dbertenthal@pszjlaw.com

*Proposed Counsel for the
Debtors and Debtors in Possession*