**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | ) ) ) | Case No. 25-12105 (JKS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket No. 108** |

**NOTICE OF SALE, BID PROCEDURES, AUCTION, AND SALE HEARING**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On November 26, 2025, the above captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Motion of the Debtors for Entry of Orders (I)(A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into (I) Stalking Horse Asset Purchase Agreement and (II) Stalking Horse Agency Agreement and to Provide Bid Protections Thereunder, (C) Scheduling An Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief*, [Docket No. 108] (the "Motion"), with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

Pursuant to the Motion, the Debtors have submitted for approval of that certain *Asset Purchase Agreement*, dated as of November 25, 2025 (the "Stalking Horse APA") by and between the Debtors and ASI Purchaser LLC (and together with any applicable designee, the "Stalking Horse Buyer") and SEI, Inc. as Guarantor, and the accompanying *Agency Agreement*, dated as of November 25, 2025 (the "Stalking Horse Agency Agreement") by and between the Debtors and ASI Purchaser LLC (and/or its designee(s)) (the "Stalking Horse Agent") and SEI, Inc. as Guarantor.[2] The Debtors' assets subject to the transactions contemplated under the Stalking Horse Agency Agreement, pursuant to which the Stalking Horse Bidder will act as the Debtors' agent for the purposes of liquidating their inventory, furniture, fixtures, and equipment at certain stores and distribution centers plus the assets to be sold to the Stalking Horse Bidder under the Stalking Horse APA, which include, *inter alia*, granting the Stalking Horse Bidder designation rights on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162).  The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

[2] The Stalking Horse Agent and the Stalking Horse Buyer are collectively referred to as the "Stalking Horse Bidder." The Stalking Horse APA and the Stalking Horse Agency Agreement are collectively referred to as the "Stalking Horse Agreements."

substantially all of the Debtors' leases and selling to the Stalking Horse Bidder certain of the Debtors' assets, including the Debtors' owned real estate assets, the Debtors' intellectual property, and certain of the Debtors' claims and causes of action and the other assets identified in the Stalking Horse APA, are collectively referred to as the "Aggregate Assets."

The Debtors agreed to sell substantially all of the Aggregate Assets, including, without limitation, the transactions contemplated under the terms of the Stalking Horse Agency Agreement to the Stalking Horse Bidder free and clear of all liens, claims, encumbrances, and interests, subject to higher or better bids for the Aggregate Assets to be determined at the Auction.

### I. Parties Interested in Submitting a Bid

The Bid Procedures set forth the requirements for becoming a Qualified Bidder and submitting a Qualified Bid, and any party interested in making an offer to purchase all or certain of the Aggregate Assets must comply with the Bid Procedures. Only Qualified Bids will be considered by the Debtors, in accordance with the Bid Procedures.

**Any party interested in bidding on the Aggregate Assets should contact, as soon as possible:**

a. BRG, 225 Franklin Street, Suite 3200, Boston, MA 02110 Attn: Rudy Morando (rmorando@thinkbrg.com), Chris McAvinn (cmcavinn@thinkbrg.com), and Stephen Coulombe (scoulombe@thinkbrg.com);

b. SSG Capital Advisors, LLC, 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428, Attn: Teresa C. Kohl (tkohl@ssgca.com), Craig D. Warznak (cwarznak@ssgca.com), and J. Scott Victor (jsvictor@ssgca.com); and

c. Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and David M. Bertenthal, Esq. (dbertenthal@pszjlaw.com).

To receive copies of the (i) Motion, including any exhibits thereto, and/or a confidentiality agreement to become a Potential Bidder (as defined below), or (ii) a copy of the form asset purchase agreement, agency agreement or the Stalking Horse Agreements, as applicable, kindly submit a request by email to: proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, Attention: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and David M. Bertenthal, Esq. (dbertenthal@pszjlaw.com) or, alternatively, you may download such documents at https://www.veritaglobal.net/americansignature or by emailing the Debtors' claims agent at https://www.veritaglobal.net/americansignature/inquiry or by telephoning the claims agent toll free at: (877) 726-6511 (U.S./Canada) or +1 (424) 236-7251 (International).

### II. Bid Procedures and Auction

On December 29, 2025, the Court entered the *Order (I) Approving Bid Procedures and Bid Protections in Connection with Motion to Approve (A) Stalking Horse Asset Purchase Agreement and (B) Stalking Horse Agency Agreement; (II) Scheduling Bid Deadlines and the Auction, (III) Approving Form and Manner of Notice Thereof, and (IV) Granted Related Relief* [Docket No. 259]

(the "Bid Procedures Order"), approving, among other things, the Bid Procedures, which establish the key dates and times related to the sale of the Aggregate Assets and the Auction. All interested bidders should carefully read the Bid Procedures Order and the Bid Procedures in their entirety.

The Bid Procedures Order also approved payment of the Expense Reimbursement and the Augment Purchase potentially payable to the Stalking Horse Bidder pursuant to the terms of the Stalking Horse Agreements and the Bid Procedures Order.

The Bid Procedures Order also establishes the following deadlines for the Aggregate Assets:

1. **Bid Deadline**. The deadline to submit a Qualified Bid for the Aggregate Assets is **January 5, 2026 at 4:00 p.m. (prevailing Eastern Time)**.

2. **Auction**. In the event that the Debtors timely receive a Qualified Bid in addition to the Qualified Bid of the Stalking Horse Bidder and subject to the satisfaction of any further conditions set forth in the Bid Procedures, the Debtors intend to conduct an Auction for the Aggregate Assets. The Auction, if one is held, will commence on **January 8, 2026 at 10:00 a.m. (prevailing Eastern Time)** the offices of Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (or by video conference to the live proceedings at this location). The Debtors shall provide notice of the date, time, and place of the Auction to the Qualified Bidders no later than one (1) day before such Auction, and will post notice of the date, time, and place of the Auction no later than one business day before such Auction on the website of the Debtors' notice and claims agent, Verita Global, at https://www.veritaglobal.net/americansignature. The Auction shall be only open to (i) Qualified Bidders and their respective legal and financial advisors; (ii) the Consultation Parties and their respective legal and financial advisors; and (iii) the Committee's legal and financial advisors, as provided the Bid Procedures Order; however, any creditor who wishes to physically or virtually attend the Auction (other than (i) the parties set forth above, and (ii) such other parties the Debtors deem appropriate), shall provide at least two (2) business days' notice of such attendance prior to the Auction by sending an email to proposed counsel to the Debtors as identified in Section I, above, and, if virtual attendance is requested, proposed counsel to the Debtors shall promptly provide such creditor with the log-in information for the Auction.

3. **Objection Deadline**. The deadline to file an objection with the Court to the Successful Bidder, the sale of the Aggregate Assets, the Approval Order, or the conduct of the Auction (each such objection, a "Sale Objection") is **January 28, 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"). Parties who wish to preserve the right to object to the Backup Bidder, or sale of Aggregate Assets to the Backup Bidder, or Backup Bidder's adequate assurance of future performance with respect to real property leases to be assumed and assigned at

Closing must file a reservation of rights with respect to the Backup Bidder or Sale Objection with the Court by no later than the Objection Deadline.

### III.     Sale Hearing and Closing

A hearing (the "Sale Hearing") to approve and authorize the sale of the Aggregate Assets to the Successful Bidder will be held before the Court on **February 4, 2026 at 10:00 a.m. (prevailing Eastern Time)** or such other date as determined by the Court. The Sale Hearing is being held to approve the highest or otherwise best offer received for the Aggregate Assets, as applicable. The Sale Hearing may be adjourned or rescheduled with prior notice filed on the docket of the Chapter 11 Cases or without prior notice by an announcement of the adjourned date at the Sale Hearing or on the Court's docket.

### IV.     Filing Objections

Sale Objections, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court by no later than the **Objection Deadline** and (d) be served (1) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and David M. Bertenthal, Esq. (dbertenthal@pszjlaw.com); (2) proposed counsel to the official committee of unsecured creditors appointed in the Chapter 11 Cases (the "Committee"), (a) Kelley Drye & Warren LLP, 3 World Trade, 175 Greenwich Street, New York, NY 10007 Attn: Eric R. Wilson (ewilson@kelleydrye.com), Jason R. Adams (jadams@kelleydrye.com), and Maeghan J. McLoughlin (mmcloughlin@kelleydrye.com)), and (b) Cole Schotz, 500 Delaware Avenue, Suite 600, Wilmington, DE 19801, Attn: Justin Alberto (jalberto@coleschotz.com), Seth Van Aalten (svanaalten@coleschotz.com) and Sarah Carnes (scarnes@coleschotz.com); (3) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Malcolm M. Bates, Esq. (malcolm.m.bates@usdoj.gov) (the "U.S. Trustee"); (4) counsel to the DIP Agent and Prepetition ABL Agent, (a) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq. (jventola@choate.com), Jonathan D. Marshall, Esq. (jmarshall@choate.com) and Lucas B. Barrett, Esq. (lbarrett@choate.com) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi, Esq. (defranceschi@RLF.com), John H. Knight, Esq. (Knight@RLF.com) and Matthew P. Milana, Esq. (Milana@RLF.com); (5) counsel to the Stalking Horse Bidder, (a) Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, Attn: Scott Charles, Esq. (SKCharles@wlrk.com) and Neil M. Snyder, Esq. (NMSnyder@wlrk.com) and (b) Morris Nichols Arsht & Tunnell, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington DE 19899-1347, Attn: Derek C. Abbott (dabbott@morrisnichols.com); (6) counsel to the Prepetition Term Agent, (a) Goldberg Kohn, 55 East Monroe Street, Chicago, Ill 60603-5792, Attn: Randall Klein, Esq. (randall.klein@goldbergkohn.com) and Zachary Garrett, Esq. (zachary.garrett@goldbergkohn.com) and (b) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Stanley B. Tarr, Esq. (stanley.tarr@blankrome.com); (7) proposed counsel to the Conflicts Committee, (i) Goodwin Procter LLP, 620 Eighth Ave., New York, NY 10018, Attn: Kizzy L. Jarashow, Esq. (kjarashow@goodwinlaw.com) and Stacy Dasaro, Esq. (sdasaro@goodwinlaw.com) and (ii) Potter Anderson & Corroon LLP 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801, Attn: L. Katherine Good, Esq.

(kgood@potteranderson.com); and (8) any other party that has requested notice pursuant to Bankruptcy Rule 2002, to the extent applicable (collectively, the "Objection Notice Parties").

Parties who wish to preserve the right to object to the Backup Bidder, or sale of Aggregate Assets to the Backup Bidder, or Backup Bidder's adequate assurance of future performance with respect to real property leases to be assumed and assigned at Closing must file a reservation of rights with respect to the Backup Bidder or Sale Objection with the Court by no later than the Objection Deadline.

V.   **Consequences of Failing to Timely Assert an Objection**

*Any party who fails to make a timely Sale Objection on or before the Objection Deadline in accordance with the Bid Procedures Order and this Notice (i) shall be forever barred from asserting any Sale Objection, including, without limitation, with respect to the transfer of the Aggregate Assets free and clear of all liens, claims, encumbrances and interests; and (ii) shall be deemed a consent to the sale of the Aggregate Assets free and clear of all liens, claims, encumbrances and interests and the other relief requested in the Sale Motion.*

VI.   **No Successor Liability**

*The sale of the Aggregate Assets will be free and clear of, among other things, any claim arising from any conduct of the Debtors prior to the closing of the sale, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise, so long as such claim arises out of or relates to events occurring prior to the closing of the sale of the Aggregate Assets. Accordingly, as a result of the sale of the Aggregate Assets, the Successful Bidder will not be a successor to any of the Debtors by reason of any theory of law or equity, and the Successful Bidder will have no liability, except as expressly provided in the Successful Bidder's asset purchase agreement, for any liens, claims, encumbrances and interests against or in any of the Debtors under any theory of law, including, without limitation, successor liability theories.*

| | |
|---|---|
| Dated:  December 29, 2025 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Laura Davis Jones* |
| | Laura Davis Jones (DE Bar No. 2436) |
| | David M. Bertenthal (CA Bar No. 167624) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, Delaware  19899 (Courier 19801) |
| | Telephone:  (302) 652-4100 |
| | Facsimile:   (302) 652-4400 |
| | Email:  ljones@pszjlaw.com |
| |          dbertenthal@pszjlaw.com |
| | |
| | *Proposed Counsel for the Debtors and Debtors in Possession* |