IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 218 |

**ORDER (I) ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for Professionals; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4904-9121-9843.4 03721.00001

Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All Professionals in these cases may seek compensation in accordance with the following procedures (collectively, the "Compensation Procedures"):

(a) On or after the fifth day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve by electronic mail, where available or where electronic mail is not available, by first-class mail, such Monthly Fee Statement, on: (i) proposed counsel to the Debtors: Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and David M. Bertenthal, Esq. (dbertenthal@pszjlaw.com); (ii) proposed counsel to the Conflicts Committee: (a) Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Kizzy L. Jarashow, Esq. (kjarashow@goodwinlaw.com) and Stacy Dasaro, Esq. (sdasaro@goodwinlaw.com) and (b) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, DE 19801, Attn: L. Katherine Good, Esq. (kgood@potteranderson.com); (iii) counsel to the DIP Agent and Prepetition ABL Agent: (a) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq. (jventola@choate.com), Jonathan D. Marshall, Esq. (jmarshall@choate.com), and Lucas B. Barrett, Esq. (lbarrett@choate.com) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi, Esq.

(defranceschi@rlf.com), John H. Knight, Esq. (knight@rlf.com), and Matthew P. Milana, Esq. (milana@rlf.com); (iv) counsel to the Prepetition Term Loan Agent: (a) Goldberg Kohn, 55 East Monroe Street, Chicago, IL 60603-5792, Attn: Randall L. Klein, Esq. (randall.klein@goldbergkohn.com) and Zachary J. Garrett, Esq. (zachary.garrett@goldbergkohn.com) and (b) Blank Rome LLP, 1201 North Market Street, Suite 800, Wilmington, DE 19801, Attn: Stanley B. Tarr, Esq. (stanley.tarr@blankrome.com); (v) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Malcolm M. Bates, Esq. (malcolm.m.bates@usdoj.gov); and (vi) counsel to the Official Committee of Unsecured Creditors: (a) Kelley Drye & Warren LLP, World Trade Center, 175 Greenwich Street, New York, NY 10007, Attn: Jason Adams (jadams@kelleydrye.com), Maeghan McLoughlin (mmcloughlin@kelleydrye.com) (b) and Cole Schotz P.C., 500 Delaware Avenue, Suite 200, Wilmington, DE 19801, Attn: Justin Alberto (jalberto@coleschotz.com), Sarah Carnes (scarnes@coleschotz.com) (each, an "Application Recipient" and, collectively, the "Application Recipients"). Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

(b) Each Application Recipient will have until 4:00 p.m. (prevailing Eastern Time) 21 days after service of a Monthly Fee Statement to review such Monthly Fee Statement (the "Objection Deadline"). The Objection Deadline shall be conspicuously noted on the Monthly Fee Statement. Upon the expiration of such 21-day period, if no Application Recipient has filed with the Court a Notice of Objection to Monthly Fee Statement (as defined herein), the applicable Professional may file a certificate of no objection (a "CNO") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Statement. After a CNO is filed with the Court, the Debtors are authorized to pay the Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject to an Objection pursuant to subparagraph (c) below.

(c) If any Application Recipient objects to a Monthly Fee Statement, the objecting party shall, within twenty-one (21) days of service of the Monthly Fee Statement, serve a written notice upon the respective Professional and each of the Application Recipients (the "Notice of Objection to Monthly Fee Statement") setting forth the precise nature and basis of the objection and the amount at issue. Thereafter, the objecting party and such Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall be authorized promptly to pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. However, if the parties are unable to reach a resolution of the objection

4904-9121-9843.4 03721.00001

within fourteen (14) days after service of the Notice of Objection to Monthly Fee Statement (or such longer period as mutually agreed to by the Professional and the objecting party), the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, the Professional may either: (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Disputed Amount"); or (ii) forgo payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.[3]

(d) If a Notice of Objection to Monthly Fee Statement is served and the parties resolve their dispute, the parties shall notify the Debtors of the resolution, and the Professional shall file a Certification of Counsel (a "COC") with the Court. After a COC is filed, the Debtors are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses of the agreed amount; *provided* that no payment shall be made before the expiration of the Objection Deadline.

(e) Each Professional may submit its first Monthly Fee Statement on or after January 5, 2026. This initial Monthly Fee Statement will cover the period from the Petition Date through December 31, 2025. Thereafter, the Professionals may file Monthly Fee Statements in the manner described above.

(f) Beginning with the period ending on March 31, 2026, and at three-month intervals thereafter (the "Interim Fee Period"), each of the Professionals may file and serve on the Application Recipients an interim fee application (each, an "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period. Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002. The Interim Fee Application should conform to the requirements of the Local Rules, the Bankruptcy Rules, and sections 330 and 331 of the Bankruptcy Code. Application Recipients will have 21 days after service of an Interim Fee Application to object thereto (the

---

[3] For the avoidance of doubt, no Professional shall file a CNO or otherwise request entry of an order approving payment of any fees or expenses if any objection has been raised, either formally or informally, and such objection has not been resolved.

"Interim Fee Application Objection Deadline"). The Interim Fee Application Objection Deadline shall be conspicuously stated on the respective Interim Fee Application. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including March 31, 2026.

(g) The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a CNO or COC. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized promptly to pay such Professional all allowed fees (including the 20% holdback) and expenses not previously paid.

(h) A pending Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

(i) Neither: (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures; nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(j) Professionals shall file final applications for compensation and reimbursement (collectively, the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. For the avoidance of doubt, neither (i) the failure to file any Monthly Fee Statement or Interim Fee Application, nor (ii) a pending Objection to any amounts sought under any Monthly Fee Statement or an Interim Fee Application will hinder, prevent, or delay a Professional from filing a Final Fee Application or seeking amounts for any compensation or reimbursement that is subject to a pending Objection.

(k) Copies of all Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and notices of any hearings thereon (each, a "Hearing Notice") must be served upon the Application Recipients. All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of the Hearing Notice. Notice given

5

in accordance with the Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3. In each Interim Fee Application and Final Fee Application, all professionals who have been or are hereafter retained pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, unless such attorney is retained by the Debtors pursuant to any order entered in connection with the retention and compensation of "ordinary course" professionals (such professionals, the "Required Professionals"): (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court; and (b) if the professional is an attorney, intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in these chapter 11 cases.

4. Each member of the Committee and any other official committee formed by the U.S. Trustee is permitted to submit statements of expenses incurred in the performance of the duties of such committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with the Court in accordance with the Compensation Procedures.

5. The Professionals shall only be required to serve: (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Application on the Application Recipients; and

4904-9121-9843.4 03721.00001

(b) the notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in these chapter 11 cases.

6. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: January 6th, 2026
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

4904-9121-9843.4 03721.00001