**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN SIGNATURE, INC.*, et. al.,*
INC., | : | Case No. 25-12105 (JKS) |
| | : | |
| | : | (Jointly Administered) |
| Debtors | : | |

**OBJECTION AND RESERVATION OF RIGHTS OF SBV HOLLAND LLC
TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING
THE SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN
LEASES TO GARDNER WHITE FURNITURE CO., INC.
AND (II) GRANTING RELATED RELIEF**

SBV HOLLAND LLC ("SBV"), by and through its counsel, hereby files this

Objection And Reservation of Rights of SBV Holland LLC to Motion of Debtors for

Entry of an Order (I) Authorizing The Sale and Assumption and Assignment of Certain

Leases to Gardner White Furniture Co., Inc. and (II) Granting Relief [Doc No.: 377]

("Motion"), and in support hereof states as follows:

**Background**

1.      On or about November 22, 2025 (the "Petition Date"), the above-

captioned debtor ("Debtor") filed a voluntary petition under chapter 11 of title 11 of the

United States Code ("Bankruptcy Code") with this Court.

2.      Debtor is operating its businesses as a debtor-in- possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

3.      SBV is the owner of premises located at 1301 E. Mall Road, Holland,

Ohio 43528 ("Premises"). On June 22, 2021, Debtor entered a lease ("Lease") for the

Premises. *See* Etkin Cert. (defined below), at paragraph 2. As part of the Lease, Debtor was required to provide a letter of credit in the amount of $860,000. (Id. ¶ 3). On October 26, 2021, Debtor entered a letter of credit agreement ("LOC"). The LOC was amended on August 26, 2024 ("Amended LOC"). (Id. ¶ 4)

4.      On November 1, 2025, Debtor failed to pay $57,113,13 in rent. (Id. ¶ 12). A notice of default was sent on November 8, 2025. (Id. ¶ 13). A second notice of default was sent on November 17, 2025. (Id. ¶ 14). Shortly after, Debtor filed for Chapter 11 Bankruptcy.

5.      On December 4, 2025, SBV filed a motion for relief from the automatic stay to draw on the letter of credit (the "Stay Relief Motion") [Doc. No.: 122]. SBV's Manager, Johanne Etkin submitted a certification in support of the Stay Relief Motion which sets forth in detail the facts and circumstances detailed above (the "Etkin Cert.") [Doc. No.: 122-4].

6.      The Stay Relief Motion was granted via consent order entered on January 6, 2026 [Doc. No.: 336] (the "Consent Order"). The Consent Order authorized the SBV to draw on the LOC for certain pre-petition rent and certain tax obligations for 2025, if said taxes are not paid by the end of January 2026.

7.      On January 14, 2026, the Debtor filed the Motion whereby the Debtor seeks to sell, assume and assign the Lease, among other leases. According to Exhibit 1 attached to the proposed Order submitted with the Motion, the Cure Amount for the Lease (Store No. 180) is $0.00 (the "Proposed Cure"). The Exhibit further notes that the

- 2 -

Lease is subject to the Deferred Closing Date as provided for in Section 2(c) of the Assignment and Assumption Agreement.

## Objection

### a. Proposed Cure Amount

8.        Section 365(b) of the Bankruptcy Code provides that an unexpired lease cannot be assumed by a debtor unless the debtor cures all defaults under the lease and provides adequate assurance of present and future performance under the lease.  11 U.S.C. § 365(b)(1).  *See In re G-I Holdings, Inc.*, 580 B.R. 388, 420-21 (Bankr. D.N.J. 2018)("in order to assume such an agreement, the debtor-in-possession must cure defaults and provide assurance of future performance").

9.        Debtor designated the Proposed Cure at $0.00.  SBV notes that the Debtor has certain replenishment obligations relating to the LOC, which replenishment obligations must be satisfied as part of any cure, if the Lease is to be assumed.  Also, the Proposed Cure does not provide for additional amounts which have not yet been invoiced and which continue to accrue, including legal fees and costs through the effective date. The correct cure amount should include all amounts accruing under the Lease, pending the effective date of assumption of the Lease as well as all LOC replenishment obligations (the "Correct Cure Amount").

10.        If the Lease is to be assumed and assigned, the Debtor or the assignee must be required to pay SBV the Correct Cure Amount in accordance with section 365(b) of the Bankruptcy Code, together with any other amounts accruing under the Lease in

accordance with the terms of the Lease between the date of this filing and the date that the Lease is actually assumed or assumed and assigned.

### b. Adequate Assurance

11.     In addition, as the property is located in a shopping center, SBV is entitled to adequate assurance of future performance by any assignee in accordance with §365(f)(2)(B) of the Bankruptcy Code.

12.     SBV objects to the extent any proposed assignment of the Lease fails to comply with any of the foregoing requirements under section 365(b)(3) of the Bankruptcy Code.

### c. The Lease Must Be Assumed and Assigned Cum Onere

13.     Section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption or assumption and assignment of a shopping center lease "is subject to all the provisions thereof . . .". 11 U.S.C. § 365(b)(3)(C).  Bankruptcy courts have described the assumption of an unexpired lease (a prerequisite to assignment under § 365(f)(2)(A)) as "an all- or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g.*, *In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

14.     As the court noted in *In re Washington Capital Aviation & Leasing*, 156

B.R. at 167, 175 n. 3 (Bankr. E.D. Va. 1993):

> Adequate assurance of future performance by the assignee is important because 11 U.S.C. § 365(k) "relieves the ... estate from any liability for any breach of such ... lease occurring after such assignment." A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty. *See* Douglas G. Baird and Thomas H. Jackson, Bankruptcy

- 4 -

> 285 (2d ed. 1990) (citing Restatement (Second) of Contracts § 318(3) (1981) ("delegation of performance ... does not discharge any duty or liability of the delegating obligor")). While the assignee may be entitled to perform for the original obligor, the original obligor remains ultimately liable until discharged by performance or otherwise. Section 365(k) changes this common law rule and relieves the estate from all liability under the lease following assignment.

*See also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) (Adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach."). The Debtors are not entitled to the benefits and protections of section 365(k) if they do not assume and assign a lease *cum onere* – with all benefits and burdens. *See, e.g., American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999).

15.     The Debtors or a proposed assignee must be required to comply with all contractual obligations to indemnify and hold the Landlords harmless with regard to events which occurred before assumption and assignment, but which were not known to the Landlords as of the date of the assumption and assignment.  This includes, but is not limited to, (i) claims for personal injury that occurred at the Leased Premises, (ii) damage and destruction to the Leased Premises or property by the Debtors or their agents, (iii) environmental damage or clean-up, and (iv) liens caused by any improvements made to the Premises by the Debtor.  To cure possible pre-assignment, non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Leases, either (a) the Debtors or the proposed assignee must be required to satisfy any and all such claims, notwithstanding anything to the contrary contained in a plan or any court order, or

- 5 -

(b) the Debtors must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences that occurred prior to the effective date of an assignment. Such claims for indemnity could include claims for personal injury occurring at the Leased Premises where the Landlords are joined as a party to a lawsuit or for damage and destruction of property by the Debtors or their agents or employees.

16.     Finally, the Landlords assert that if the Debtor seeks to assume and assign the Lease, the proposed assignee should be required to execute short-form assumption and assignment agreement with SBV in connection with the proposed assignment of the Lease so that the Landlord will be in privity with their new tenant.

## Reservation of Rights

17.     SBV further reserves the right to amend and/or supplement this objection.

- 6 -

## Conclusion

**WHEREFORE**, SBV respectfully requests that the Court sustain this objection by conditioning assumption and assignment of the Lease on: (1) the payment to SBV of the Correct Cure Amount plus all other amounts accruing under the Lease between the date of this filing and the date that the Lease is actually assumed and assigned;  (2) adherence to the provision of adequate assurance of future performance, and grant any other and further relief that the Court may deem appropriate.

Respectfully submitted,

Dated: January 17, 2026

**JOHN R. WEAVER, JR., P.A.**
**Attorney at Law**

By: /s/ *John R. Weaver, Jr.*
John R. Weaver, Jr.
2409 Lanside Dr.
Wilmington, Delaware, 19801
(302) 655-7371 (direct)
jrweaverlaw@verizon.net

-and-

By: /s/ *Jospeh H. Lemkin*
Joseph H. Lemkin, Esquire
**STARK & STARK, P.C.**
A Professional Corporation
100 American Metro Blvd
Hamilton, NJ 08619
(609) 896-9060 (main)
(609) 895-7395 (facsimile)
Attorneys for Attorneys for SBV Holland LLC

- 7 -