# EXHIBIT 10

**EIGHTH AMENDMENT TO PRIVATE LABEL
CONSUMER CREDIT CARD PROGRAM AGREEMENT**
*(American Signature Furniture)*

This Eighth Amendment to Private Label Consumer Credit Card Program Agreement (this "Amendment") entered into as of January 5, 2024, amends the Private Label Consumer Credit Card Program Agreement (as amended, modified and supplemented from time to time, the "Agreement") made as of December 12, 2012 by and between Synchrony Bank ("Bank") and American Signature, Inc. ("Retailer"). Capitalized terms used herein and not otherwise defined have the meanings given them in the Agreement.

WHEREAS, Bank and Retailer desire to amend the Agreement to update Appendix D ("Financial Covenants").

NOW, THEREFORE, in consideration of the mutual promises and subject to the terms and conditions hereinafter set forth, the parties hereby agree as follows:

## I.   AMENDMENTS TO THE AGREEMENT

**1.1     Amendment to Appendix D**. Effective as of January 1, 2024, Appendix D is deleted and replaced with new Appendix D attached hereto as Attachment 1.

## II. GENERAL

**2.1     Authority for Amendment.** Retailer represents and warrants to Bank that the execution, delivery and performance of this Amendment has been duly authorized by all requisite corporate action on the part of Retailer and upon execution by all parties, will constitute a legal, binding obligation of Retailer.

**2.2     Effect of Amendment.** Except as specifically amended hereby, the Agreement, and all terms contained therein, remains in full force and effect. The Agreement, as amended by this Amendment, constitutes the entire understanding of the parties with respect to the subject matter hereof.

**2.3     Binding Effect; Severability.** Each reference herein to a party hereto shall be deemed to include its successors and assigns, all of whom shall be bound by this Amendment and in whose favor the provisions of this Amendment shall inure. In case any one or more of the provisions contained in this Amendment shall be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected or impaired thereby.

**2.4     Further Assurances.** The parties hereto agree to execute such other documents and instruments and to do such other and further things as may be necessary or desirable for the execution and implementation of this Amendment and the consummation of the transactions contemplated hereby and thereby.

**2.5     Governing Law.** This Amendment shall be governed by and construed in accordance with the laws of the State of Utah, without regard to principles of conflicts of laws.

**3.6** **Counterparts.** This Amendment may be executed in counterparts, each of which shall constitute an original, but all of which, when taken together, shall constitute but one agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed by their duly authorized officers, all as of the day and year first above written.

**AMERICAN SIGNATURE, INC.**                    **SYNCHRONY BANK**

By: _____          By: _____

Name: _____           Name: _____

Title: _____          Title: _____

2

Attachment 1 to Eighth Amendment

**Appendix D**
**Financial Covenants**

## I.        FINANCIAL COVENANT(S)

**Minimum Current Ratio:** Retailer shall maintain, as of the end of each fiscal quarter during the Term, a Minimum Current Ratio of 1.0 to 1.0.

## II.       REPORTING

In order to establish compliance with the Financial Covenant(s) set forth above, Retailer shall deliver to Bank (i) within sixty (60) days after the end of each fiscal quarter of Retailer, a certificate, signed by the Chief Financial Officer of Retailer and in a form satisfactory to Bank, establishing Retailer's compliance or non-compliance with the Financial Covenant(s) for such fiscal quarter, and (ii) within one hundred fifty (150) days after the end of Retailer's fourth fiscal quarter during each fiscal year, a certificate, signed by the Chief Financial Officer of Retailer and in a form satisfactory to Bank, establishing Retailer's compliance or noncompliance with the Financial Covenant(s) for such fiscal quarter. Unless otherwise specifically set forth to the contrary, all financial calculations contemplated herein shall be performed in accordance with GAAP.

## III.      DEFINITIONS

"GAAP" means generally accepted accounting principles applicable in the United States, consistently applied.

"Minimum Current Ratio" means, with respect to any entity at any time, (i) the sum of such entity's current assets as determined in accordance with GAAP, plus affiliate receivables and LIFO reserve, *divided by* (ii) the sum of such entity's current liabilities as determined in accordance with GAAP less lease liabilities.

3