IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| | § | CASE NO. 25-12105(JKS) |
| AMERICAN SIGNATURE, INC., et al | § | |
| Debtors. | § | Jointly Administered |

**LIMITED OBJECTION OF MARKET SQUARE OWNER, LLC
TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNTS (DOCKET
ENTRIES # 290 AND 108) RELATING TO DEBTOR'S STORE NUMBER 415
LOCATED IN FORT MYERS, FLORIDA**

Market Square Owner, LLC ("Landlord") hereby submits this Limited Objection of Market Square Owner, LLC to Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amounts (Docket Entries # 290 and 108) Relating to Debtor's Store Number 415 Located in Fort Myers, Florida and respectfully represents as follows:

**BACKGROUND**

1. American Signature, Inc. and its debtor affiliates in the above-captioned chapter 11 cases (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on November 22, 2025 (the "Petition Date"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§1107(a) and 1108.

2. The Landlord Market Square Owner, LLC and one (1) of the Debtors are parties to an unexpired lease dated as of on or about April 8, 2004, as amended and extended, of

nonresidential real property (the "Store Number 415 Lease") of premises (the "Store Number 415 Premises") located in Debtor's store #415, in Fort Myers, Florida.

       3.      The Store Number 415 Premises ( Store Number 415) is located within a "shopping center" as that term is used in §365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

**LIMITED OBJECTION OF MARKET SQUARE OWNER, LLC**
**TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNTS (DOCKET ENTRIES # 290 AND 108) RELATING TO DEBTOR'S STORE NUMBER 415 LOCATED IN FORT MYERS, FLORIDA**

       4.      Bankruptcy Code section 365(b)(1) provides that in the event of a default under an unexpired lease, a debtor may not assume the lease unless, at the time of the assumption of such lease, the debtor "(A) cures, or provides adequate assurance that the debtor will promptly cure, such default; (B) compensates, or provides adequate assurance that the debtor will promptly compensate, the non-debtor party to the contract for any actual pecuniary loss to such party resulting from such default; and ( C )  provides adequate assurance of future performance under such contract." 11 U.S.C. § 365(b)(1).  A debtor must cure both monetary and non monetary defaults.  *See id.*

       5.      The cure notice, however, does not specify any other economic and non-economic obligations of the Debtors under the Store Number 415 Lease for Debtor's Store Number 415. Among other obligations, the Debtors are responsible for payment of monthly common area maintenance operating expenses and real estate taxes and any shortfall after the annual reconciliation of actual expenses to estimated amounts paid each month.  Further, the Debtors are obligated to Landlord  for Landlord's attorneys' fees incurred in connection with enforcing its

contractual rights under the Store Number 415 Lease for Debtor's Store Number 415. Further, the Debtors remain liable for any amounts coming due prior to any assumption and assignment of the Store Number 415 Lease for Debtor's Store Number 415, as well as all noneconomic obligations thereunder. Finally, any assumption of the Store Number 415 Lease must be subject to the terms of the Store Number 415 Lease, including the continuation of all indemnification obligations, regardless of when any claim arose.

6.      Debtors list $88,963.67 as the cure amount for Debtor's Store Number 415 located in Fort Myers, Florida. The cure amount does not reflect current amounts due under the Store Number 415 Lease. The cure amount for the Store Number 415 Lease should be $97,860.03 plus any attorneys fees as allowed under the Store Number 415 Lease. The difference is a late fee for the nonpayment of November 2025 rent in the amount of $8,896.37 due pursuant to Section 4.03 of the Store Number 415 Lease. The cure amount under the Store Number 415 Lease for Debtor's Store Number 415 located in Fort Myers, Florida is $97,860.03 plus any attorneys fees as allowed under the Store Number 415 Lease, not $88,963.67 [as alleged by Debtors cure notice relating to Store Number 415]; provided all rent and charges and other amounts due on and after February 1, 2026, plus all triple net annual reconciliations plus any attorneys fees as allowed under the Store Number 415 Lease are timely paid and all other provisions of the Store Number 415 Lease are complied with in line with applicable bankruptcy law, including but not limited to the permitted use clause and the assignment clause and Exhibit G of the Store Number 415 and the providing of adequate assurances that future obligations will be met by the tenant under the Store Number 415 Lease. Further, as a condition to any assumption and assignment of the Store Number 415 Lease for Debtor's Store Number 415, all

defaults must be cured upon assumption. *See* 11 U.S. C. §365(b)(1)(A). Landlord reserves its right to amend the cure amounts.

**LEASE SALE AND ADEQUATE ASSURANCE OBJECTION OF MARKET SQUARE OWNER, LLC RELATING TO DEBTOR'S STORE # 415 LOCATED IN FORT MYERS, FLORIDA**

7. Prior to any assumption or assignment of unexpired leases in these bankruptcy cases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to provide adequate assurance (a) that the Debtors will promptly cure all defaults under the unexpired leases to be assumed and assigned and (b) of the future performance of a proposed assignee under the terms of an unexpired lease sought to be assumed and assigned. In particular, Bankruptcy Code section 365(b)(1) provides that in the event of a default under an unexpired lease, a debtor may not assume the lease unless, at the time of the assumption of such lease, the debtor "(A) cures, or provides adequate assurance that the debtor will promptly cure, such default; (B) compensates, or provides adequate assurance that the debtor will promptly compensate, the non-debtor party to the contract for any actual pecuniary loss to such party resulting from such default; and ( C ) provides adequate assurance of future performance under such contract." 11 U.S.C. § 365(b)(1). A debtor must cure both monetary and nonmonetary defaults. *See id.*

8. The cure notice and the bidding procedures, however, do not specify any other economic and non-economic obligations of the Debtors under the Store Number 415 Lease. Among other obligations, the Debtors are responsible for payment of monthly operating expenses and any shortfall after the annual reconciliation of actual expenses to estimated amounts paid each month. Further, the Debtors are obligated to Landlord for Landlord's attorneys' fees (pursuant to Section 54 of the Lease) incurred in connection with enforcing its contractual rights

under the Store Number 415 Lease for the Store Number 415 Premises. Finally, the Debtors remain liable for any amounts coming due prior to any assumption and assignment of the Store Number 415 Lease for the Store Number 415 Premises, as well as all noneconomic obligations thereunder, unless certain requirements in the Store Number 415 Lease are met.

9. Further, all other provisions of the Store Number 415 Lease must be complied with in line with applicable bankruptcy law, including but not limited to the permitted use clause (pursuant to Section 6 of the Lease) and the assignment clause (pursuant to Section 9 of the Lease) and the providing of adequate assurances that future obligations will be met by the tenant under the Store Number 415 Lease.

10. Furthermore, the Landlord is entitled to attorneys' fees incurred in enforcing the terms of the Lease. Section 54 of the Store Number 415 Lease allows Landlord to recover its attorneys fees. Such fees will be by future supplementation properly included in the Landlord's cure amounts as actual pecuniary losses suffered by the Landlord. *See In re Williams*, 2011 Bankr. LEXIS 2463, *3 (Bankr. D. Del. June 24, 2011) (Shannon, B.J.) ("It is beyond cavil that attorneys' fees incurred because of actions taken to enforce the underlying lease or contract may be properly recoverable as part of a cure payment if such lease or contract provides for attorneys' fees."). *See In re: Trak Auto Cooperation,* 277 B.R. 655, 669-670 ( Eastern District, Virginia 2002 ) ("Where the debtor's lease provides for the payment of counsel fees and late fees or interest, we will uphold the terms of the contract")*; In re: Muma Services, Inc.,* 279 B.R. 478, 488-89 (Bankr. D. Del. 2002); *In re: Valley Media,* 290 B.R. 73, 75-76 (Bankr. D. Del. 2003); *See also In re: Shangri-La Inc.,* 167 F.3d 843 ( 4th Cir. 1999 ).

**Reservation Of Rights**

11. Landlord reserves its rights to make such other and further objections with respect to the Store Number 415 Lease as may be appropriate including, but not limited to, objections regarding adequate assurances of future performance under 11 U.S.C. §365.

12. Landlord joins in any objections to the lease sale and adequate assurances and cure notice that are filed or made by other landlords to the extent they are not inconsistent with this Limited Objection. Landlord joins in any future objections to the lease sale and adequate assurances and cure notice that are filed or made by other landlords in the future to the extent they are not inconsistent with this Limited Objection.

13. Landlord reserves all of its rights to object to the assumption and assignment of the Store Number 415 Lease for Debtor's Store Number 415 on all grounds available under applicable bankruptcy and non-bankruptcy law, and to supplement this objection upon discovery of any additional monetary or non-monetary obligations that may arise prior to assumption and assignment of under the Store Number 415 Lease for Debtor's Store Number 415. Nothing herein shall be construed as a waiver of any rights.

14. The Landlord reserves its rights to supplement this limited objection and make such other and further objections as it deems necessary or appropriate.

**WHEREFORE**, the Landlord, Market Square Owner, LLC respectfully requests that the Court modify any proposed order that grants the motion as consistent with the foregoing objections and that grants the Landlord, Market Square Owner, LLC, such further and additional relief as the Court may deem just and proper.

**Respectfully submitted,**
**RASHTI AND MITCHELL**
**ATTORNEYS AT LAW**
/s/ Timothy T. Mitchell
Timothy T. Mitchell
Texas State Bar Number 14223000
Donna Kaye Rashti
Texas State Bar Number 16553400
4422 Ridgeside Drive
Dallas, Texas 75244, Phone 972-661-9471
tim@rashtiandmitchell.com
donna@rashtiandmitchell.com
**Attorneys for Market Square Owner, LLC**

**CERTIFICATE OF SERVICE**

I, Timothy T. Mitchell , Esq. do hereby certify that on January 23, 2026, I (or the ECF system) caused a true and correct copy of the foregoing Limited Objection of Market Square Owner, LLC to Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amounts Relating to Debtor's Store Number 415 located Fort Myers , Florida to be sent to each of the following persons, by email and/or to their firms by first class mail and/or through the ECF system:

(i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and David M. Bertenthal, Esq. (dbertenthal@pszjlaw.com);

(ii) proposed counsel to the Committee, (a) Kelley Drye & Warren LLP, 3 World Trade, 175 Greenwich Street, New York, NY 10007 Attn: Eric R. Wilson (ewilson@kelleydrye.com), Jason R. Adams (jadams@kelleydrye.com), and Maeghan J. McLoughlin (mmcloughlin@kelleydrye.com)), and

(b) Cole Schotz, 500 Delaware Avenue, Suite 600, Wilmington, DE 19801, Attn: Justin Alberto (jalberto@coleschotz.com), Seth Van Aalten (svanaalten@coleschotz.com) and Sarah Carnes (scarnes@coleschotz.com);

(iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Malcolm M. Bates, Esq. (malcolm.m.bates@usdoj.gov) (the "U.S. Trustee");

(iv) counsel to the DIP Agent and Prepetition ABL Agent, (a) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq. (jventola@choate.com), Jonathan D. Marshall, Esq. (jmarshall@choate.com), and Lucas B. Barrett, Esq. (lbarrett@choate.com) and

(b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Daniel J. DeFranceschi, Esq. (defranceschi@RLF.com), John H. Knight, Esq. (Knight@RLF.com) and Matthew P. Milana, Esq. (Milana@RLF.com);

(v) counsel to the Stalking Horse Bidder (a) Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, Attn: Scott Charles, Esq. (SKCharles@wlrk.com) and Neil M. Snyder, Esq. (NMSnyder@wlrk.com); and

(b) Morris Nichols Arsht & Tunnell, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington DE 19899-1347, Attn: Derek C. Abbott (dabbott@morrisnichols.com);

(vi) counsel to the Prepetition Term Agent, (a) Goldberg Kohn, 55 East Monroe Street, Chicago, Ill 60603-5792, Attn: Randall Klein, Esq. (randall.klein@goldbergkohn.com) and Zachary Garrett, Esq. (zachary.garrett@goldbergkohn.com) and

(b) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Stanley B. Tarr, Esq. (stanley.tarr@blankrome.com); and

(vii) proposed counsel to the Conflicts Committee, (i) Goodwin Procter LLP, 620 Eighth Ave., New York, NY 10018, Attn: Kizzy L. Jarashow, Esq. (kjarashow@goodwinlaw.com) and Stacy Dasaro, Esq. (sdasaro@goodwinlaw.com) and

(ii) Potter Anderson & Corroon LLP 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801, Attn: L. Katherine Good, Esq. (kgood@potteranderson.com)

/s/ Timothy T. Mitchell
Timothy T. Mitchell
Texas State Bar Number 14223000
**Attorneys for Market Square Owner, LLC**