**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25-12105-JKS |
| Debtors. | (Jointly Administered) |
| | **Re.: Docket Nos.: 108, 259, 290 & 407** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
SIR BARTON PLACE, LLC TO THE NOTICE OF POTENTIAL ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND
CURE AMOUNTS**

Sir Barton Place, LLC ("SBP"), by its undersigned counsel FBT Gibbons LLP, hereby files this limited objection and reservation of rights (this "Limited Objection") to the above-captioned debtors' (the "Debtors") *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 290] (the "Notice"), the proposed sale of lease designation rights to ASI Purchaser LLC (the "Stalking Horse Bidder"), and certain provisions in the *Notice of Filing of Proposed Sale Order* [D.I. 407] (the "Proposed Sale Order"). In support of this Limited Objection, SBP respectfully states:

**BACKGROUND**

1. On November 22, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. Upon information and belief, the Debtors are operating their businesses and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

managing their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtors and SBP are parties to that certain unexpired lease (the "Lease")[2] of nonresidential real property located in Lexington, Kentucky (the "Leased Premises") whereby the Debtors lease retail space from SBP at the Sir Barton Place shopping center (the "Center").

4. The Leased Premises is located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g.*, *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

5. On December 29, 2025, this Court entered the *Order (I) Approving Bid Procedures and Bid Protections in Connection with Motion to Approve (A) Stalking Horse Asset Purchase Agreement and (B) Stalking Horse Agency Agreement; (II) Scheduling Bid Deadlines and the Auction; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief* [D.I. 259] (the "Procedures Order"),[3] by which the Court approved procedures by which the Debtors are authorized to conduct an auction for the sale of their assets, including certain unexpired leases (the "Lease Assets").

6. As contemplated by the Procedures Order, on January 2, 2026, the Debtors filed the Notice which provides that the Debtors propose to sell (the "Proposed Sale") to the Stalking Horse Bidder designation rights (the "Proposed Designation Rights") for certain of the Debtors' Lease Assets.

7. On January 21, 2026, the Debtors filed the Proposed Sale Order, which proposes additional lease designation procedures (the "Designation Procedures"). Pursuant to the

---

[2] The Lease and related documentation is voluminous, and therefore, has not been attached to this Limited Objection.
[3] Any capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Notice or Procedures Order, applicable.

Designation Procedures, the Debtors, *inter alia*, seek to invalidate provisions of the relevant Lease Assets, including the Lease, that would otherwise inhibit the Debtors or the Stalking Horse Bidder's ability to assume and assign such Lease Assets. *See* Proposed Sale Order at ¶¶ 43-44.

8. As provided in the Notice, objections to proposed cure amounts for the Lease Assets, Stalking Horse Bidder's proposed form of adequate assurance of future performance, or the Proposed Sale must be filed on or before January 28, 2026 at 4:00 p.m. prevailing Eastern Time (the "Objection Deadline").

**LIMITED OBJECTION**

9. Although SBP does not generally object to the Proposed Sale to the Stalking Horse Bidder, SBP does object to any terms of the Proposed Sale that seek to impair, limit and/or modify the rights of SBP under the Lease, the Bankruptcy Code and applicable law. Moreover, any assumption and assignment of the Lease must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the Lease, including, but not limited to, paying all amounts due and owing under the Lease through the effective date of the assumption and assignment of the Lease and complying with all terms of the Lease.

10. Any assumption and assignment of the Lease must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code, including, but not limited to, paying all amounts due and owing under the Lease through the effective date of the assumption and assignment of the Lease (the "Cure Amount").

11. The Cure Amount may increase prior to any actual date of assumption and assignment of the Lease if the Debtors do not pay all amounts that accrue after the date of this Limited Objection regardless of when those amounts accrued.

12. SBP also notes that the Lease imposes certain indemnification and contribution

obligations that arise out of litigation or other claims that may be asserted or threatened against SBP in connection with the Lease. Each of these indemnification and contribution covenants and obligations must be assumed, paid, and otherwise cured in connection with any proposed assumption and assignment of the Lease.

13. In connection with any proposed assumption and assignment of the Lease, all rights of SBP under the Lease (including defenses thereto) must be preserved. As such, any order approving such assignment should specify that SBP's setoff, recoupment, and subrogation rights are preserved, and that the Debtors and the proposed assignee remain liable to SBP for (i) any accrued but unbilled charges under the Lease including but not limited to year-end adjustments for common area maintenance, taxes and similar charges; (ii) any regular or periodic adjustment or reconciliation charges that come due under the Lease; (iii) any percentage rent that may be due under the Lease; (iv) any non-monetary defaults; and/or (v) any insurance, indemnification and other contractual obligations under the Lease regardless of when they accrued. This result is mandated by the requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the Lease. *See* 11 U.S.C. § 365(b)(1).

14. In accordance with section 365 of the Bankruptcy Code, SBP must be provided with sufficient information with respect to adequate assurance of future performance prior to the potential assumption and assignment of the Lease to the proposed assignee. The adequate assurance of future performance information provided to SBP as part of the Proposed Sale must demonstrate the heightened standards for adequate assurance of future performance in a shopping center will be satisfied by the proposed assignee in accordance with section 365 of the Bankruptcy Code.

15. SBP also objects to any attempt by the Debtors, the Stalking Horse Bidder or the

proposed assignee to side-step or invalidate the bargained-for protections in the Lease through, among other things, the Proposed Sale Order and the Designation Procedures contained therein. Any assumption and assignment of the Lease requires the Debtors to assume and assign the Lease in its entirety, including any and all conditions, covenants, monetary and non-monetary obligations and terms contained in the Lease for which the Debtors are responsible. *See In re New York Skyline, Inc.,* 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010) (citations omitted) ("When a debtor assumes the lease…it must assume both the benefits and burdens of the contract. Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-debtor contracting party."). SBP is entitled to the full benefit of its bargain under the Lease and the full protections provided by section 365 of the Bankruptcy Code. *See, e.g.*, *Entertainment, Inc.*, 223 B.R. at 151; *In re New Almacs, Inc.*, 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996); *In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 831 (Bankr. S.D.N.Y. 1996) (each recognizing that section 365(d)(3) of the Bankruptcy Code imposes an affirmative duty on a debtor to comply with all of its leasehold obligations).

16.  Not only does the Proposed Sale Order disregard the long-standing principle that executory contracts are assumed *cum onere*, subject to all its benefits and burdens, it improperly seeks to override or circumvent the protections afforded to landlords under section 365 of the Bankruptcy Code and the bargained-for provisions set forth in their leases. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000). Here, through the Proposed Sale Order and the Designation Procedures, the Debtors seek to, *inter alia*, modify and/or impair the rights of counterparties to the Lease Assets, including SBP, by (i) invalidating certain restrictive provisions in the Lease Assets that would prevent assumption and assignment to a proposed assignee and (ii) permitting subsequent assignees to occupy the relevant leased premises in violation of such Lease Assets, including "going dark" in the space for an unlimited length of time.

3379072.1 118131-110762

17. SBP's rights under the Lease and applicable law must survive the proposed assignment. Any acquisition of the Lease free and clear of claims could presumably result in the impairment of SBP's setoff and recoupment rights under the Lease and applicable law. SBP's rights under the Lease (including defenses thereto) cannot be extinguished through the proposed assignment or the Designation Procedures.

18. Moreover, the proposed assignee must be responsible for satisfying all obligations and charges when due in accordance with the terms of the Lease regardless of when such amounts were incurred. Accordingly, the proposed assignment order must preserve SBP's right to payment of these charges and expressly provide that the proposed assignee continues to be responsible for any and all express and implied covenants and obligations under the Lease or related documents or supplements, regardless of when such covenants or obligations arose.

## CONCLUSION AND RESERVATION OF RIGHTS

19. In sum, SBP is entitled to the full benefit of its bargain under the Lease and the full protection provided by section 365 of the Bankruptcy Code. Any assumption and assignment of the Lease must be in accordance with all provisions of the Lease and the Bankruptcy Code. *See, e.g.*, *Entertainment, Inc.*, 223 B.R. at 151. Accordingly, unless and until the Proposed Sale Order is revised to address SBP's concerns regarding the Proposed Designation Rights and the possible assumption and assignment of the Leases as part of the Proposed Designation Rights, the Proposed Sale should not be approved.

20. Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by SBP of any of its rights under the Lease, the Bankruptcy Code, or applicable law. SBP expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Limited Objection and to assert any additional objections with respect to the Cure

Amount, any proposed assignment, the Proposed Sale Order and any proposed assignment order; (b) amend the Cure Amount; and (c) assert any further objections with respect to the relief requested that may subsequently be sought by the Debtors and/or any other party, as such requested relief relates to the Lease and/or the interests of SBP.

## JOINDER

21.     SBP joins in any objections that are filed by other landlords to the extent that they are not inconsistent with this Limited Objection.

**WHEREFORE**, SBP respectfully requests that this Court: (a) sustain this Limited Objection; (b) affirmatively require the Debtors and the Proposed Assignee to comply with each and every term, condition and obligation set forth in the Lease and include such provisions in a revised version of the Proposed Sale Order; and (c) grant SBP such other and further relief as this Court deems just and appropriate under the circumstances.

[*Signature Page Follows*]

| | |
|---|---|
| Dated: January 28, 2026<br>Wilmington, Delaware | Respectfully submitted,<br><br>**FBT GIBBONS LLP**<br><br>*/s/ Katharina Earle*<br>Katharina Earle (No. 6348)<br>300 Delaware Avenue, Suite 1015<br>Wilmington, DE 19801-1671<br>Tel: (302) 518-6300<br>Fax: (302) 429-6294<br>Email: kearle@fbtgibbons.com<br><br>-and-<br><br>Adam R. Kegley (admitted *pro hac vice*)<br>Joy D. Kleisinger<br>325 West Main Street, Suite 301<br>Lexington, Kentucky 40507<br>Tel: (859) 244-3243<br>Email: akegley@fbtgibbons.com<br>         jkleisinger@fbtgibbons.com<br><br>***Counsel for Sir Barton Place, LLC*** |

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026 a true and correct copy of the foregoing *Limited Objection and Reservation of Rights of Sir Barton Place, LLC to the Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* was sent via CM/ECF electronic mail to all parties receiving CM/ECF noticing.

> */s/ Katharina Earle*
> Katharina Earle (No. 6348)
> **FBT Gibbons LLP**