# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25-12105-JKS |
| Debtors. | (Jointly Administered) |
| | **Re.: Docket Nos.: 108, 259, 290 & 407** |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF TEMPUR WORLD, LLC TO THE (I) NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNTS AND (II) PROPOSED SALE

Tempur World, LLC, by its undersigned counsel and on behalf of its subsidiaries and affiliates (collectively, "Tempur"), files this limited objection and reservation of rights (this "Limited Objection") in connection with the (i) *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amounts* [D.I. 290] (the "Notice") and (ii) Proposed Sale (defined herein).[2] In support of this Limited Objection, Tempur respectfully states:

## BACKGROUND

1. On November 22, 2025 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions (these "Bankruptcy Cases") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Notice or Bid Procedures Order (as defined herein), the Stalking Horse Agreements (as defined herein), as applicable.

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Prior to the Petition Date, the Debtors and Tempur entered into the following agreements (collectively, the "Agreements"): (i) the Retailer Agreement dated March 5, 2021 between American Signature, Inc. and Tempur-Pedic North America, LLC and Sealy Mattress Manufacturing Company, LLC, as amended; (ii) the Letter Agreement dated April 19, 2021 between Tempur and American Signature, Inc.; and (iii) the Supply Agreement dated April 21, 2022 between Tempur Sherwood, LLC ("Sherwood") and American Signature, Inc., as amended.[3] Pursuant to the terms of the Agreements, the Debtors purchase from Tempur Sealy certain Tempur branded bedding products under the trademarks and trade names of Tempur-Pedic®, Sealy®, and Stearns & Foster® and private label products from Sherwood (collectively, the "Tempur Products"). Furthermore, pursuant to the Agreements, the Debtors may be entitled to, among other things, assert claims to or against Tempur for indemnification, warranties, rebates, or other similar incentives relating to the Tempur Products that may otherwise be due and owing to the Debtors under the Agreements (collectively, the "Credits").[4]

4. On November 26, 2025, the Debtors filed their *Motion of the Debtors for Entry of Orders (I)(A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into (I) Stalking Horse Asset Purchase Agreement and (II) Stalking Horse Agency Agreement and to Provide Bid Protections Thereunder, (C) Scheduling an*

---

[3] The Debtors are in possession of copies of the Agreements, which contain confidential and/or proprietary information. Tempur does not believe that any of the terms of the Agreements are in dispute; however, if necessary, Tempur will file the Agreements under seal pursuant to Federal Rules of Bankruptcy Procedure 9018 and 9037 and Local Rule of Bankruptcy Procedure 9018-1.

[4] Tempur reserves all rights with respect to the validity of any Credits.

*Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [D.I. 121] (the "Sale Motion") pursuant to which the Debtors sought, among other things, entry of (i) an order approving the designation of the Stalking Horse Bidder and the related Stalking Horse Agreements (comprised of the Stalking Horse APA and Stalking Horse Agency Agreement), establishing bid procedures for the sale (the "Proposed Sale") of the Aggregate Assets and procedures for the assumption and assignment of the Debtors' executory contracts and unexpired leases and (ii) an order approving the sale of the Aggregate Assets to the successful bidder free and clear of liens, claims, interests and encumbrances.

5. On December 29, 2025, this Court entered the Bid Procedures Order [D.I. 259], which, among other things, approved the Bid Procedures, approved the designation of ASI Purchaser LLC as the Stalking Horse Bidder and procedures for (i) filing objections to the Proposed Sale and (ii) providing notice to contract counterparties of assumption and assignment of any executory contracts and unexpired leases in connection with the Proposed Sale.

6. As contemplated by the Bid Procedures Order, on January 2, 2026, the Debtors filed the Notice which identifies certain executory contracts and unexpired leases that the Debtors may assume and assign in connection with the Proposed Sale. The Agreements are not listed on the Notice.

7. On January 7, 2026, the Debtors filed the *Notice of Successful Bidder, Cancellation of Auction of Aggregate Assets, and Adjournment of Auction with Respect to Certain Real Property*

*Leases* [D.I. 344] providing notice, among other things, that the Debtors designate ASI Purchaser LLC as the Successful Bidder for the Aggregate Assets pursuant to the Stalking Horse Agreements.

8. Pursuant to the Stalking Horse APA, ASI Purchaser LLC is acquiring the Sellers' right, title and interest in and to the Acquired Assets free and clear of any and all Encumbrances other than Permitted Post-Closing Encumbrances. The term Acquired Assets under the Stalking Horse APA includes:

> (d) all receivables owed to the Sellers . . .
>
> (r) other than the Seller Retained Claims, any and all rights, Claims, Actions, rebates, refunds, causes of action, choses in action, suits or proceedings, hearings, audits, rights of recovery, rights of setoff, rights of recoupment, rights of reimbursement, rights of indemnity or contribution and other similar rights (known and unknown, matured and unmatured, accrued or contingent, regardless of whether such rights are currently exercisable or have been asserted) against any Person, including, without limitation, (i) any and all Claims or choses in action, warranties, representations, guarantees, indemnities and other contractual claims (express, implied or otherwise), . . .

*See* Section 3.1(d) & ® of Stalking Horse APA. Based on the foregoing, Tempur understands that the Acquired Assets may include Credits under the Agreements, if any, presumably resulting in the impairment of Tempur's setoff and recoupment rights under the Agreements and/or applicable law.

9. On January 22, 2026, the Debtors filed the proposed form of order approving the Proposed Sale [D.I. 407] (the "Proposed Sale Order"). The Proposed Sale Order provides that the Acquired Assets being sold and transferred to the Successful Bidder free and clear include rebates, refunds, rights of recovery, among other things, collectively defined as Assigned Claims in the Proposed Sale Order).

**LIMITED OBJECTION**

10. Tempur files this Limited Objection out of an abundance of caution to preserve and reserve Tempur's rights under the Agreements, the Bankruptcy Code and applicable law, as it relates to (i) any potential assumption and assignment of the Agreements by the Debtors and (ii) the Proposed Sale. While Tempur does not generally object to the Proposed Sale or the relief requested by the Debtors in connection with the Proposed Sale, Tempur files this Limited Objection to the extent the Debtors seek, through the Proposed Sale or the Proposed Sale Order, to extinguish or otherwise impair Tempur's rights of setoff, recoupment, or any other legal rights that exist in law or equity with respect to the Agreements and the Credits. The Proposed Sale Order should clearly provide that Tempur's rights under the Agreements, including Tempur's rights in connection with the Credits, are fully preserved.

   *a. Potential Assumption and Assignment of the Agreements*

11. As previously noted, the Agreements are not identified on the Notice. Notwithstanding, in the event the Debtors seek to assume and assign some or all of the Agreements, Tempur expressly reserves all of its rights, including, but not limited to, (i) the right to argue that the Agreements are not executory, not capable of being assumed and assigned and/or are no longer valid or have expired; and (ii) its setoff, recoupment and any other legal rights that exist in law and equity with respect to the Agreements in connection with the proposed assumption and assignment.

12. As of the date of this Limited Objection, Tempur is owed by the Debtors not less than $5,474,402.57 under the Agreements. Any assumption and assignment of the Agreements to the Successful Bidder must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the Agreements, including, but not limited to, paying all amounts due and owing under the Agreements through the effective date of the assumption and

3379149.1 119099-114683

assignment of the Agreements and complying with the terms of the Agreements.

### b. *Proposed Sale*

#### i. Tempur's Right of Setoff Must be Preserved in Connection With the Proposed Sale

13. Here, the Debtors intend to sell to the Successful Bidder the Acquired Assets (which Tempur understands may include any Credits under the Agreements) free and clear of Encumbrances, impairing Tempur's defenses to the Credits as well as Tempur's right of setoff under the Agreements and/or applicable law. If the Debtors and the Successful Bidder intend for the Proposed Sale or the Proposed Sale Order to bar any and all defenses to the Credits, including any right of setoff pursuant to section 553 of the Bankruptcy Code, such application is contrary to the express provisions of section 553 of the Bankruptcy Code, particularly here where it is not clear if Tempur will be adequately protected in connection with the Proposed Sale.[5]

14. Accordingly, the Proposed Sale Order should expressly provide that any defenses of Tempur in connection with the sale of the Acquired Assets, including but not limited to Tempur's right of setoff under the Agreements, including Tempur's rights in connection with the Credits, are fully preserved.

#### ii. The Proposed Sale Cannot be Free and Clear of Tempur's Recoupment Rights

15. While section 363(f) of the Bankruptcy Code authorizes a trustee to sell property free and clear of any interest that any entity has in such property, 11 U.S.C. §363(f), it is well

---

[5] Even if the Debtors are permitted to sell the Acquired Assets free and clear of Tempur's right of setoff, the sale of the Acquired Assets must be conditioned upon adequate protection of Tempur's right of setoff pursuant to section 363(e) of the Bankruptcy Code. *See Precision Indus., Inc. v. Qualitech Steel SBQ, LLC (In re Qualitech Steel Corp.)*, 327 F.3d 537, 547-48 (7th Cir. 2003) ("[P]arties whose interests may be adversely affected by the sale of estate property. . . . have the right to seek protection under section 363(e), and upon request, the bankruptcy court is obligated to ensure that their interests are adequately protected."). Here, Tempur's right of setoff gives rise to an allowed secured claim pursuant to section 506 of the Bankruptcy Code and, as such, is entitled to adequate protection under section 363(e) of the Bankruptcy Code. *Szmanski v. Wachovia Bank, N.A. (In re Szmanski)*, 413 B.R. 232, 241-42 (Bankr. E.D. Pa. 2009). At present, it is unclear if Tempur would be accorded the indubitable equivalent of its interest, as required under section 361 of the Bankruptcy Code, in connection with the Proposed Sale.

settled that a debtor is not permitted to sell their assets free and clear of the right of recoupment, since such right is a defense and not an interest that can be extinguished through a section 363(f) sale. *Matter of U.S. Abatement Corp.*, 79 F.3d 393, 398-400 (5th Cir. 1996); *see Folger Adam Sec., Inc. v. DeMatteis/MacGregor JV,* 209 F.3d 252, 260 (3d Cir. 2000).

16. Furthermore, in *Folger Adam*, the Third Circuit discussed a debtor's ability to sell assets free and clear of both recoupment and setoff rights. Regarding recoupment, the court noted that:

> Recoupment . . . allows the creditor to assert that certain mutual claims extinguish one another in bankruptcy, in spite of the fact that they could not be setoff under 11 U.S.C. § 553. The justification for the recoupment doctrine is that where the creditor's claim against the debtor arises from the same transaction as the debtor's claim, it is essentially a defense to the debtor's claim against the creditor rather than a mutual obligation, and application of the limitation of setoff in bankruptcy would be inequitable.

209 F.3d at 260 (quoting *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Circ. 1984)). Accordingly, the Third Circuit held that "a right of recoupment is a defense and not an interest and, therefore, is not extinguished by a § 363(f) sale" *Id*. at 261; *see also Daewoo Int'l (Am.) Corp. Creditor Tr. v. SSTS Am. Corp.,* No. 02 CIV. 9629 (NRB), 2003 WL 21355214, at *5 (S.D.N.Y. June 11, 2003) ("recoupment is not a 'claim' within the meaning of the Bankruptcy Code..."); *In re FormTech Indus., LLC,* 439 B.R. 352, 358 (Bankr. D. Del. 2010) (recoupment rights are defenses not extinguished under Bankruptcy Code section 363(f)); *In re Northstar Offshore Grp., LLC*, No. 16-34028, 2018 WL 4445082, at *3 (Bankr. S.D. Tex. Sept. 14, 2018) ("a debtor has no interest in property that is subject to a right of recoupment").

17. Accordingly, the Debtors should not be permitted to sell the Acquired Assets free and clear of Tempur's recoupment rights. The Proposed Sale Order must expressly preserve any recoupment rights that Tempur may have in connection with the Agreements, including any

recoupment rights that Tempur may have in connection with the Credits. Tempur's rights cannot be extinguished through the Proposed Sale or the Proposed Sale Order.

    iii. <u>The Successful Bidder is not Entitled to Assert Claims, if any, Against Tempur for Indemnification, Warranties or Rebates, if any, if Agreements are Not Assumed and Assigned</u>

18. Pursuant to the terms of the Agreements, the Debtors may be able to, among other things, assert claims to Tempur for indemnification, warranties, rebates, or other similar incentives relating to the Tempur Products.

19. To the extent that the Agreements are not being assumed and assigned to the Successful Bidder, the Proposed Sale cannot entitle the Successful Bidder to assert claims, if any, against Tempur for indemnification, warranties, rebates, or other similar incentives relating to the Tempur Products. Tempur objects to the Proposed Sale to the extent that Debtors seek to allow the Successful Bidder to assert claims against Tempur under the Agreements or to the extent the Debtors attempt to assert claims against Tempur on behalf of the Successful Bidder.

20. Accordingly, if the Agreements are not being assumed and assigned to the Successful Bidder, the Proposed Sale Order should provide that the Successful Bidder will not be entitled to assert claims against Tempur for indemnification, warranties, rebates, or other similar incentives relating to the Tempur Products.

    iv. <u>The Successful Bidder Cannot Use Tempur's Intellectual Property if Agreements are Not Assumed and Assigned to Successful Bidder</u>

21. In an effort to preserve and protect Tempur's brands, the Agreements between the Debtors and Tempur specifically restrict the ability of the Debtors to use Tempur trade names and trademarks on advertising and promotions. To the extent that the Proposed Sale does not involve the assumption and assignment of the Agreements to the Successful Bidder, Tempur objects to the Proposed Sale if it seeks to circumvent the Agreements and transfer to the Successful Bidder the

Debtors' limited rights for the use of Tempur trade names and trademarks. If the Agreements are not assumed and assigned to the Successful Bidder, the Proposed Sale Order should expressly provide that the Successful Bidder will not be entitled to use Tempur's trade names and trademarks.

       v.  <u>Tempur Requests Language be Included in the Proposed Sale Order</u>

22.    To address Tempur's concerns raised herein, Tempur proposes the following language (the "<u>Proposed Language</u>") be inserted into the Proposed Sale Order:

> Notwithstanding any provision of this Order or the Stalking Horse Agreements to the contrary, to the extent the assets transferred to the Successful Bidder include any assets related to Tempur World, LLC and its subsidiaries and affiliates, such transfer shall not be free and clear of, and shall not impair in any respect, any rights of setoff or recoupment arising under contract, statute, or common law or other affirmative defenses to payment held by Tempur World, LLC and subsidiaries and affiliates. Further, notwithstanding anything in this Order or the Stalking Horse Agreements to the contrary: (i) no rights under that certain (a) the Retailer Agreement dated March 5, 2021 between American Signature, Inc. and Tempur-Pedic North America, LLC and Sealy Mattress Manufacturing Company, LLC, as amended; (b) the Letter Agreement dated April 19, 2021 between Tempur and American Signature, Inc.; and (c) the Supply Agreement dated April 21, 2022 between Tempur Sherwood, LLC and American Signature, Inc., as amended (collectively, as amended, the "**Tempur Agreements**") are being transferred to the Successful Bidder pursuant to this Order or the Stalking Horse Agreements; (ii) the Successful Bidder shall not be permitted to utilize, without the express permission of Tempur World, LLC ("**Tempur**"), any intellectual property assets of Tempur including, but not limited to, Tempur-Pedic®, Sealy® and Stearns & Foster® trade names and trademarks (the "**Tempur Marks**"); provided, however, that the foregoing shall not (x) in any way limit or otherwise restrict the Successful Bidder's sale or other disposition pursuant to the Stalking Purchase Agreements of any Tempur products that are included in Debtors' inventory that are the subject of the Stalking Horse Agreements in the Successful Bidder's capacity as Agent under the Stalking Horse Agency Agreement and in the course of the store closing sales; (y) in any way preclude the Successful Bidder from selling any Acquired Assets purchased by Successful Bidder that include the Tempur Marks, or (z) obligate the Successful Bidder to remove any Tempur Marks from the Acquired Assets purchased by the Successful Bidder in connection with any sales or otherwise; provided further, however, with respect to any Acquired Assets purchased by Successful Bidder that include the Tempur Marks (as distinguished from Merchandise that is subject to disposition under the Stalking Horse Agency Agreement), Successful Bidder shall not be permitted to include Tempur Marks in

advertising or other promotions; (iii) Successful Bidder shall not be entitled to assert a claim against Tempur for indemnification, warranties, rebates, or incentives that may otherwise be due and owing to the Debtors pursuant to the Tempur Agreements; and (iv) Tempur reserves all of its rights and remedies under the Tempur Agreements against the Debtors and nothing in this Order or the Stalking Horse Agreements shall abrogate Tempur's rights under the Tempur Agreements against the Debtors.

## **RESERVATION OF RIGHTS**

23.     Tempur reserves any and all rights to supplement and/or amend this Limited Objection and expressly reserves the right to assert any further objections with respect to the Proposed Sale as it deems necessary or appropriate.

## **CONCLUSION**

**WHEREFORE**, Tempur respectfully requests that this Court sustain this Limited Objection and grant Tempur such other and further relief as this Court deems just and appropriate under the circumstances.

[*Signature page follows*]

| | |
|---|---|
| Dated: January 28, 2026<br>Wilmington, Delaware | Respectfully submitted,<br><br>**FBT GIBBONS LLP**<br><br>*/s/ Katharina Earle*<br>Katharina Earle (No. 6348)<br>300 Delaware Avenue, Suite 1015<br>Wilmington, DE 19801-1671<br>Tel: (302) 518-6300<br>Fax: (302) 429-6294<br>Email: kearle@fbtgibbons.com<br><br>-and-<br><br>John S. Mairo (admitted *pro hac vice*)<br>One Gateway Center<br>Newark, NJ 07102<br>Tel: (973) 596-4500<br>E-mail: jmairo@fbtgibbons.com<br><br>-and-<br><br>Ronald E. Gold (admitted *pro hac vice*)<br>Erin P. Severini (admitted *pro hac vice*)<br>Joy Kleisinger (admitted *pro hac vice*)<br>3300 Great American Tower<br>301 East Fourth Street<br>Cincinnati, OH 45202<br>Tel: (513) 651-6800<br>Fax: (513) 651-6981<br>Email: rgold@fbtgibbson.com<br>       eseverini@fbtgibbons.com<br>       jkleisinger@fbtgibbons.com<br><br>***Counsel for Tempur World, LLC and its affiliates and subsidiaries*** |

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026 a true and correct copy of the foregoing *Limited Objection and Reservation of Rights of Tempur World, LLC to the (i) Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amounts and (ii) Proposed Sale* was sent via CM/ECF electronic mail to all parties receiving CM/ECF noticing.

    */s/ Katharina Earle*
    Katharina Earle (No. 6348)
    **FBT Gibbons LLP**