**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| American Signature, Inc., *et al.*, | Case No. 25-12105-JKS |
| Debtor(s). | Jointly Administered |

**CASTERA TRANSPORTATION SERVICES LLC'S OBJECTION TO DEBTORS'
NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

Castera Transportation Services LLC ("**Creditor**"), by and through undersigned counsel, hereby files this objection (the "**Objection**") to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 290] (the "**Cure Notice**") filed by the above-captioned debtors (the "**Debtors**"), and respectfully states as follows:

1.      On November 22, 2025 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

2.      Creditor is a furniture delivery company located in 13942 Bufflehead Street, Clarksburg, Maryland 20871.

3.      Creditor is a counterparty to certain home delivery service contract(s) with Debtor American Signature Inc.  *See* D.I. 228, Schedule G, Item 2.42.

4.      On December 29, 2025, the Court entered the Bid Procedures Order [D.I 259] which set forth procedures for a proposed sale of substantially all of the Debtors' assets and the assumption and assignment of the Debtors' executory contracts.

5.      On January 2, 2026, the Debtors filed the Cure Notice [D.I. 290], which identifies certain executory contracts that the Debtors may assume and assign in connection with the proposed sale.

6.      The Cure Notice lists Creditor as having an executory contract that may be assumed and assigned.

7.      And, the Cure Notice incorrectly lists the cure amount for Creditor's contract as $527,031.26.

8.      This figure is incorrect and significantly understates the actual amount owed on account of pre-petition invoices – which is $743,732.64, comprised of the following eighty-one (81) outstanding pre-petition invoices:

| Invoice Issue Date | Invoice Number | Invoice Amount |
|---|---|---|
| 10/31/25 | 59-00120 | $ 5,430.00 |
| 10/31/25 | 116-00056 | $ 3,192.50 |
| 10/31/25 | 130-00030 | $ 2,850.00 |
| 10/31/25 | 69-00028 | $ 2,570.00 |
| 10/31/25 | 76-00013 | $ 3,477.50 |
| 10/31/25 | 163-00026 | $ 2,250.00 |
| 10/31/25 | 78-00013 | $ 1,205.00 |
| 10/31/25 | 66-00058 | $ 2,380.00 |
| 10/31/25 | 151-00026 | $ 910.00 |
| 10/31/25 | 132-00020 | $ 1,430.00 |
| 10/31/25 | 74-00106 | $ 2,100.00 |
| 10/31/25 | 447-00022 | $ 1,605.00 |
| 11/01/25 | 100-00161 | $ 9,663.19 |
| 11/01/25 | 124-00159 | $ 6,330.52 |
| 11/01/25 | 92-00159 | $ 7,448.80 |
| 11/01/25 | 90-00164 | $ 6,953.07 |
| 11/01/25 | 415-00154 | $ 9,889.48 |
| 11/01/25 | 412-00158 | $ 5,204.83 |
| 11/01/25 | 104-00158 | $ 13,949.90 |
| 11/01/25 | 835-00052 | $ 44,429.35 |
| 11/01/25 | 98-00159 | $ 10,434.86 |
| 11/01/25 | 93-00156 | $ 10,928.35 |
| 11/01/25 | 47-00158 | $ 16,281.79 |
| 11/01/25 | 431-00059 | $ 10,008.07 |
| 11/01/25 | 416-00156 | $ 10,057.66 |
| 11/01/25 | 413-00059 | $ 10,003.66 |
| 11/08/25 | 124-00160 | $ 6,006.92 |
| 11/08/25 | 412-00159 | $ 5,375.16 |
| 11/08/25 | 415-00155 | $ 9,868.82 |
| 11/08/25 | 90-00165 | $ 8,000.80 |
| 11/08/25 | 92-00160 | $ 8,485.57 |
| 11/08/25 | 93-00157 | $ 9,995.58 |
| 11/08/25 | 98-00160 | $ 8,556.14 |
| 11/08/25 | 100-00162 | $ 9,846.74 |
| 11/08/25 | 413-00060 | $ 10,426.26 |
| 11/08/25 | 416-00157 | $ 10,440.07 |
| 11/08/25 | 47-00159 | $ 16,009.85 |
| 11/08/25 | 431-00060 | $ 10,483.31 |

| 11/08/25 | 835-00053 | $ | 41,645.91 |
| 11/08/25 | 104-00159 | $ | 13,271.52 |
| 11/15/25 | 92-00161 | $ | 8,828.57 |
| 11/15/25 | 47-00160 | $ | 17,282.20 |
| 11/15/25 | 835-00054 | $ | 44,216.96 |
| 11/15/25 | 93-00158 | $ | 10,404.74 |
| 11/15/25 | 98-00161 | $ | 9,781.70 |
| 11/15/25 | 124-00161 | $ | 9,615.22 |
| 11/15/25 | 104-00160 | $ | 12,797.53 |
| 11/15/25 | 100-00163 | $ | 10,264.95 |
| 11/15/25 | 90-00166 | $ | 7,982.83 |
| 11/15/25 | 431-00061 | $ | 10,329.41 |
| 11/15/25 | 416-00158 | $ | 8,948.74 |
| 11/15/25 | 415-00156 | $ | 10,239.54 |
| 11/15/25 | 413-00061 | $ | 10,075.02 |
| 11/15/25 | 412-00160 | $ | 6,637.67 |
| 11/17/25 | 76-00014 | $ | 1,630.00 |
| 11/17/25 | 447-00023 | $ | 320.00 |
| 11/17/25 | 59-00121 | $ | 1,120.00 |
| 11/17/25 | 186-00012 | $ | 590.00 |
| 11/17/25 | 78-00015 | $ | 1,000.00 |
| 11/17/25 | 130-00031 | $ | 1,970.00 |
| 11/17/25 | 69-00029 | $ | 1,330.00 |
| 11/17/25 | 66-00059 | $ | 695.00 |
| 11/17/25 | 116-00057 | $ | 1,005.00 |
| 11/17/25 | 151-00027 | $ | 1,030.00 |
| 11/17/25 | 74-00107 | $ | 1,380.00 |
| 11/17/25 | 163-00027 | $ | 1,500.00 |
| 11/17/25 | 186-00011 | $ | 700.00 |
| 11/22/25 | 835-00055 | $ | 47,658.36 |
| 11/22/25 | 47-00161 | $ | 16,101.70 |
| 11/22/25 | 93-00159 | $ | 12,059.94 |
| 11/22/25 | 124-00162 | $ | 8,137.56 |
| 11/22/25 | 104-00161 | $ | 12,661.96 |
| 11/22/25 | 98-00162 | $ | 8,863.40 |
| 11/22/25 | 100-00164 | $ | 11,892.17 |
| 11/22/25 | 92-00162 | $ | 8,484.22 |
| 11/22/25 | 90-00167 | $ | 9,377.91 |
| 11/22/25 | 431-00062 | $ | 10,179.65 |
| 11/22/25 | 416-00159 | $ | 10,507.36 |
| 11/22/25 | 415-00157 | $ | 10,086.49 |
| 11/22/25 | 413-00062 | $ | 10,035.67 |
| 11/22/25 | 412-00161 | $ | 6,614.99 |
| **Total:** | | **$** | **743,732.64** |

Copies of the foregoing invoices are attached hereto marked as **Exhibit A**.

9.      Pursuant to 11 U.S.C. § 365(b)(1), the Debtors may not assume or assign any executory contract without curing all existing defaults and providing adequate assurance of future performance.

10.    Creditor objects to the Cure Notice because it proposes an incorrect cure amount of only $527,031.26.

11.    Creditor hereby requests that the Court set the cure amount at no less than $743,732.64.

12.    Additionally, Creditor requests that any proposed assignee of the contract demonstrate adequate assurance of future performance, including financial capacity and operational readiness.

13.    Permitting assumption and assignment of the agreement without full payment of the amounts owed would cause substantial prejudice to Creditor, who procured materials and fulfilled orders in reliance on Debtors' nomination letters and prepetition forecasts.

14.    Creditor reserves the right to supplement this Objection, assert additional amounts, and object to any proposed assumption or assignment in connection with the sale hearing or thereafter.

WHEREFORE, Creditor respectfully requests that the Court (i) determine the correct cure amount to be $743,732.64; (ii) condition any assumption or assignment on full cure and adequate assurance of future performance; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: January 28, 2026

Respectfully submitted,

KASEN LAW GROUP, P.C.

*/s/ Jenny R. Kasen*
Jenny R. Kasen, Esquire (DE Bar No. 5849)
1213 N. King Street, Suite 2
Wilmington, DE 19801
Telephone: (302) 652-3300
E-Mail: jkasen@kasenlawgroup.com

*Counsel to Creditor*