**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMERICAN SIGNATURE, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12105 (JKS)<br>(Jointly Administered)<br>Re: Docket Nos. 108, 290, 407<br>**Hearing Date: February 4, 2026 at 10:00 a.m.**<br>**Objection Deadline: January 28, 2026 at 4:00 p.m.** |

**LIMITED OBJECTION OF ELSTON LEAVITT, LLC TO: (I) SALE MOTION, (II)
NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS, AND (III)
PROPOSED SALE ORDER**

Elston Leavitt, LLC ("Elston"), through undersigned counsel, submits this limited

objection (the "Limited Objection") to the: (I) *Motion of the Debtors for Entry of Orders (I)(A)*

*Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing*

*the Debtors to Enter Into (I) Stalking Horse Asset Purchase Agreement and (II) Stalking Horse*

*Agency Agreement and to Provide Bid Protections Thereunder, (C) Scheduling An Auction and*

*Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment*

*Procedures, and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice*

*Thereof; (II)(A) Approving the Sale of Assets Free and Clear of Liens, Claims, Interests, and*

*Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and*

*Unexpired Leases; and (III) Granting Related Relief* [Docket No. 108] (the "Sale Motion"); (II)

*Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and*

*Cure Amounts* [Docket No. 290] (the "Cure Notice"); and (III) *Notice of Filing of Proposed Sale*

*Order* [Docket No. 407] (the "Proposed Sale Order"), and in support hereof respectfully states as

follows:

## Background

1.      Elston and Debtor ASI Elston LLC (the "Debtor") are parties to a ground lease (as

1

amended, the "Ground Lease") for certain property in the City of Chicago located at 2530-2536 N. Elston Ave. ("Store 160") that the Debtors refer to as Store 160.

2.      On November 22, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On November 26, 2025, the Debtors filed the Sale Motion. In the Sale Motion, the Debtors explicitly carve the Ground Lease for Store 160 out of the proposed sale (the "Sale"). As part of the list of Excluded Assets set forth in the Sale Motion, the Debtors include:

> (k) the Elston Location, the applicable lease and any Potential Assigned Agreements Primarily Related thereto; provided that the Agent shall nevertheless acquire the right to liquidate the inventory and Equipment at the Elston Location pursuant to the Agency Agreement.

Sale Motion at p. 17. The Asset Purchase Agreement Dated as of November 25, 2025 by and among ASI Purchaser LLC, American Signature, Inc., SEI, Inc., and the other Parties Signatory hereto, which is attached to the Sale Motion as Exhibit B (the "APA"), defines the "Elston Location" as "the Location at 2536 N. Elston Ave., Chicago, IL 60647." *See* Sale Motion, Ex. B, at p. 6.

4.      On January 4, 2026, the Debtors filed the *Contingent Notice of Intent to Commence Chainwide Liquidation Sale* [Docket No. 313] (the "Liquidation Notice") listing Store 160 as a location for a liquidation sale in accordance with procedures approved by this Court in the *Order (I) Approving Bid Procedures and Bid Protections in Connection with Motion to Approve (A) Stalking Horse Asset Purchase Agreement and (B) Stalking Horse Agency Agreement; (II) Scheduling Bid Deadlines and the Auction, (III) Approving Form and Manner of Notice Thereof, and (IV) Granted Related Relief* [Docket No. 259] (the "Bid Procedures Order") and the *Interim*

*Order Granting in Part and Continuing in Part Debtors' Motion to (A) Assume the Consulting Agreement, (B) Conduct Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims and Encumbrances, (C) Scheduling a Hearing, and (D) Granting Related Relief entered by the Court on November 26, 2025* [Docket No. 104], which was made final by Docket No. 352 (collectively, the "Consulting Agreement Order").

5.      Despite carving Store 160 out of the Sale, the Debtors filed the Cure Notice on January 2, 2026, including Store 160, and indicating that no cure amount was due to Elston for Store 160, which Elston disputes.

6.      On January 7, 2026, the Debtors filed the *Notice of Successful Bidder, Cancellation of Auction of Aggregate Assets, and Adjournment of Auction with Respect to Certain Real Property Interests* [Docket No. 344] ("Notice of Cancellation of Auction"), which confirmed the Debtors' use of Store 160 for liquidation sales commencing on January 9, 2026.

7.      On January 16, 2026, Elston filed the *Motion of Elston Leavitt, LLC for Immediate Payment of Post-Petition Property Taxes Pursuant to 11 U.S.C. § 365(d)(3) and Stub Rent Pursuant to 11 U.S.C. 503(b)(1)* [Docket No. 390] (the "365(d)(3) Motion").   The 365(d)(3) Motion sets forth in detail the amounts immediately due and owing Elston, including post-petition rent, taxes, late fees, and accruing interest totaling no less than $96,091.00 as of January 16, 2026 (the "Outstanding Balance").   The 365(d)(3) Motion is incorporated herein by reference.

8.      On January 21, 2026, the Debtors filed the Proposed Sale Order listing Store 160 in Exhibit B as a "Retail Store and Distribution Center."   The preamble to the Proposed Sale Order defines these terms as follows and in the following context:

> ASI Purchaser LLC (in its capacities as (i) the Buyer under and as defined in the APA (as defined below) (together with any designee in accordance with the terms of the APA, the "Purchaser") and (ii) the Agent under and as defined in the Agency Agreement (as defined

below) (together with any designee in accordance with the terms of the Agency Agreement, the "Agent")) and SEI, Inc. (the "Guarantor") having agreed upon terms and conditions for the Agent to act as the Debtors' exclusive agent to conduct sales (the "Sale") of certain of the Debtors' assets, including, without limitation, the Merchandise (as defined in the Agency Agreement), Owned FF&E (as defined in the Agency Agreement) and certain other assets (as more fully described in the Agency Agreement) (collectively, together with the Merchandise and the Owned FF&E, the "Sale Assets"), at the stores (the "Stores") and distribution centers (the "Distribution Centers"), in each case as set forth on Exhibit B attached hereto, which terms and conditions are set forth in that certain Agency Agreement, by and among the Agent and Debtors, substantially in the form filed at Docket No. 108 together with such modifications as may be agreed between the Debtors and the Agent (as amended, supplemented or otherwise modified in accordance with the terms thereof, including pursuant to the First Amendment to Agency Agreement, dated as of January 2, 2026, the "Agency Agreement")

Proposed Sale Order at p. 1.

9.      Thereafter, Elston and the Debtors began negotiating a proposed lease termination agreement to address the Ground Lease, Store 160, and the Outstanding Balance.  The negotiations remain preliminary, and Elston determined to file this Limited Objection because, although Store 160 was explicitly omitted from the Sale Motion, the Debtors continue to file documents related to the Sale Motion that include Store 160.

<u>**Limited Objection**</u>

10.      While Elston does not object to the Sale in theory—as the Debtors allege the Sale does not include Store 160—the Debtors' pleadings have been unclear and inconsistent regarding the disposition of Store 160 at the Ground Lease.

11.      The Debtors explicitly carved Store 160 and the Ground Lease out of the Proposed Sale.  As an Excluded Asset, Store 160 should not be included in the Cure Notice.  The Debtors agree that Store 160 can be excluded from the Cure Notice.  However, nothing has been filed

stating that Store 160 is excluded from the Cure Notice.

12.     In addition, the Proposed Sale Order does not clearly explain why Store 160 was included in Exhibit B to the Proposed Sale Order.  The definitions in the Proposed Sale Order related to Exhibit B are lengthy and refer to hundreds of pages of additional pleadings with multiple defined terms that have been amended and modified as these cases have progressed.  While such modifications are expected in a bankruptcy proceeding, the meaning of "Stores" and "Distribution Centers" in the Sale Order are convoluted and uncertain.  Elston acknowledges that Store 160 is the location of a liquidation sale, but Elston is uncertain if any other rights or property interests in Store 160, the Ground Lease, and the Outstanding Balance are proposed to be impaired or modified by the Sale pleadings.  There is no reason to include Store 160 in Exhibit B as other pleadings like the Consulting Agreement Order and Liquidation Notice have already authorized a liquidation sale at Store 160.  *See, e.g.,* Docket Nos. 104, 259, 313, and 352.  No further authorization of the liquidation sale at Store 160 is necessary for the Debtors.

13.     Accordingly, Elston requires written assurance in the Sale Order that: (1) Elston remains an Excluded Asset in the APA, and (2) the Sale Motion, Proposed Sale Order, and Cure Notice shall not: (i) impede, impair, or interfere with Elston's rights to Store 160 and the Outstanding Balance, or (ii) modify or impact the Ground Lease in any way.

14.     Elston objects to any attempts of the Debtor to control the disposition of the Ground Lease though the Sale Motion and Proposed Sale Order.  Elston further objects to the inclusion of Store 160 in the Cure Notice.

WHEREFORE, Elston respectfully requests that specific language be included in the Proposed Sale Order to obviate the concerns set forth in this Limited Objection.

Dated: January 28, 2025

**A. M. SACCULLO LEGAL, LLC**

*/s/ Mary E. Augusitne*
Anthony M. Saccullo (Bar No. 4141)
Mark T. Hurford (Bar No. 3299)
Mary E. Augustine (Bar No. 4477)
27 Crimson King Drive
Bear, Delaware 19701
(302) 836-8877
(302) 836-8787 (facsimile)
Email: ams@saccullolegal.com
        mark@saccullolegal.com
        meg@saccullolegal.com

*Counsel to Elston Leavitt LLC*
