## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>AMERICAN SIGNATURE, INC., *et al.*,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 25–12105 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 108, 290**<br><br>**Objection Deadline: January 30, 2026 at 4:00 p.m. (ET)[2]**<br>**Hearing Date: February 4, 2026 at 10:00 a.m. (ET)** |

### OBJECTION OF WALDEN/DICK/WR-I FLA TO THE NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNT

Walden/Dick/WR-I FLA (the "Landlord") by and through its undersigned counsel submits this limited objection (the "Objection") to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "Assumption Notice").[3]  In support of this Objection, Landlord respectfully states as follows:

### BACKGROUND

1.      Landlord is the owner or an affiliate of or the managing agent for the owner of a shopping center located in the United States where Debtors lease retail space pursuant to a written lease (the "Lease") at the location listed on the attached **Exhibit A** (the "Leased Premises"). The Leased Premises is located in a shopping  center as that term is used in section 365(b)(3) of the Bankruptcy Code.  *See In re Joshua Slocum, Ltd.*, 922 F.2d. 1081 (3d Cir. 1990).

---

[1]      The Debtors in these chapter 11 cases (these "Chapter 11 Cases") are: American Signature, Inc.; American Signature Home Inc.; American Signature USA Inc.; ASI Pure Promise Insurance LLC; ASI Elston LLC; ASI – Laporte LLC; ASI Polaris LLC; ASI Thomasville LLC; and American Signature Woodbridge LLC.

[2]      Extended as to the Landlord by consent of the Debtors.

[3]      Docket No. 290.  Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Assumption Notice.

2.      On November 22, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.  Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On November 26, 2025, the Debtors filed their *Motion of the Debtors for Entry of Orders (I)(A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter into (I) Stalking Horse Asset Purchase Agreement and (II) Stalking Horse Agency Agreement and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief*, (the "Bid Procedures Motion") seeking to approve the stalking horse asset purchase agreement with ASI Purchaser, LLC (the "Stalking Horse Buyer").[4] The Bid Procedures Motion was approved on December 29, 2025.[5]

4.      On January 2, 2026, Debtors filed the Assumption Notice, which included proposed cure amounts for certain executory contracts and unexpired leases subject to potential assumption and assignment to the Stalking Horse Buyer.[6]  For the Lease, the cure amount listed in

---

[4]      Docket No. 108.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration (as defined below), as applicable.

[5]      Docket No. 259.

[6]      Docket No. 290.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Assumption Motion.

the Assumption Notice is included on **Exhibit A**, attached hereto, in the column "Debtor Cure Amount."

## OBJECTION

### I.    THE PROPOSED CURE AMOUNT IS INCORRECT

5.    The Landlord disputes the cure amount proposed by the Debtors in the Assumption Notice.  The correct cure amount for the Lease is set forth on the attached **Exhibit A** (the "Landlord Cure Amount"), which include estimates of attorneys' fees incurred to date. Landlord reserves the right to amend the cure amounts to include additional amounts that continue to accrue, including non-monetary obligations, and any other obligations that arise and/or become known to Landlord prior to assumption and assignment of the Lease.

6.    Pursuant to the Lease, Debtors are obligated to pay regular installments of fixed monthly rent, percentage rent, and/or gross rent, as well as a share of common area maintenance costs, real estate taxes, and assessments.  In addition, prior to assumption and assignment of the Lease, Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Lease and compensate Landlord for any actual pecuniary loss, including the payment of related attorneys' fees.  *See* 11 U.S.C. §365(b)(1)(B).

7.    Attorney's fees due under the Lease are compensable.  *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494–96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14–15 (Bankr. D. Del. 2001); *In re BAB Enters., Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986).  Accordingly, as part of their pecuniary losses, Landlord is entitled to attorney's fees in connection with Debtors' obligation to cure all monetary defaults under the Lease.

8.      Additionally, the Assumption Notice and the proposed cure amount fail to adequately address the payment of: (i) amounts that come due and owing between the time of the filing of the Assumption Notice and the potential date of assumption and assignment of the Lease, and (ii) amounts that are not currently due and payable but that may become due and payable post-assumption and assignment which relate back to the pre-assumption and assignment time period. The amounts necessary to cure defaults under the Lease may increase prior to the actual assumption of the Lease if the Debtors do not pay all amounts that accrue and become due at the time of assumption of the Lease.

## II.    THE DEBTORS MUST PROVIDE EVIDENCE OF ADEQUATE ASSURANCE OF FUTURE PERFORMANCE UNDER THE LEASE

### A.      *Adequate Assurance of Future Performance for Leases*

9.      To assume the Lease, Debtors must provide the Landlord with adequate assurance of its future performance.  Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee–
>
> (A)  cures, or provides adequate assurance that the trustee will promptly cure, such default…;
>
> (B)  compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and
>
> (C)  provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

Shopping center landlords receive heightened statutory protections under the Bankruptcy Code in connection with the assumption of leases in the form of adequate assurance of future performance.

*Joshua Slocum*, 922 F.2d at 1086; *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002). In connection with a lease, adequate assurance of future performance includes adequate assurance

> (A)     of the source of rent and other consideration due under such lease…;
>
> (B)     that any percentage rent due under such lease will not decline substantially;
>
> (C)     that assumption… of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center, and
>
> (D)     that assumption… of such lease will not disrupt any tenant mix or balance in such shopping center.

11  U.S.C. § 365(b)(3).

10.     Furthermore, section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption of a shopping center lease "is subject to all the provisions thereof…."  11 U.S.C. § 365(b)(3)(C).  Bankruptcy courts have described the assumption of an unexpired lease as "an all-or-nothing proposition — either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected."  *See, e.g.*, *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

11.     To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlord suffers other pecuniary losses with respect to the Lease, the Landlord hereby reserves the right to amend the Landlord Cure Amount to reflect such additional amounts or to account for year-end adjustments, including, without limitation, adjustments for 2025 and 2026, which have not yet been billed or have not yet become due under the terms of the Lease (the "Adjustment Amounts").  The Debtors must be responsible to satisfy all accrued but unbilled obligations under the Lease, including the Adjustment Amounts, if any,

when due in accordance with the terms of the Lease, regardless of when such Adjustment Amounts were incurred.

12.     Furthermore, Debtors must be required to comply with all contractual obligations to indemnify and hold the Landlord harmless for events which occurred before assumption, but which were not known to the Landlord as of the date of the assumption. This includes but is not limited to: (i) claims for personal injury that occurred at the Leased Premises, (ii) damage and destruction to the Leased Premises or property by Debtors or their agents, and (iii) environmental damage or clean-up. To cure possible pre-assumption, non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Lease, the Debtors must be required to satisfy any and all such claims, notwithstanding anything to the contrary contained in a plan or any court order.

## III.     THE DEBTOR MUST TIMELY PAY ALL POST-PETITION RENT AND ADDITIONAL RENT DUE UNDER THE LEASES UNTIL THEY ARE ASSUMED, ASSUMED AND ASSIGNED, OR REJECTED

Section 365(d)(3) of the Bankruptcy provides, in pertinent part:

The [debtor] shall timely perform all the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [the Bankruptcy Code].

11 U.S.C. § 365(d)(3).

13.     The Landlord requests that any assumption of the Lease be conditioned upon the Debtors' timely performance of all obligations arising under the Lease before the Lease is assumed, assumed and assigned, or rejected pursuant to section 365(d)(3) of the Bankruptcy Code, including, without limitation, the payment in full of rent on the first day of each month.

## RESERVATION OF RIGHTS

14.     Landlord reserves the right to amend and/or supplement this Objection on any basis, including, without limitation, by adding or supplementing objections to Debtors' proposed cure amount and by adding or supplementing objections to the adequate assurance of future performance information provided by Debtors or any proposed assignee of the Lease.

## CONCLUSION

**WHEREFORE,** Landlord requests that the assumption and assignment of its Lease be conditioned upon (a) Debtors or any proposed assignee promptly paying the Landlord Cure Amounts plus any additional pecuniary losses suffered by Landlord, including reasonable attorney's fees; and (b) granting such other and further relief as the Court deems just and proper.

Dated:  January 30, 2026

**LAW OFFICE OF SUSAN E. KAUFMAN, LLC**

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
(302) 792-7420 Fax
skaufman@skaufmanlaw.com


*Counsel for Walden/Dick/WR-I FLA*

**Exhibit A**

| Property | Location | Debtor Cure Amount | Landlord Cure Amount |
|---|---|---|---|
| 5455 University Parkway | University Park, Florida | $159,758.60 | $221,688.86 |