IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25–12105 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 470**<br>**Hearing Date: February 4, 2026 at 10:00 a.m. (ET)**<br>**Obj. Deadline: At the Hearing** |

**MOTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR ENTRY OF
AN ORDER AUTHORIZING THE REDACTION OF
CERTAIN CONFIDENTIAL INFORMATION IN CONNECTION
WITH THE COMMITTEE'S OBJECTION TO THE DEBTORS'
MOTION TO APPROVE SALE TO ASI PURCHASER LLC**

The Official Committee of Unsecured Creditors (the "Committee") of American Signature, Inc., *et al.*, the above-captioned cases debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to file under seal the *Objection of the Official Committee of Unsecured Creditors to Debtors' Motion to Approve Sale to ASI Purchaser LLC* (the "Sale Objection").[2] In support of this Motion, the Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are: American Signature, Inc.; American Signature Home Inc.; American Signature USA Inc.; ASI Pure Promise Insurance LLC; ASI Elston LLC; ASI – Laporte LLC; ASI Polaris LLC; ASI Thomasville LLC; and American Signature Woodbridge LLC.

[2] Docket No. 470.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105 and 107 of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

4. Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**BACKGROUND**

5. On November 22, 2025 (the "Petition Date"), each of the Debtors commenced a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On November 26, 2025, the Debtors filed the *Motion of the Debtors for Entry of Orders (I)(A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter into (I) Stalking Horse Asset Purchase Agreement and (II) Stalking Horse Agency Agreement and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, and (E) Scheduling a Sale Hearing and Approving the*

*Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (the "Sale Motion").[3]

7. On December 4, 2025, the Office of the United States Trustee for Region 3 appointed a seven-member Committee consisting of: (i) Man Wah MCO; (ii) H317 Logistics, LLC; (iii) Riverside Furniture Corp.; (iv) Holland House; (v) Tempur World, LLC; (vi) Everest Technologies, Inc.; and (vii) Realty Income Corp.[4]

8. On December 29, 2025, the Court entered the order approving the bid procedures and appointing ASI Purchaser LLC as the stalking horse bidder.[5] There were no bids submitted prior to the bid deadline.

9. On January 7, 2026, the Debtors filed a notice canceling the auction and deeming ASI Purchaser LLC as the successful bidder.[6]

10. On January 29, 2026, the Committee filed the Sale Objection. The Sale Objection and the attached exhibits contain certain confidential information (the "Confidential Information"). Concurrently herewith, the Committee has filed a proposed redacted form of the Sale Objection pursuant to Local Rule 9018-1(d) (the "Proposed Redacted Sale Objection").

## **RELIEF REQUESTED**

11. By this Motion, the Committee seeks entry of the Proposed Order authorizing the Committee to file under seal the Sale Objection. In addition, the Committee

---

[3] Docket No. 108.
[4] Docket No. 119.
[5] Docket No. 108.
[6] Docket No. 344.

requests that the unredacted Sale Objection not be made available to anyone other than the Court, the Debtors, or a party in interest by order of the Court.

## BASIS FOR RELIEF

12. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Specifically, Bankruptcy Rule 9018 provides, in relevant part, "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]" FED. R. BANKR. P. 9018. In addition, Local Rule 9018-1(d)(i) states, in relevant part, that "[a]ny filer seeking to file a document . . . under seal must file a motion requesting such relief." DEL. BANKR. L.R. 9018-1(d)(i).

13. Under section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Section 107(b) of the Bankruptcy Code provides, in pertinent part:

> On the request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .[7]

14. Bankruptcy Rule 9018, in turn, explains the process by which a party-interest may seek relief under Bankruptcy Code section 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .[8]

---

[7] 11 U.S.C. § 107(b).

[8] Fed. R. Bankr. P. 9018; *see also* Local Rule 9018-1.

4

15. In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

16. The Confidential Information contained in the Sale Objection satisfies section 107(b) of the Bankruptcy Code because it contains information that the Debtors assert is confidential. This information includes: (i) amounts paid to insiders over the past 4 years; (ii) the identity of family trusts in the Debtors' ownership structure; and (iii) details on the transfers underlying the Schottenstein Receivables. The Debtors have requested that the information contained in the Sale Objection remain under seal and the Committee honored that request in the proposed redactions.

17. The Committee submits that parties in interest will not be materially prejudiced by the relief sought herein because the unredacted Sale Objection will be available to the Court. Further, any party in interest may make a request to receive a copy of the unredacted Sale Objection. In light of the foregoing, the Committee submits that the Court should grant the relief requested herein.

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9018-1**

18. Upon the information, knowledge, and belief of the undersigned counsel to the Committee, the Sale Objection contains information that is confidential, as contemplated by Local Rule 9018-1(d)(iii). Counsel for the Committee and counsel for the Debtors have conferred

in good faith and made a reasonable effort to reach an agreement concerning what information contained in the Sale Objection must remain sealed from public view.

## NOTICE

19. Notice of this Motion has been or will be provided to: (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to ASI Purchaser LLC; and (iv) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Committee submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Committee requests entry of the Proposed Order, granting the relief requested herein and such other and further relief as just and proper.

| | |
|---|---|
| February 3, 2026 | **COLE SCHOTZ P.C.**<br>*/s/ Carol E. Thompson*<br>Justin R. Alberto (No. 5126)<br>Stacy L. Newman (No. 5044)<br>Carol E. Thompson (No. 6936)<br>500 Delaware Avenue, Suite 600<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br>Email: jalberto@coleschotz.com<br>       snewman@coleschotz.com<br>       cthompson@coleschotz.com<br><br>- and -<br><br>Seth Van Aalten (admitted *pro hac vice*)<br>Sarah A. Carnes (admitted *pro hac vice*)<br>1325 Avenue of the Americas, 19th Floor<br>New York, NY 10019<br>Telephone: 212-752-8000<br>Facsimile: 212-752-8393<br>Email: svanalten@coleschotz.com<br>       scarnes@coleschotz.com |

-and-

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson (admitted *pro hac vice*)
Jason R. Adams (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Telephone: (212) 808-7800
Email: ewilson@kelleydrye.com
    jadams@kelleydrye.com
    mmcloughlin@kelleydrye.com

*Counsel to the Official Committee of Unsecured Creditors of American Signature, Inc., et al.*