# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| American Signature, Inc., *et al.*,[1] | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 471 |
| | **Hearing Date: TBD** |
| | **Obj. Deadline: TBD** |

## UNITED STATES TRUSTEE'S OBJECTION TO
## MOTION TO MANDATE CONTINUANCE OF COMMISSIONER'S ZOOM MEETING

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, hereby objects (this "Objection") to the *Motion to Mandate Continuance of Commissioner's Zoom Meeting* [D.I. 471] (the "Motion")[2] filed by Frank M. Peck, and in support of this Objection respectfully states:

## JURISDICTION AND STANDING

1.　This Court has jurisdiction to hear and determine the Motion and this Objection pursuant to: (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court of the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. The duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the Courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. The U.S. Trustee has standing to be heard on this Objection pursuant to 11 U.S.C. § 307. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## BACKGROUND

**A.  The Chapter 11 Cases**

4. On November 22, 2025 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code," or "Code"), in the United States Bankruptcy Court for the District of Delaware (this "Court"), thereby commencing their respective above-captioned chapter 11 cases (the "Chapter 11 Cases").

5. The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. On December 4, 2025, the U.S. Trustee appointed an official committee of unsecured creditors ("Committee"). D.I. 119. As of the date hereof, no trustee or examiner has been appointed in the Chapter 11 Cases.

B. **The 341 Meeting**

7. On December 18, 2025, counsel for the U.S. Trustee noticed the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341 Meeting") for January 9, 2026 at 1:00 p.m. (ET). D.I. 222.

8. On January 9, 2026, at approximately 1:00 p.m. (ET), counsel for the U.S. Trustee convened the initial 341 Meeting as scheduled. Approximately 500 creditors joined the 341 Meeting.

9. The 341 Meeting lasted for approximately two hours and eleven minutes. Creditors questioned the Debtors' witness for approximately one hour. At approximately 3:15 p.m. (ET), undersigned counsel ended the initial 341 Meeting and advised the parties in attendance as follows:

> There are several items that remain open from the perspective of the U.S. Trustee and that will need to be addressed by my office and the Debtors. I'm going to continue this meeting to a date to be determined based on scheduling and availability of the Debtor [sic] and their witness. I will note that to the extent the Debtors are able to resolve all remaining open items following this call, it's possible that we will not be convening an additional meeting of creditors here … If there will be a further meeting of creditors, you will receive an additional notice with the date and time. If not, you will receive a notice stating that the meeting has been closed[.][3]

10. On January 9, 2026, undersigned counsel filed a minute sheet on the case docket providing that the 341 Meeting had been held and continued to a date to be determined. D.I. 358.

---

[3] The U.S. Trustee is in the process of obtaining a transcript of the initial 341 Meeting and will provide a copy to Mr. Peck once available. The U.S. Trustee is willing to file a supplement with the transcript if that would aid the Court in its review.

C. **The Motion**

11. On January 29, 2026, Mr. Peck filed the Motion. D.I. 471.

12. By and through the Motion, Mr. Peck seeks the entry of "an order or directive instructing the Trustee to give notice of continuance of the existing hearing." Mot., p. 6. Alternatively, Mr. Peck seeks Court-ordered "discovery by the Trustee" as to certain enumerated topics. *Id.*

**OBJECTION**

13. The Court should deny the Motion because it lacks any valid statutory basis.

14. Section 341(a) of the Code provides that "[w]ithin a reasonable time after the order for relief in a case under [title 11], the United States Trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341(a). The U.S. Trustee "must preside at the meeting of creditors." Fed. R. Bankr. P. 2003(b)(1)(A).

15. "The court may not preside at, and may not attend, any meeting under [Code section 341] including any final meeting of creditors." 11 U.S.C. § 341(c) (bracketed text added).

16. The U.S. Trustee "may adjourn the meeting from time to time by announcing at the meeting the date and time to reconvene." Fed. R. Bankr. P. 2003(e). "No other procedure for adjournment is provided by rule or statute, and no other method of adjournment is permitted under Rule 2003(e)." *Smith v. Kennedy (In re Smith)*, 235 F.3d 472, 476 (9th Cir. 2000). However, "[t]he majority of courts addressing the issue conclude that Rule 2003(e) does not limit the Trustee to adjournments only if a specific date and time are announced at the conclusion of the meeting." *In re Cherry*, 341 B.R. 581, 585 (Bankr. S.D. Tex. 2006) (citing *In re Clark*, 262 B.R. 508, 514 (9th Cir. B.A.P. 2001)).

4

17. Courts have reached different conclusions in determining what notice is required to continue a section 341 meeting. In *Smith v. Kennedy*, the U.S. Court of Appeals for the Ninth Circuit concluded that the adjourned date and time may be announced after the initial meeting of creditors if made "within a reasonable time." *See* 235 F.3d at 476 (finding "a reasonable time" to require such an announcement within thirty days of the last meeting held). Courts following *Smith v. Kennedy* deem a section 341 meeting concluded if thirty days elapse following the last meeting held with no adjourned date and time announced. *Id.* at 478; *see also In re Levitt*, 137 B.R. 881, 883 (Bankr. D. Mass. 1992).

18. Other courts apply a case-by-case analysis to determine whether a section 341 meeting adjourned without a new date and time announced should be deemed concluded. *See, e.g.*, *In re Cherry*, 341 B.R. at 586. Courts that have adopted the case-by-case approach have considered at least four factors in determining the reasonableness of delay in adjourning a meeting of creditors: (i) the length of the delay; (ii) the complexity of the estate; (iii) the cooperativeness of the debtor; and (iv) the existence of ambiguity regarding whether the trustee continued or concluded the meeting. *Peres v. Sherman (In re Peres)*, 530 F.3d 375, 378 (5th Cir. 2008) (citing *In re Cherry*, 341 B.R. at 589).

19. Applied here, there has been no unreasonable delay in the adjournment of the 341 Meeting under either standard. Mr. Peck filed his Motion twenty days after the initial 341 Meeting. As of the filing of this Objection, thirty days still have not passed since the initial 341 Meeting on January 9, 2026. Thus, to the extent the Court follows the deadline promulgated in *Smith v. Kennedy*, that deadline has still not elapsed.

20. Likewise, application of the case-by-base analysis demonstrates that the U.S. Trustee has acted reasonably in these Chapter 11 Cases. The three-week delay in scheduling the

continued 341 Meeting (if any will be held)[4] is minimal. *See, e.g.*, *In re Peres*, 530 F.3d at 378 (affirming bankruptcy court's finding that trustee acted reasonably and had legitimate reasons for adjourning the section 341 meeting for eleven months); *see also In re Brown*, 221 B.R. 902, 905 (Bankr. M.D. Fla. 1998) (trustee acted reasonably, despite failure to reconvene the section 341 meeting, when he filed a report concluding the meeting less than four months after the initial meeting). These are complex cases in which the scheduling of the 341 Meeting proceeded on a parallel track with, among other things, the Court-approved process for marketing and sale of substantially all of the Debtors' assets and several contested matters involving the U.S. Trustee's office. The Debtors provided information to the U.S. Trustee's office in the Chapter 11 Cases. And there was no ambiguity as to whether the U.S. Trustee adjourned or concluded the 341 Meeting. In short, the U.S. Trustee has acted reasonably under either standard.

21. In any event, neither the bright-line standard articulated in *Smith v. Kennedy* nor the case-by-case analysis furnishes grounds for the Court to compel a further 341 Meeting. Those decisions considered whether the Court should "deem" the meeting of creditors concluded. It is undisputed that the 341 Meeting in these Chapter 11 Cases has not concluded under any analysis. Bankruptcy Rule 2003(e) commits the decision to adjourn the 341 Meeting to the discretion of the U.S. Trustee, and Mr. Peck provides no basis in statute or otherwise for the Court to supplant that discretion.

22. Moreover, the Court should not compel the U.S. Trustee to conduct "additional discovery" on behalf of Mr. Peck. Whether or not the U.S. Trustee reconvenes the 341 Meeting in

---

[4] Counsel for the U.S. Trustee unambiguously reserved the right to conclude the 341 Meeting without convening an additional meeting of creditors. For the avoidance of doubt, the U.S. Trustee hereby adopts and incorporates that reservation of rights and does not intend by filing this Objection to commit to reconvening the 341 Meeting.

these Chapter 11 Cases, Mr. Peck is entitled to seek discovery pursuant to Bankruptcy Rule 2004 and any other applicable law.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court enter an order: (i) denying the Motion; and (ii) granting such other and further relief as the Court deems just and equitable.

Dated: February 5, 2026  Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

By: */s/ Malcolm M. Bates*
Malcolm M. Bates
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
Telephone: (302) 573-6491
Email:   Malcolm.M.Bates@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I, Malcolm M. Bates, hereby certify that on February 5, 2026, I caused to be served a copy of the foregoing Objection by electronic service on the registered parties via the Court's CM/ECF system and courtesy copies were served via email on parties in interest, including Mr. Peck. I further certify that I caused to be served a copy of the foregoing Objection by U.S. mail service on Mr. Peck.


Dated: February 5, 2026                                */s/ Malcolm M. Bates*
                                                                              Malcolm M. Bates