IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| American Signature, Inc., et al.,1 | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 471 |
| | Hearing Date: TBD |
| | Obj. Deadline: TBD |

## MOVANTNS REPLY TO

### UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO MANDATE CONTINUANCE OF COMMISSIONER'S ZOOM MEETING

COMES NOW, your Movant in the above-entitled case in reply to the Trustee's Objection to the Motion to Mandate Continuance of Commissioner's Zoom Meeting.

### REPLY

1. **Reply 1.** In paragraph 13 of Trustee's **OBJECTION**, Andrew R. Vara, United States Trustee Regions 3 and 9, by Malcolm M. Bates, states: "The court should deny the Motion because it lacks any valid statutory basis."  This confusing statement lies in direct contrast to **Jurisdiction and Standing** of paragraph 1 that states: "This Court has jurisdiction to hear and determine the Motion and this Objection pursuant to : (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court of the District of Delaware issued pursuant to 28 U.S.C § 157(a); and (iii) 28 U.S.C. 157(b)(2)."
2. **Reply 2.** In paragraph 6 under Jurisdiction and Standing "BACKGROUND" Andrew R. Vara, United States Trustee Regions 3 and 9, by Malcolm M. Bates, states: "As of the date hereof, no trustee or examiner has been appointed in the Chapter 11 Cases. This confusing statement raised questions to **Jurisdiction and Standing** of Andrew R. Vara and subsequently Malcolm M. Bates to raise objections in this matter, if as they say and not your Movant, "no trustee or examiner has been appointed in the Chapter 11 cases.
3. **Reply 3.** Your Creditor's claims arise in the jurisdiction of West Virgina. Courts have long recognized State Laws in Federal Courts. In paragraph 6 under Jurisdiction and Standing "BACKGROUND" Andrew R. Vara, United States Trustee Regions 3 and 9, by Malcolm M.

Bates, states: "The Debtors continue to manage and operate their business as debtors in possession pursuant to 1107 and 1108 of the Bankruptcy Code." Notwithstanding your Creditor's objection as raised in Paragraph 2 of this reply, nothing in the "Objection" would circumvent the provisions of West Viginia's Adoption of the Federal Uniform Commercial Code, nor that of WV Code 46-2-601 and the West Virginia Consumer Credit and Protection Act (WVCCPA) for that matter.

4. **Reply 4.** Page 3, footnote 3 of the UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO MANDATE CONTINUANCE OF COMMISSIONER'S ZOOM MEETING states: "The U.S. Trustee is in the process of obtaining a transcript of the initial 341 Meeting and will provide a copy to Mr. Peck once available. The U.S. Trustee is willing to file a supplement with the transcript if that would aid the Court in its review." Your Movant reserves the right to supplement arguments herein, as does the Trustee with the pending transcript if that would aid the Court in its review.
5. Reply 5. Your Movant directs your attention to Exhibit 1, attached herein, and raises an additional objection as to procedure and form based upon Bankruptcy Rule 9019. In paragraph 5 under Jurisdiction and Standing "BACKGROUND" Andrew R. Vara, United States Trustee Regions 3 and 9, by Malcolm M. Bates, states: "The debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code."

## ARGUMENT

The Court retains jurisdiction in all matters if I read 28 U.S. Code § 1334 which states that (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11. The question before this court is that if a Debtor is allowed to continue in business, are they allowed to operate contrary to the Supreme Laws of the Land and laws of the State wherein they reside? Your movant faces a chicken and egg game. Can creditors bring a complaint in State Court when jurisdiction is already established in federal court under Chapter 11. Your Movant would just receive a motion to dismiss. It is possible to bring that same claim in Federal Court in as much as the State of West Virginia adopted Federal Uniform Commercial Code. Federal Courts already retain subject matter and party jurisdiction in the filing of Chapter 11, but your Movant submits it must retain original and exclusive jurisdiction under WV Code 46-2-601 and the West Virginia Consumer Credit and Protection Act (WVCCPA) for that matter.

Your movant does not contest that a Court "may not preside at, and may not attend" the Zoom meeting, in your Movant's view because foreknowledge would prevent that same Court from maintaining the appearance of unbiasedness when the negotiations themselves are not evidence to prove the validity of claims made. Such a provision of law preserves fundamental fairness, so

your Movant submits that it is not a bar to many forms of jurisdiction this court may take. Moreover, your Movant never asked for that kind of relief, so in your Movant's view, it is irrelevant.

Debtors should not have license to dispose of liabilities in any manner in which they see fit under the protection of Chapter 11. It should be up to the Court to determine how creditors are damaged, and what assets are available to satisfy claims, and not the Debtors themselves Your movant is unaware of any application to the Court for settlement, however; your movant was made an offer in Exhibit 1 that may bias or give preference to the claims of other creditors, and therefore, it would be unconscionable to respond to that offer, especially when not being given a fundamental right to cross examine that may lead to a more truthful and equitable resolution.

With leave of the Court, your Movant reserves the right to amend this Reply pending the transcript to be supplied by the U.S. Trustee as stated in Footnote 3, and your Movant incorporates the issues raised in the initial motion herein that your Movant, in good faith, will bear out the issues in the original motion.

Neither Debtors nor Trustee can show any harm by continuing the Zoom Meeting. Accordingly, your Movant prays for the relief requested because it affects Creditor remedies. Namely, accept or reject in part, or reject all regarding the transaction regarding a sum substantially more than just the value of the table and chairs among other relief possible should cross-examination reveal further action. Who wants mismatched furniture between an open living room / dining room, especially when the furniture in question is being displayed and available, at minimum.

*Frank M. Peck* (signature)
_____
Frank M. Peck
8186 CR1
South Point, OH  45680
304-360-5304
fmpeck@zoominternet.net

Case 25-12105-JKS    Doc 580    Filed 02/24/26    Page 4 of 6

**EXHIBIT 1.**

6:47  

< Voicemail

**+1 (304) 523-8700**
Huntington, WV
February 5, 2026 at 1:59 PM   

0:00                                   −0:35

          

**Transcription**

"Hello Debbie, this is Linda from value city furniture I'm calling to let you know that we cannot get your three-piece table set If you wouldn't mind to call the store, I'm gonna give you a number that you need to call For your refund for that Our number here is 304-523-8700 and I'm Linda thank you..."

Was this transcription useful or not useful?

    
Favorites   Recents   Contacts   Keypad   Voicemail

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| American Signature, Inc., et al.,1 | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 471 |
| | Hearing Date: TBD |
| | Obj. Deadline: TBD |

**MOVANTNS REPLY TO**

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO MANDATE CONTINUANCE OF COMMISSIONER'S ZOOM MEETING**

**CERTIFICATE OF SERVICE**

I, Frank M. Peck, do affirm that I have mailed a true and exact copy of the NOTICE OF MOTION AND MOTION to:

PACHULSKI STANG ZIEHL & JONES  LLP
Laura Davis Jones (DE Bar No 2436)
919 North Market Street, 17th Floor
Wilmington, DE  19801

Telephone (302) 652-4100
Email ljones@pszjlaw.com

AND

Malcol M. Bates
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801

AND

Five copies to the Clerk, one for filing, and four for distribution as necessary.
U.S. Bankruptcy Court Clerk
824 N. Market Street
Wilmington, DE 19801

By depositing the same, postage prepaid, in the United States Post Office on this the _____day of February, 2026.

_/s/ Frank M. Peck_  Frank M. Peck

8186 CR1
SOUTH POINT OH
45680

US BANKRUPTCY COURT
824 N. MARKET STREET
WILMINGTON DE
1980_


Retail
USPS
RDC 99
19801