**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |

**Hearing Date: April 16, 2026 at 10:00 a.m. (ET)**
**Objection Deadline: April 3, 2026 at 4:00 p.m. (ET)**

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
EXTENDING EXCLUSIVE PERIODS TO FILE AND SOLICIT A PLAN**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):[2]

**RELIEF REQUESTED**

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"):  (i) extending the period during which the Debtors have the exclusive right to file a plan (the "Exclusive Filing Period") through and including July 21, 2026; and (ii) extending the period during which the Debtors have the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") through and including September 18, 2026.

---

1       The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

2       A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Rudolph Morando in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") [Docket No. 5].  Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration.

DE:4911-2395-1246.4 03721.00001

**JURISDICTION AND VENUE**

2.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief sought herein are sections 105(a) and 1121(d) of the Bankruptcy Code.

**BACKGROUND**

5.      On November 22, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 25, 2025, the Court entered an order [Docket No. 72] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  On December 4, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of

unsecured creditors [Docket No. 119] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6.    The Debtors filed their statements of financial affairs and schedules of assets and liabilities (the "Schedules") with the Court on December 20, 2025. The statutory meeting of creditors under section 341 of the Bankruptcy Code was conducted on January 9, 2026.

7.    On November 26, 2025, the Debtors filed the *Motion of the Debtors for Entry of Orders (I)(A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into (I) Stalking Horse Asset Purchase Agreement and (II) Stalking Horse Agency Agreement and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 108] (the "Sale Motion").[3]

8.    On December 29, 2025, the Court entered the *Order (I) Approving Bid Procedures and Bid Protections in Connection with Motion to Approve (A) Stalking Horse Asset Purchase Agreement and (B) Stalking Horse Agency Agreement; (II) Scheduling Bid Deadlines and the Auction; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief* [Docket No. 259] (the "Bidding Procedures Order").

9.    On February 6, 2026, the Court entered the order approving the sale to ASI Purchaser LLC [Docket No. 520] (the "Sale Order") which, among other things, reflected a

---

[3]    A capitalized term used but not defined herein shall have the meaning ascribed to it in the Sale Motion.

consensual resolution of numerous issues with the Committee.  On February 9, 2026, the Sale closed.

10.    On March 17, 2026, the Court entered an order setting the general claims bar date for April 30, 2026, the governmental bar date for May 21, 2026, and an administrative claims bar date for April 30, 2026, [Docket No. 617] (the "Bar Date Order").

## RELIEF REQUESTED

11.    By this Motion, the Debtors seek to extend the Exclusive Filing Period for an additional 120 days, from March 23, 2026 through and including July 21, 2026, and to extend the Exclusive Solicitation Period for an additional 120 days, from May 21, 2026 through and including September 18, 2026.  The Debtors further request that the order be without prejudice to their right to seek additional extensions of the Exclusive Periods for cause in accordance with section 1121(d) of the Bankruptcy Code.

## BASIS FOR RELIEF

12.    Section 1121 of the Bankruptcy Code provides for exclusive periods in which a chapter 11 debtor may formulate and propose a confirmable plan of reorganization or liquidation and to solicit acceptances thereof without the disruption that might be caused by the filing of competing plans by non-debtor parties.  However, section 1121(d) allows the court to extend the debtor's exclusive periods for "cause."  Specifically, section 1121(d) provides that:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

> (2)(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

**I.      Section 1121(d) of the Bankruptcy Code Permits
the Court to Extend the Exclusive Periods for "Cause."**

13.      A bankruptcy court has the discretion to extend a debtor's exclusive periods based upon the facts and circumstances of a particular case.  *See First Am. Bank of New York v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *203 N. LaSalle St. P'ship v. Bank of Am., N.A.*, No. 99 C 7110, 1999 U.S. Dist. LEXIS 19425, at *12 (N.D. Ill. 1999); *In re Mid-State Raceway, Inc.*, 323 B.R. 63, 68 (Bankr. N.D.N.Y. 2005); *In re Reetz*, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1986).  Although the Bankruptcy Code does not define "cause" for purposes of an extension request under section 1121(d), courts have looked to the legislative history of section 1121(d) for guidance.  *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996).  Such legislative history indicates that Congress did not intend that the initial exclusive periods be set in stone.  *See Amko Plastics*, 197 B.R. at 77 (finding that courts should have flexibility in dealing with extensions of exclusivity); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of . . . [section 1121(d)] is flexibility.").

14.      Instead, Congress intended that the debtor's exclusive periods be of sufficient length to afford the debtor a full and fair opportunity to negotiate, formulate, and draft a confirmable chapter 11 plan without the disruptions that would occur with the filing of competing plans.  *See Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A.*, 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its

survival as a business."). Indeed, Congress has recognized that, depending on the facts and circumstances of a particular case, an exclusive period of only 120 days may not provide a debtor with adequate time in which to propose such plan:

> The court is given the power, though, to increase . . . the 120-day period depending on the circumstances of the case. [T]he bill allows the flexibility for individual cases that is not available today. For example, if an unusually large company were to seek reorganization under chapter 11, the Court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted).

15. In determining whether cause exists for an extension of exclusivity, bankruptcy courts consider a variety of factors, including:

a) the size and complexity of the case;

b) the necessity of sufficient time to negotiate and prepare adequate information;

c) the existence of good faith progress toward reorganization;

d) whether the debtor is paying its debts as they come due;

e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

f) whether the debtor has made progress in negotiating with creditors;

g) the length of time the case has been pending;

h) whether the debtor is seeking the extension to pressure creditors; and

i) whether unresolved contingencies exist.

*See, e.g.*, *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *Cont'l Cas. Co. v. Burns & Roe Enters., Inc.*, No. 05-2529 (KSH), 2005 U.S. Dist. LEXIS 26247, at *11–12 (D.N.J. 2005); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re Dow Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997).

16.     Importantly, however, not all of the above factors are necessary or relevant in determining whether to grant an extension of the exclusivity periods in a particular case. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100–01 (Bankr. E.D. Tex. 1996) (relying upon only four factors in determining whether cause exists to support an extension); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that cause existed to extend exclusivity based on only three factors).  As explained more fully below, the application of the above factors to the facts and circumstances of these chapter 11 cases demonstrates that good cause exists to extend the Debtors' Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

**II.     Cause Exists for an Extension of the Debtors' Exclusive Periods.**

17.     Pursuant to this Motion, the Debtors are seeking a further extension of the Exclusive Periods.  For the reasons set forth below, cause exists for such an extension.

18.     The Debtors satisfy the various factors that courts rely on in connection with granting extensions of the Exclusive Periods as set forth in section 1121(d) of the Bankruptcy Code.

- *The Debtors Have Made Good-Faith Progress.*  The Debtors have obtained first day relief to ensure a smooth transition into chapter 11 and filed their schedules of assets and liabilities and statements of financial affairs, among other tasks.  The Debtors have also conducted a sale process that resulted in entry of the Sale Order approving the Sale, with the sale closing on February 9, 2026.  Significantly, the Sale Order included the terms of a settlement with the Committee expressly providing that "[t]he Debtors and the Committee shall work in good faith on the terms of a chapter 11 plan of liquidation…."  Sale Order, ¶2(f).

- *The Store Liquidation Sales Continue.*  Pursuant to the Sale Order, APA, and the Agency Agreement, the Purchaser is currently conducting liquidation sales at the Debtors' former retail locations and exercising certain contract designation rights.  The Purchaser remains obligated to deliver additional proceeds from the Sale to the estates in accordance with the terms of the Sale Order and the associated Sale transaction documents.

- *Extending the Exclusivity Periods Will Not Prejudice Creditors.*  Among other activities, the Debtors are requesting an extension of the Exclusive

Periods to focus on working with the Committee and other key stakeholders to negotiate and develop a consensual chapter 11 plan. Continued exclusivity will permit the Debtors to maintain flexibility so that a competing plan by another third party does not derail the parties' efforts towards a plan process. All stakeholders will benefit from such continued stability and predictability.

- *The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.* The Debtors have recently completed the Sale, served a bar date notice, and continue to evaluate the assets and liabilities of their estates. Subject to receipt of further proceeds to be received by the estates pursuant to the Sale as well as from excluded assets, the Debtors expect to expeditiously prepare and seek approval of a disclosure statement and chapter 11 plan.

- *The Debtors Are Not Pressuring Creditors by Requesting an Extension of the Exclusive Periods.* The Debtors have no ulterior motive in seeking an extension of the Exclusive Periods. The requested relief is not being sought to pressure the Debtors' creditors, and the Debtors submit that no pressure would result from the requested extension of the Exclusive Periods.

- *The Chapter 11 Cases Are Approximately Four Months Old.* The Debtors' request for an extension of the Exclusive Periods is the Debtors' first such request and comes approximately four months after the Petition Date. As discussed above, during this short time, the Debtors closed the Sale, obtained entry of the Bar Date Order, and provided notice of the bar dates to creditors. While awaiting the final assets expected to be realized by the liquidation sales, the Debtors continue to explore the disposition of their other remaining assets and are working toward the goal of pursuing a confirmed plan.

19. Termination of the Exclusive Periods would adversely impact the substantial progress made by the Debtors in the chapter 11 cases to date. The Debtors have thus far been able to focus their efforts upon maximizing value and obtaining approval of the sale of the Debtors' assets through the Sale Order.

20. Accordingly, the Debtors submit that good cause exists to extend the Exclusive Periods and request that the Court grant the Motion.

**NOTICE**

21.     The Debtors will provide notice of this Motion to the following parties, or their counsel if known:  (a) the U.S. Trustee; (b) the Committee; (c) the DIP Agent and the Prepetition ABL Agent; (d) the Prepetition Term Agent; and (e) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that this Court enter an Order granting the Motion and granting such other and further relief as the Court deems just and proper.

Dated:  March 19, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:   302-652-4400
Email: ljones@pszjlaw.com
            dbertenthal@pszjlaw.com

*Counsel for the Debtors and Debtors in Possession*