**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 25-12105 (JKS) |
| AMERICAN SIGNATURE, INC., *et al.*, | ) Jointly Administered |
| | ) |
| | ) **Objections Due: April 9, 2026 at 4:00 p.m. (ET)** |
| Debtors. | ) |
| | ) **Hearing Date: April 16, 2026 at 10:00 a.m. (ET)** |
| | ) |

**MOTION OF TERESA SMITH FOR RELIEF
FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

TERESA SMITH ("Movant"), by and through the undersigned counsel, hereby moves this Court (this "Motion"), pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an order lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code in order to authorize Movant to prosecute a personal injury action in the Circuit Court of the Twelfth Judicial Circuit Court, in and for Will County, Illinois against American Signature, Inc., d/b/a Value City Furniture ("Debtor" and collectively with the above captioned debtors, the "Debtors") and to collect any award against the Debtors' applicable insurance policies. In support of this Motion, Movant respectfully states as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §§ 1408-09.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

3.      In accordance with Local Rule 9013-1(f), Movant consents to the entry of a final order by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Bankruptcy Rule 4001.

**Background Factual Information**

5.      On November 22, 2025 (the "Petition Date"), Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code. Debtors' cases have been consolidated for joint administration under Case No. 25-12105.

6.      Prior to the Petition Date, on or about October 22, 2022, Plaintiff lawfully entered one of Debtors' Value City Furniture retail locations for the purpose of purchasing a piece of furniture.

7.      While transporting the purchased furniture item to Movant's vehicle, Debtor's employee requested Movant's assistance. In the course of moving the item, said employee dropped the furniture onto Debtor's leg, causing Movant to sustain significant injuries to her right leg, foot, ankle, and knee.

8.      On October 8, 2024, Movant commenced a cause of action for personal injury against American Signature, Inc., d/b/a Value City Furniture in the Circuit Court, Twelfth Judicial Circuit, Will County, Illinois (the "State Court") under case number 2024LA000829 (the "State Court Action").  Movant has demanded and is entitled to a trial by jury in the State Court Action.

9.      In her Complaint, Movant alleges, among other things, that as a direct result of the negligence of Debtor and its agents, Movant sustained significant injuries and damages.

10.     The State Court Action concerns occurrences solely within the State of Illinois and application of the laws of the State of Illinois.

11.     Movant has aggressively and expeditiously prosecuted her claims in the State Court Action with the goal of having those claims adjudicated as promptly as possible.

12.     The prosecution of Movant's claims in the State Court Action has been delayed as a consequence of the Debtors' chapter 11 filings and the automatic stay provisions set forth in section 362(a) of the Bankruptcy Code.

13.     Movant is informed and believes that Debtors possess policies of insurance sufficient to cover Movant's claims and the damages that Movant has suffered.

## Relief Requested

14.     By and through this Motion, Movant seeks the entry of an order pursuant to section 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001, granting relief from the automatic stay in order to allow her to prosecute her claims to judgment in the State Court Action and to satisfy any award or other resolution she may obtain from Debtors' applicable insurance policies.

## Basis for Relief Requested

15.     The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— for cause. . . .

11 U.S.C. § 362(d)(1).

16.     "Cause" is not defined in section 362(d) of the Bankruptcy Code but rather must be determined on a case-by-case basis. *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). *See also In re Drexel Burnham Lambert Group, Inc.,* 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) (citing

various findings of § 362(d)(1) "cause" to permit litigation in another forum such as liquidation of a personal injury, arbitration or specialized jurisdiction claim).

17.    In this district, bankruptcy courts often rely upon a three-pronged balancing test when evaluating whether "cause" exists to grant relief from stay in order to pursue litigation in an alternative forum, to-wit:

(1) Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(2) Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

(3) Whether the creditor has a probability of prevailing on the merits.

*In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (citing *Int'l Business Machines v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d 731, 734-37 (7th Cir. 1991)).

18.    In the instant case, the facts weigh in favor of Movant on each of the three prongs. First, pursuant to 28 U.S.C. § 157(b)(5), personal injury claims, such as those at issue in the State Court Action, must be liquidated outside of the bankruptcy forum. 28 U.S.C. § 157(b)(2)(B). Accordingly, a grant of relief to try Movant's case before a jury in the State Court is appropriate and shall not be prejudicial to Debtors or the estate.

19.    Second, with respect to potential prejudice to the bankruptcy estate, Movant believes that Debtor's liability is covered by insurance and thus any potential recovery in the State Court Action will not impact the Debtors' estates. On the other hand, should the Court deny this Motion and allow the stay to remain in place, Movant will be prejudiced by a potential undue delay in her recovery for the injuries that she sustained as a result of Debtors' negligence. And perhaps

most importantly, a final resolution of the State Court Action will not impact Debtors' reorganization process.

20.     Finally, the likelihood of Movant's success on the merits is strong. Discovery has commenced in the State Court Action, and it is Movant's belief that her case does not face a strong defense. "Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." *In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993); *accord In re Fernstrom Storage & Van Co.,* 938 F.2d at 737; and *In re Rexene Prods. Co.,* 141 B.R. at 578.

21.     In light of the time, effort, and expense already incurred by the parties in the State Court Action, it is appropriate for this Court to grant Movant relief from the automatic stay so that she may prosecute the State Court Action to its conclusion and recover compensation for her damages from the proceeds of the applicable insurance policies.

22.     Based upon the foregoing, when weighing the above factors it is clear that "cause" exists for granting Movant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).  Relief from the automatic stay should permit Movant to adjudicate and liquidate her claims against Debtor and recover damages to the extent of available insurance coverage.

23.     Movant understands that to the extent her claims against Debtor exceed the limits of available insurance coverage, she will be prohibited from seeking recovery from Debtor absent further Order of this Court.

24.     An Order granting the relief requested in this Motion should be enforceable immediately notwithstanding the provisions of Bankruptcy Rule 4001(a)(3).

WHEREFORE Movant Teresa Smith respectfully requests and prays that this Court grant her relief from the automatic stay in order to permit Movant to adjudicate and liquidate her claims

against Debtor American Signature, Inc., d/b/a Value City Furniture and recover damages to the extent of proceeds of available policies of insurance, and further requests that the Court enter an Order lifting the automatic stay, substantially in the form attached hereto, and for such other and further relief as is just and proper.

Dated: March 30, 2026

**CONNOLLY GALLAGHER LLP**

*/s/ Karen C. Bifferato*
Karen C. Bifferato (#3279)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
Telephone:  (302) 888-6221
Facsimile:  (302) 757-7299
kbifferato@connollygallagher.com

-and-

**CARMODY MACDONALD P.C**
Robert E. Eggmann (IL Bar #6203021)
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600 // (314) 854-8660 – FAX
ree@carmodymacdonald.com

*Co-Counsel to Movant Teresa Smith*