**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25-12105 (JKS) |
| Debtors, | (Jointly Administered) |
| | **Ref. Docket No. 672** |

**ORDER (I) AUTHORIZING THE SALE AND ASSUMPTION
AND ASSIGNMENT OF LEASES AND (II) GRANTING RELATED RELIEF (STORE
NO. 107 (ORLAND PARK, IL; LANDLORD: JLP-ORLAND PARK, LLC) & STORE
NO. 406 (TAMPA, FL; LANDLORD: JLPK-DALE MABRY, LLC))**

Upon the *Motion of the Debtors for Entry of Orders (I)(A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into (I) Stalking Horse Asset Purchase Agreement and (II) Stalking Horse Agency Agreement and to Provide Bid Protections Thereunder, (C) Scheduling An Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 108] (the "Motion") and in connection with and pursuant to this Court's *Order Approving Sale of All or Substantially All of Debtors' Assets and Granting Related Relief* (Docket No. 520) (the "Sale Order")[2]; and ASI Purchaser LLC

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162).  The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Order.

("Purchaser") having designated HOBBY LOBBY STORES, INC. ("Assignee") as the Person to whom each Lease (as defined below) and the related Acquired Assets (as defined in the Asset Purchase Agreement (as defined below)) are to be sold, transferred, assigned, conveyed, and delivered pursuant to the terms of that certain Asset Purchase Agreement, dated as of November 25, 2025, between the Debtors and Purchaser (as amended, supplemented or otherwise modified from time to time, including through that certain Amendment to Asset Purchase Agreement, dated as of January 2, 2026, the "Asset Purchase Agreement"); and the Debtors, Purchaser and the Assignee having agreed upon terms and conditions for the assumption by the applicable Debtor(s) and assignment to the Assignee of each of the unexpired leases more specifically described on Exhibit A attached hereto and made a part hereof (collectively, the "Leases" and each, a "Lease") and the sale of the related Acquired Assets, as more fully described in that certain Assignment and Assumption Agreement, to be entered into by and among the applicable Debtor(s) and the Assignee, in substantially the form attached hereto as Exhibit B (the "Assignment and Assumption Agreement"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding, the Motion and the relief requested therein in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a notice (the "Cure Notice") of the proposed cure costs on the landlord for each of the Leases as identified on Exhibit A (each, a "Landlord"); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates,

their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the relief requested thereby were appropriate and no other notice need be provided including on any Landlord; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.      The assumption, assignment, and sale of each of the Leases and the related Acquired Assets (as defined in the Asset Purchase Agreement) to the Assignee pursuant to sections 363 and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates, and their creditors.

C.      Pursuant to sections 365(b)(1)(C), 365(f)(2)(B), and 365(b)(3) of the Bankruptcy Code, to the extent required, the Assignee has provided adequate assurance of future performance under each Lease.

D.      The assumption and assignment of each Lease to the Assignee complies with section 365(b)(3) of the Bankruptcy Code.

E.      The Assignment and Assumption Agreement was negotiated and entered into in good faith, and from arm's-length bargaining positions.  The Assignee is found to be a good faith

purchaser of each Lease and the related Acquired Assets and is found to be entitled to the protections of a good faith purchaser under section 363(m) of the Bankruptcy Code. Neither the Debtors nor the Assignee engaged in any conduct that would cause or permit the sale and assignment of any Lease and the related Acquired Assets to be avoided under section 363(n) of the Bankruptcy Code.

F.      There is no legal or equitable reason to delay entry into the Assignment and Assumption Agreement, and the transactions contemplated thereby, including, without limitation, the assumption and assignment of each Lease and the sale of the related Acquired Assets.

G.      The Debtors' decision to (i) enter into the Assignment and Assumption Agreement and (ii) perform under and make payments required by the Assignment and Assumption Agreement is required under the Asset Purchase Agreement and is a reasonable exercise of the Debtors' sound business judgment consistent with their fiduciary duties and is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest. The Debtors have articulated good and sufficient reasons for the approval of the Assignment and Assumption Agreement and the transactions contemplated thereby, including the assumption and assignment of each Lease and the sale of the related Acquired Assets.

H.      None of Purchaser, Assignee and their respective affiliates (other than the Debtors), successors or assigns shall be deemed to: (a) be a legal successor, or otherwise be deemed a successor to any of the Debtors; (b) have, *de facto* or otherwise, merged with or into any or all Debtors; or (c) be a mere continuation or substantial continuation of any or all Debtors or the enterprise or operations of any or all Debtors.

I.      This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under

- 4 -

Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court finds that there is no just reason for delay in the implementation of this Order and directs entry of judgment as set forth herein on the date hereof.

J.    The Leases and the related Acquired Assets constitute property of the Debtors' estates, and title thereto is vested in the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code.

K.    Due and adequate notice of the Motion, the proposed assumption, assignment, and transfer contemplated thereby, the hearing with respect thereto, and the subject matter thereof has been provided to all required parties in interest, including each Landlord, and no other or further notice is necessary.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all required interested persons and entities.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    The relief requested in the Motion with respect to the Leases and the related Acquired Assets is GRANTED as set forth herein.

2.    Pursuant to, inter alia, sections 105, 363, and 365 of the Bankruptcy Code, the Debtors are authorized to assume, sell, and assign to the Assignee each Lease and the related Acquired Assets, pursuant to the terms and provisions of this Order, the Asset Purchase Agreement and the Assignment and Assumption Agreement, all of the terms of which are hereby approved.

3.    In accordance with sections 363 and 365 of the Bankruptcy Code and this Order, effective upon the closing of the assignment of the Leases pursuant to the terms of the Asset Purchase Agreement and the Assignment and Assumption Agreement (the "Closing Date") and payment of the Cure Costs (as defined in the Assignment and Assumption Agreement) to the applicable Landlord, the Leases assigned shall be assumed and assigned and transferred (and the

related Acquired Assets sold and transferred) free and clear of any liens, claims, and encumbrances, as set forth more fully in the Sale Order. Any and all liens, claims, and encumbrances asserted in connection with any Lease and the related Acquired Assets will be transferred to and attach to the Debtors' proceeds of such sale in the same order of priority and with the same validity, force, and effect that creditors had prior to the sale, subject to any claims and defenses the Debtors' estates may have with respect thereto.

4. Upon the entry of this Order, the occurrence of the Closing Date and the payment of the Cure Costs to the applicable Landlord, the Assignee shall be deemed to have assumed and succeeded to the entirety of the Debtors' rights and obligations in and to each Lease which are due and owing from and after the Closing Date and shall have the rights and obligations of the tenant thereunder. The failure of the Debtors to enforce at any time one or more terms or conditions of any Lease shall not be a waiver of such terms or conditions, or of the Assignee's rights to enforce every term and condition of such Lease.

5. Upon the entry of this Order, the occurrence of the Closing Date and the payment of the Cure Costs to the applicable Landlord, the Assignee is a good faith purchaser and shall be entitled to the protections of section 363(m) of the Bankruptcy Code. The sale and assignment is undertaken by the Assignee without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and was negotiated by the parties at arm's length, and, accordingly, the reversal or modification on appeal of the authorization provided in this Order to consummate the sale and assignment shall not affect the validity of the sale and assignment (including the assumption and assignment of each Lease and the sale of the related Acquired Assets). In the event of any stay, modification, reversal, or vacation of this Order, then notwithstanding any such stay, modification, reversal, or vacation, all obligations incurred by the

Debtors under this Order, the Asset Purchase Agreement and the Assignment and Assumption Agreement prior to the effective date of such stay, modification, reversal, or vacation will be governed in all respects by the original provisions of this Order, and the Assignee and the Debtors shall be entitled to the rights, privileges, and benefits granted in this Order with respect to all such obligations.

6.      The consideration provided by the Assignee is fair and reasonable, and the sale and assignment (including the assumption and assignment of each Lease and the sale of the related Acquired Assets) may not be avoided under section 363(n) of the Bankruptcy Code.

7.      All defaults or obligations for compensation of pecuniary loss and all other prepetition and postpetition amounts under any Lease arising prior to the Closing Date, including, without limitation, legal fees, interest, late charges, common area maintenance, real property taxes, and refurbishing obligations, are deemed fully and completely satisfied by the payment of the Cure Costs to the applicable Landlord with respect to such Lease in the amounts set forth on Exhibit A hereto, which Cure Costs shall be paid (i) with respect to Buyer Cure Costs (as defined in the Assignment and Assumption Agreement), to the applicable Landlord by, or on behalf of, the Assignee and (ii) with respect to Excess Cure Costs (as defined in the Asset Purchase Agreement), to the applicable Landlord by the Debtors, in each case in accordance with the Assignment and Assumption Agreement.  Upon payment of the Cure Costs in the manner set forth above and the occurrence of the Closing Date, the applicable Landlord is barred from asserting any further claim against (i) the Debtors for any other amounts arising under the applicable Lease and (ii) Purchaser, the Assignee or any of their respective affiliates (other than the Debtors), successors or assigns for any of the obligations described in the preceding sentence. Any objection of the applicable Landlord to the assumption, assignment, or transfer of the applicable Lease, the Cure Costs, or

seeking further adequate assurance of future performance, to the extent not otherwise resolved by agreement or disposed of by separate order of this Court, is hereby overruled.  There shall be no accelerations, assignment fees, rent increases, or any other fees or amounts charged to the Assignee or the Debtors as a result of the assumption and assignment of any Lease.  On and after payment of the Cure Costs to the applicable Landlord as set forth in the Assignment and Assumption Agreement and this Order and the occurrence of the Closing Date, the Assignee shall be responsible for paying (and shall be entitled to receive any credits for) as and when due all amounts under each Lease becoming due on or after the Closing Date and shall be responsible for performing and discharging all obligations and duties under each Lease that come due on or after the Closing Date.

8.      Except for payment of the Buyer Cure Costs as set forth in the Assignment and Assumption Agreement and this Order, none of Purchaser, Assignee and their respective affiliates (other than the Debtors), successors and assigns shall have any liability, or obligation to the applicable Landlord in relation to or in connection with any default, action, liability or other cause of action under any Lease existing as of the Closing Date whether asserted or not; provided that nothing in this Paragraph 8 shall limit any liabilities which arise solely after the assumption and assignment of any Lease except as otherwise set forth in the Assignment and Assumption Agreement or this Order. Except as provided in the Assignment and Assumption Agreement or this Order, after the payment of the Excess Cure Costs as set forth in the Assignment and Assumption Agreement and this Order and the occurrence of the Closing Date, the Debtors and their estates shall have no further liabilities or obligations with respect to any Lease and all holders of such claims (including the applicable Landlord) are forever barred and estopped from asserting such claims against the Debtors, their successors or assigns, their property, or their assets or estates;

provided, however, that the Debtors shall remain liable solely to the extent of any available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the premises subject to such Lease with regard to events that occurred prior to the Closing Date (it being acknowledged, understood and agreed that (i) nothing herein shall (a) be deemed an assurance of any kind by the Debtors that any such coverage exists or is or will be so available, or (b) require the Debtors to take any action whatsoever with respect to any such insurance coverage relating to the leased premises, including, without limitation, modifying, obtaining, renewing, maintaining, or replacing any such insurance coverage).  Upon remittance of the Cure Costs to the applicable Landlord in accordance with the Assignment and Assumption Agreement and this Order and the occurrence of the Closing Date, such Landlord shall be barred from asserting any additional cure amounts or other claims with respect to the applicable Lease for the period prior to the Closing Date.  For the avoidance of doubt, the applicable Landlord shall be forever (i) barred from objecting to the Cure Costs and from asserting any additional cure or other amounts with respect to each Lease, and (ii) barred and estopped from asserting or claiming against the Debtors, the Purchaser, the Assignee or any of their respective affiliates, successors or assigns, or their respective property, that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Lease, or that there is any objection or defense to the assumption or assumption and assignment of such Lease.

9.      All personal property and furniture, fixtures, and equipment owned by the Debtors remaining in any store subject to any Lease on or after the Closing Date, except to the extent constituting Acquired Assets (which are sold and transferred to the Assignee pursuant hereto), shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as of the Closing Date. The Assignee may, in its sole discretion and without further order of this Court, utilize and/or

dispose of such property without notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow any such disposition.

10.     Any party that did not object within the time set forth in any applicable notice is deemed to consent to the Debtors' assumption and assignment to the Assignee of each Lease and the sale and transfer to the Assignee of the related Acquired Assets and the satisfaction of the requirements of sections 363 and 365 of the Bankruptcy Code.  Upon the Closing Date, subject to payment of required Cure Costs, the Debtors shall be relieved from any further liability with respect to each Lease pursuant to section 365(k) of the Bankruptcy Code.

11.     Solely with respect to the transactions contemplated by this Order, the Asset Purchase Agreement and the Assignment and Assumption Agreement with respect to the Leases, and except as otherwise agreed between the applicable Landlord and the Assignee and notwithstanding anything to the contrary in the Sale Order, the Asset Purchase Agreement or the Assignment and Assumption Agreement, each Lease shall be transferred and assigned pursuant to this Order, the Asset Purchase Agreement and the Assignment and Assumption Agreement, and, thereafter, remain in full force and effect solely for the benefit of the Assignee, notwithstanding any provision in any Lease (including those of the type described in sections 365(b)(2), (e)(1), and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer, including without limitation the following provisions of such Lease (collectively, the "Unenforceable Provisions"):

a.     a provision prohibiting the Assignee's intended use of the premises;

b.     a provision unreasonably prohibiting necessary or desirable alterations to the premises or signage required to convert the premises to the Assignee's intended use; *provided* that such alterations are necessary or desirable to conform such store consistent with the Assignee's intended use of the premises and are done in a manner consistent with the other requirements of the applicable Lease;

c.    a provision conditioning assignment on the applicable Landlord's consent, or requiring any payment to the applicable Landlord as the price of assignment, or granting the applicable Landlord the right to recapture the leased premises following the assignment;

d.    a provision effecting forfeiture, recapture or modification of any of the rights or obligations of the tenant presently in effect under the applicable Lease (whether upon the making of any payment by the applicable Landlord or otherwise), including an increase in rent or any other penalty, upon an assignment by the Debtors of such Lease;

e.    a provision conditioning the Debtors' ability to assign their leasehold rights upon any terms not otherwise required under the Bankruptcy Code;

f.    a provision restricting the Assignee's ability to place reasonable signage on the premises; *provided* that such signage is necessary or desirable to conform such store with the Assignee's identified intended use of the premises and such placement is done in a manner consistent with the other terms of the applicable Lease;

g.    a provision requiring the use of a certain tradename; and

h.    a provision regarding minimum sales revenues required to be satisfied at the premises covered by the applicable Lease.

12.    Notwithstanding anything to the contrary in the Sale Order, the Asset Purchase Agreement, the Assignment and Assumption Agreement or this Order to the contrary, from and after the Closing Date, the Assignee shall comply with the terms of each Lease in its entirety, with the exception of the Unenforceable Provisions set forth in paragraph 11, including, without limitation, any indemnification obligations expressly contained in such Lease (including with respect to third party claims asserted in connection with the Debtors' use and occupancy of the premises subject to such Lease with regard to events that occurred before the effective date of assumption and assignment to Assignee but that were not known to the applicable non-Debtor counterparty as of such date) and shall be responsible for any accrued but unbilled amounts related to percentage rent (if any), common area maintenance, insurance, taxes, or similar charges expressly contained in such Lease (except as agreed by and among the applicable non-Debtor counterparty and Assignee or as may be modified in any agreement with the applicable non-Debtor

counterparty to such Lease) that will come due after the Closing Date, regardless of when accrued. For the avoidance of doubt, any obligations of the Debtors shall be limited as set forth in paragraph 8.

13.     Solely with respect to the transactions contemplated with respect to each Lease by this Order and the Assignment and Assumption Agreement, none of the Unenforceable Provisions shall apply to the Assignee in any respect and, without limiting the generality of the foregoing, no violation by the Debtors or the Assignee of the Unenforceable Provisions shall constitute an event of default under such Lease.

14.     Notwithstanding the provisions of Bankruptcy Rules 4001, 6004, 6006, 7062 and 9014, or any other law that would serve to stay or limit the immediate effect of this Order, this Order shall not be stayed for 14 days after its entry and shall be effective immediately upon entry, and the Debtors and the Assignee are authorized to close the sale of the Leases and the related Acquired Assets set forth in the Assignment and Assumption Agreement immediately upon entry of this Order.  Time is of the essence in closing the sale transaction referenced herein, and the Debtors and the Assignee intend to close the transaction as soon as practicable.  This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.

15.     Upon entry of this Order, this Order and the findings hereunder shall be binding upon all parties to each Lease, the Asset Purchase Agreement and the Assignment and Assumption Agreement.

16.     Upon the entry of this Order, the occurrence of the Closing Date and the payment of Cure Costs to the applicable Landlord, such Landlord shall accept and honor the assignment of the applicable Lease to the Assignee.

17. Upon the entry of this Order, the occurrence of the Closing Date and the payment of the Cure Costs to the applicable Landlord, such Landlord shall reasonably cooperate and execute and deliver, promptly following (and, in no event, more than 10 days after) any reasonable request of the Assignee and at the expense of the Assignee, any instruments, applications, consents, or other documents which may be required or requested by any public or quasi-public authority or other party or entity (or desirable to submit thereto), for the purpose of obtaining any permits, approvals, or other necessary documents required for the alteration, opening, and operating of the properties as contemplated under the Asset Purchase Agreement and the Assignment and Assumption Agreement.

18. This Court shall retain jurisdiction: (i) to construe and determine any disputes under this Order; (ii) to enforce and implement the terms and provisions of the Assignment and Assumption Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith; and (iii) to resolve any disputes arising under or related to the assignment and assumption of each Lease and the sale and transfer of the related Acquired Assets (but all landlord/tenant disputes arising subsequent to the Closing Date which do not involve the assignment and assumption of any Lease, this Order, or the Debtors shall not be subject to the jurisdiction of this Court).

19. The Debtors and the Assignee are hereby authorized to execute and deliver any and all documents, and to do all things reasonably necessary, to effectuate the purposes of this Order, to transfer the Debtors' interests in and to each Lease and the related Acquired Assets, in accordance with the terms of the Asset Purchase Agreement and the Assignment and Assumption Agreement, and to carry out the terms and conditions of the Asset Purchase Agreement and the Assignment and Assumption Agreement.

20.     None of the Assignee and its affiliates (other than the Debtors) is a successor in interest to the Debtors (other than with respect to the Debtors' rights and obligations under any Lease first coming due after the Assignee takes assignment thereunder as provided for under the Asset Purchase Agreement and the Assignment and Assumption Agreement), or the Debtors' bankruptcy estates as a result of the Assignee taking title or possession of any Lease, the subject premises and the related Acquired Assets, and the Assignee is not assuming any liabilities or obligations of the Debtors or their bankruptcy estates, except as may be specifically provided for in the Asset Purchase Agreement, the Assignment and Assumption Agreement and any side letter that may be entered into by and between the Assignee and the applicable Landlord.

21.     Any objections to the assignment of any Lease that have not been withdrawn, waived, adjourned, or settled, and all reservations of rights included in such objections, are overruled in all respects and denied.

22.     Any provision in any Lease regarding percentage rent to the extent of the Debtors' sales prior to the Closing Date shall not be imputed against the Assignee and no percentage rent is due and owing by the Assignee for the period prior to the Closing Date.

23.     To the extent there is any inconsistency between the terms of this Order and the terms of the Assignment and Assumption Agreement (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

24.     To the extent that the Assignee and the applicable Landlord enter into a side letter with respect to any Lease, such side letter shall govern with respect to rights and obligations of the Assignee and the applicable Landlord with respect to any matters addressed in such side letter. For the avoidance of doubt, no side letter shall modify the rights and obligations of any third party without such third party's consent.

25. The failure specifically to include any particular provision of the Assignment and Assumption Agreement or other related documents in this Order shall not diminish or impair the effectiveness of such provision, the Assignment and Assumption Agreement and all other related documents being authorized and approved in their entirety pursuant to this Order.

26. The Assignment and Assumption Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court; *provided* that any such modification, amendment, or supplement is consistent with this Order and does not have any material adverse effect on the Debtors' estates.

27. For the avoidance of doubt, notwithstanding anything in this Order or the Assignment and Assumption Agreement to the contrary, nothing in this Order or the Assignment and Assumption Agreement shall affect, alter, include, modify, or amend any of the agreements between JLP-Orland Park, LLC and Lakeview Plaza (Orland), LLC (collectively, the "Prime Lease"), and JLP-Orland Park, LLC will remain obligated pursuant to the terms of Prime Lease and is not released from any obligations thereunder.

Dated: April 29th, 2026
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

- 15 -