JKS

April 25, 2026

RECEIVED

2026 MAY -8  A 8:41

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Clerk of Court,
U.S. Bankruptcy Court
District of Delaware 824 Market Street
Washington DE 19801

Dear Sir/Madam:

Re: Motion for Relief – Submission of Supporting Documents
     Case # 25-12105

I respectfully submit my Motion for Relief, along with all supporting attachments, for filing and consideration by the Court.

This matter arises from a false and unsubstantiated allegation made by my former employer, which has resulted in significant harm to my reputation, standing, and overall well-being. The allegation, presented without supporting evidence, has had the effect of defaming my character and undermining my ability to maintain stability in my personal and professional life.

The attached documents set forth the factual basis for my motion, including the absence of credible proof supporting the claim, deviations from established policy and procedure, and the resulting consequences I have been forced to endure.

Enclosed, please find the following:

- Motion for Relief
- Supporting Statement/Affidavit
- Relevant Correspondence
- Exhibits and Evidence

Given the urgency and the continuing harm caused by these circumstances, I respectfully request that the Court accept this filing and grant the relief sought, or in the alternative, provide such further relief as the Court deems just and proper.

Thank you for your time and consideration.

Respectfully submitted,

**Marlene Daley**
1220 Satellite Blvd NW #236
Suwanee GA 30024
Email: Daleymarlene@yahoo.com
Phone: 954-945-1299

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

RECEIVED

2026 MAY -8  A 8: 41

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

American Signature, Inc., et al.,
Debtors.

Chapter 11
Case No. 25-12105

## MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)

Movant, Marlene Daley, by and through this Motion, respectfully requests entry of an order granting relief from the automatic stay to permit Movant to pursue claims against the Debtors, and in support states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.
2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.
3. This is a core proceeding under 28 U.S.C. § 157(b).

## BACKGROUND

1. Movant is a former employee of the Debtors and a creditor, having timely filed a Proof of Claim in this proceeding.
2. On or about April 18, 2024, Movant's employment was terminated. In connection with that termination, the Debtors issued a written separation notice containing an allegation that Movant was "intoxicated."
3. This allegation was made without supporting evidence, testing, or investigation, and contrary to applicable company policy.
4. Movant continued working scheduled shifts immediately following the alleged incident, further undermining the validity of the allegation.
5. In April 2026, the same allegation was relied upon and effectively republished as the basis for denial of Movant's unemployment benefits, resulting in direct financial harm.
6. Movant asserts that the written allegation constitutes a false and defamatory statement, and that its recent republication has caused ongoing damages.
7. The circumstances surrounding Movant's termination further support that the stated reason was pretextual in nature, providing additional context for the underlying claims.

## BASIS FOR RELIEF ("CAUSE")

1. Pursuant to 11 U.S.C. § 362(d)(1), relief from the automatic stay may be granted for "cause."
2. Cause exists here because Movant seeks to pursue a defamation claim based on recent republication, which is more appropriately adjudicated in a non-bankruptcy forum.
3. Bankruptcy courts are not the proper venue to liquidate personal tort claims such as defamation.

## IV. NO PREJUDICE TO THE ESTATE

1. Movant seeks to pursue recovery solely from available insurance coverage, including any applicable Employment Practices Liability Insurance (EPLI) policies.
2. Movant does not seek recovery from estate assets.
3. Accordingly, granting relief from stay will not prejudice the Debtors' estate or other creditors.

## V. HARDSHIP TO MOVANT

1. Movant has suffered direct financial harm, including denial of unemployment benefits.
2. The continued existence and use of the false allegation has caused ongoing reputational damage.
3. Denial of relief from stay would unfairly prevent Movant from pursuing available remedies while the harm continues.

## VI. JUDICIAL ECONOMY

1. The interests of judicial economy favor allowing the claim to proceed in the appropriate forum, whether arbitration or court.
2. Allowing the matter to proceed will facilitate efficient resolution without burdening this Court with issues outside its core function.

## VII. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that this Court:

A. Grant relief from the automatic stay to permit Movant to:

- Initiate and/or continue litigation or arbitration
- Pursue claims arising from the defamatory statement and its republication

B. Permit Movant to seek recovery limited to applicable insurance coverage

C. Grant such other and further relief as the Court deems just and proper

Dated: April 24, 2026

Respectfully submitted,


Marlene Daley
1220 Satellite Blvd NW,  #236, Suwanee GA 30024
Phone: 954-945-2312
Email: Daleymarlene@yahoo.com

CASE #25-12105

## CERTIFICATE OF SERVICE

RECEIVED

I, Marlene Daley, certify that on April 24, 2026, I served the foregoing Motion for Relief from Automatic Stay, Proposed Order, and related documents by depositing copies in the United States Mail, first-class postage prepaid, addressed to the following:

2026 MAY 8 A 8: 41

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**Debtor (American Signature, Inc.) - via Claims Agent**

Verita Global
American Signature, Inc.
c/o Verita Global
P.O. Box 5006
New York, NY 10150-5006

**Debtor's Bankruptcy Counsel**

Kirkland & Ellis LLP
Kirkland & Ellis LLP
Attn: American Signature, Inc. Bankruptcy Counsel
601 Lexington Avenue
New York, NY 10022

Kirkland & Ellis LLP
Attn: American Signature, Inc. Bankruptcy Counsel
300 North LaSalle Street
Chicago, IL 60654

**Co-Counsel (Delaware Local Counsel)**

Richards Layton & Finger, P.A.
Richards, Layton & Finger, P.A.
Attn: American Signature, Inc. Bankruptcy Counsel
920 North King Street
Wilmington, DE 19801

**U.S. Trustee**

Office of the United States Trustee Region 3
Office of the United States Trustee – Region 3
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 24

**Marlene Daley**

954-9451299
**1220 Satellite Blvd NW #236**
**Suwanee GA 30024**
**Email: Daleymarlene@yahoo.com**

EXHIBIT A



### State of Georgia
### Department of Labor

## SEPARATION NOTICE

1. Employee's Name ___Marlene Daley___   2. SSN ___[REDACTED]___

   a. State any other name(s) under which employee worked. _____

3. Period of Last Employment: From ___November 3, 2022___ To ___April 18, 2024___

4. REASON FOR SEPARATION:

   a. LACK OF WORK ☐

   b. If for other than lack of work, state fully and clearly the circumstances of the separation: ___Employee was terminated due to her own admission of being under the influence of alcohol while working on 4/5/2024.___

5. Employee received payment for: (Severance Pay, Separation Pay, Wages-In-Lieu of Notice, bonus, profit sharing, etc.) (DO NOT include vacation pay or earned wages)

   _____ in the amount of $ _____ for period from _____ to _____
   (type of payment)

   Date above payment(s) was/will be issued to employee _____

   IF EMPLOYEE RETIRED, furnish amount of retirement pay and what percentage of contributions were paid by the employer.

   _____ per month _____ % of contributions paid by employer

6. Did this employee earn at least $3,500.00 in your employ?   YES ☑   NO ☐   If NO, how much? $ _____

   Average Weekly Wage _____

Employer's Name ___American Signature Inc___

Address ___1972 Mount Zion Rd___
(Street or RFD)

City ___Morrow___ State ___GA___ 30260
ZIP Code

Employer's Telephone No. ___+1 (770) 282-2168___
(Area Code)   (Number)

Ga. D. O. L. Account Number ___82647711___
(Number shown on Employer's Quarterly Tax and Wage Report, Form DOL-4.)

I CERTIFY that the above worker has been separated from work and the information furnished hereon is true and correct. This report has been handed to or mailed to the worker.

_____
Signature of Official, Employee of the Employer or authorized agent for the employer

Store Manager
Title of Person Signing

April 18, 2024
Date Completed and Released to Employee

### NOTICE TO EMPLOYER

At the time of separation, you are required by the Employment Security Law, OCGA Section 34-8-190(c), to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a request for the same information on a DOL-1199FF, you may attach a copy of this form (DOL-800) as a part of your response.

### NOTICE TO EMPLOYEE
### OCGA SECTION 34-8-190(c) OF THE EMPLOYMENT SECURITY LAW REQUIRES THAT YOU TAKE THIS NOTICE TO THE GEORGIA DEPARTMENT OF LABOR CAREER CENTER IF YOU FILE A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS.

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION.

DOL-800 (R-8/05)

#8

## INSTRUCTIONS TO EMPLOYER FOR COMPLETION
## OF THIS SEPARATION NOTICE

In accordance with the Employment Security Law, OCGA Section 34-8-190(c) and Rules pursuant thereto, a Separation Notice **must** be completed for each worker who leaves your employment, regardless of the reason for the separation. This notice shall be used where the employer-employee relationship is terminated and shall not be used when partial (DOL-408) or mass separation (DOL-402) notices are filed.

Item 1.  Enter employee's name as it appears on your records. If it is different from the name appearing on the employee's Social Security Card, report both names.

Item 2.  Enter the employee's Social Security Number. **Verify for correctness.**

Item 3.  Enter the dates of employee's most recent work period.

Item 4.  a. If the reason for separation is for "LACK OF WORK," check box indicated.
b. If the reason for separation is OTHER THAN "lack of work," give complete details about the separation in space provided. If needed, add a separate sheet of paper.

Item 5.  If any type payment, (i.e. Separation Pay, Wages-in-lieu of Notice, etc.) was made, indicate the type of payment and the period for which payment was made beyond the last day. Give the date on which the payment was/will be issued to the employee. DO NOT include vacation pay or earned wages.

Item 6.  Check the appropriate block YES or NO to indicate whether this employee earned at least $3,500.00 in your employ. If you check NO, enter amount earned in your employ. Give average weekly wage (without overtime) at the time of separation.

Employer's Name.  Give full name of employer under which the business is operated.

Address.  Give full mailing address of the employer where communications are to be sent in regard to any potential claim.

Company's Georgia DOL Account Number.  Your state DOL Unemployment Insurance Account Number as it appears on your Quarterly Tax and Wage Report, Form DOL-4.

Signature.  This notice must be signed by an officer or employee of the employer or authorized agent for the employer, and this person's title or position held with the employer must be shown.

Date.  This notice must be dated as of the date it is handed to the worker. If the employee is no longer available at the time employment ceases, mail this form (DOL-800) to the employee's last known address and enter date the form is mailed.

OCGA Section 34-8-256(b)
PENALTY FOR OFFENSES BY EMPLOYERS. "Any employing unit or any officer or agent of an employing unit or any other person who knowingly makes a false statement or representation or who knowingly fails to disclose a material fact in order to prevent or reduce the payment of benefits to any individual entitled thereto or to avoid becoming or remaining subject to this chapter or to avoid or reduce any contribution or other payment required from an employing unit under this chapter or who willfully fails or refuses to make any such contributions or other payment or to furnish any reports required under this chapter or to produce or permit the inspection or copying of records as required under this chapter shall upon conviction be guilty of a misdemeanor and shall be punished by imprisonment not to exceed one year or fined not more than $1,000.00 or shall be subject to both such fine and imprisonment. Each such act shall constitute a separate offense."

OCGA Section 34-8-122(a)
PRIVILEGED STATUS OF LETTERS, REPORTS, ETC., RELATING TO ADMINISTRATION OF CHAPTER. "All letters, reports, communications, or any other matters, either oral or written, from the employer or employee to each other or to the department or any of its agents, representatives, or employees, which letters, reports, or other communications shall have been written, sent, delivered, or made in connection with the requirements of the administration of this chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any action for slander or libel in any court of the State of Georgia."

# EXHIBIT B – HANDBOOK / POLICY ISSUE STATEMENT

## CASE# 25-12105

Upon information and belief, the Employer has replaced its prior Employee Handbook with a revised stapled "Team Member Handbook," which does not reflect the full policies and disciplinary standards in effect at the time of the Movant's employment and termination. The Employer's stated reason for termination—alleged intoxication—was asserted without supporting evidence and contrary to applicable company policy requiring verification and/or documentation of misconduct. The

absence of the governing policy record supports a finding of **Pretextual Termination and Defamation of Character** as the Employer cannot substantiate that its stated reason was applied consistently or in accordance with its policies at the time of the alleged incident.

EXHIBIT C

Case 25-12105-JKS    Doc 789    Filed 05/08/26    Page 11 of 18

----------- Forwarded Message -----------

**From:** Commissioner <commissioner@gdol.ga.gov>
**To:** Commissioner Feedback: Marlene Daley <daleymarlene@yahoo.com>; Commissioner <commissioner@gdol.ga.gov>
**Cc:** Commissioner <commissioner@gdol.ga.gov>
**Sent:** Tuesday, April 21, 2026 at 09:07:17 AM PDT
**Subject:** RE: Feedback from: Email the Commissioner

Good afternoon, Marlene,

You have reached the final level of the appeal process. The next step is to file with the Superior Court in the county where you completed the work. We have attached a copy of the Appeals Handbook for your reference.

Best regards,

Tracy B.
Constituent Services Team

**From:** no-reply@messages.georgia.gov <no-reply@messages.georgia.gov>
**Sent:** Tuesday, April 21, 2026 11:52 AM
**To:** Commissioner <commissioner@gdol.ga.gov>
**Subject:** Feedback from: Email the Commissioner

Submitted: Tue, 04/21/2026 - 11:52

First and Last Name: Marlene Daley
E-mail Address: Daleymarlene@yahoo.com
Phone Number: 954-945-1299
Comments:
Dear Commissioner: My Docket # is 3031-25. I am 72 years old and on the brink of homelessness. I worked for American Signature Furniture and was terminated due to "Employee was terminated due to her own admission of being under the influence of alcohol while working on 4/5/2024." I went into a deep state of psychological trauma and debilitation. Not only was it said as a joke, but the word was used as the double entendre it is. It meant joyrul. The manager who was absent on the alleged day, Breached the Company Policy which states that a Dolicots need to be returned and to reinstate me Employee NEEDS BE TERMINATED ON THE SAME DAY. I was never given one and I worked until closing on said day. I was terminated 2 weeks later. I AM DESPERATE! My NEED OF HELP! I need to find somewhere to stay URGENTLY and FINANCIALLY! Please HELP! Sincerely, Marlene Daley

*25-12105*
*EXTRA*

From:daleymarlene@yahoo.com

To:Crystal.Karic@americansignature.com,Kristen.Bell@americansignature.com,Justin.Bledsoe @americansignature.com,daleymarlene@yahoo.com

Sun, Jan 18 at 8:59 AM

**TO WHOM IT MAY CONCERN**


**Dear Sir/Madam:**

I am writing to you not merely as an author, but as a human being who has endured profound psychological pain and trauma as a direct result of the events documented in the attached manuscript.

This 74-page work was written out of necessity, not ambition. It is the result of sleepless nights, emotional disorientation, and the quiet devastation that follows when one's dignity, livelihood, and sense of safety are abruptly compromised. Writing became the only means by which I could stabilize myself, preserve the truth, and survive the deeply damaging psychological aftermath of what occurred.

The manuscript is intentionally submitted **unbound**. While the work is complete, I have withheld final binding to allow space for your good-faith review and response before permanent publication. This restraint is deliberate. Should circumstances require escalation, the final version will reflect complete factual specificity.

I ask that you review the manuscript with the seriousness it warrants, not as a grievance, but as a documented human experience that carries profound emotional, disparaging professional and ethical weight.

Please provide a written response within **14 calendar days** of receipt of this letter. This timeframe is reasonable, respectful, and necessary for resolution. Silence or delay will be interpreted as a decision to forgo engagement prior to final publication.

I did not choose this path lightly. I chose it because truth, once written, demands to be acknowledged.

I trust you will respond accordingly.


Kind regards,

**Marlene Daley**

Marlene Daley

From:daleymarlene@yahoo.com

To:Justin Bledsoe,Kristen Bell,Crystal Karic

Tue, Feb 3 at 2:41 PM

**TO WHOM IT MAY CONCERN**

**Dear Sir/Madam**

I am writing to follow up on the correspondence and manuscript I submitted to your office on January 18, 2026. As of today, I have not yet received confirmation of receipt or information regarding your review or consideration.

I understand that American Signature, Inc. and its affiliated brands are currently operating within bankruptcy proceedings and undergoing restructuring and liquidation processes. In light of this, I would appreciate guidance on the appropriate department, representative, or claims channel through which matters of this nature are being directed so that my submission can be properly routed and acknowledged.

My intention is simply to ensure that my prior communication has reached the appropriate individual and is being handled through the correct procedural pathway.

Thank you for your attention to this matter and look forward to your response.

Kind regards,

**Marlene Daley**

CASE # 25-12105 EXHIBIT C



# DISCRIMINATION PERSONIFIED IN 2025 AMERICA

The Battle Against a Corporate Culture That Never Expected Me to Fight Back.

A TRUE STORY

**MARLENE DALEY**

---

**DISCRIMINATION PERSONIFIED IN 2025 AMERICA**

**MARLENE DALEY**

---



With one cruel heartless accusation, built on a false premise – where medical proof was required – but was denied her principled life, built on hard work, discipline, integrity, and honesty, became psychologically warped. She succumbed to an inescapable need for sleep which almost rendered her homeless. It was retaliation for her report of the level of discrimination she endured at work. Without medical confirmation and without mercy, the author was wrongfully terminated and publicly disparagingly marked in a way that has indelibly tainted the character of this Black woman in America. What followed was not simply unemployment but a quiet psychological collapse. Months were lost to a severe level of exhaustion nights were filled with fear, as her body began to shut down under the weight of injustice which she failed to understand. At best she asked for prayers.

This devastation did not spare her accomplishments. She is a published author and the CEO of Koich Magazine, a living archive of Black excellence created to light attempts of the historical erasure of the experiences she now suffered firsthand. Even with proof of character, Divine guidance and a voice trained to document truth, she discovers how easily a system can look away when harm is done, and how suffering becomes invisible once the paperwork is complete, and the allotted time has run out. Written with raw clarity and unrestrained grief, this book is not a plea for sympathy. It is a record. It is a testimony, and a reminder, that when dignity is stripped without cause, telling the truth is not only cathartic, but becomes a necessary act of psychological repair and survival.

**MARLENE DALEY**

https://outlook.office.com/mail/kingsreserve@greystar.com/inbox/id/AAQkADBhNWY4N2FkLTc1OWQtNGZmYS05ZTI0LTAyOGYxYjM4ZTRmZQAQAG9u0DyEKtFMsQ827Avn4Ao%3D/sxs/AAkALgAAA...   1/1

EXHIBIT F
CASE # 25-12105

**CREDITOR'S STATEMENT OF FACTUAL BASIS**

**FOR UNLIQUIDATED EMPLOYMENT CLAIM**

I, Marlene Daley, submit this statement in support of my Proof of Claim filed in the above-referenced bankruptcy matter. The amount of the claim is unliquidated because damages depend upon factual determinations that have not yet been adjudicated. This document is not a complaint for relief, but a factual explanation establishing the existence and legal basis of the claim.

I was employed as a sales consultant in a commission-based retail environment. My performance was consistently strong, including recognition for high bedding and protection plan sales within months of rejoining the company. I relied upon this employment as a primary source of income.

Over time, I began experiencing disparate treatment by store management. Assistance necessary to complete transactions was routinely withheld from me while freely provided to other employees. Sales promotions and procedural information were selectively distributed in a manner that excluded me. I was denied assistance needed to process sales, causing lost commissions and customer dissatisfaction. Other consultants were permitted procedural flexibility not afforded to me.

The treatment escalated from differential support to open hostility. In a staff meeting, a manager publicly stated that I was "so old I could be anyone's grandmother," dismissing my contribution. I was reprimanded in front of customers, humiliated loudly on the sales floor, and subjected to repeated conduct designed to undermine my professional standing. Customers and coworkers witnessed these events.

I reported concerns consistent with workplace discrimination and hostile treatment. Following the report, the work environment worsened. My commissions were interfered with, I was written up for incidents not caused by me, and I was subjected to heightened scrutiny and public reprimand not imposed on similarly situated employees.

Ultimately, coworkers reported that I was intoxicated at work. This allegation was false. No same-day medical verification was conducted, no testing was performed, and the employer did not follow its own written procedures regarding suspected impairment. Nevertheless, I was

terminated, and the accusation was recorded in a manner affecting my reputation and eligibility for unemployment benefits.

Significantly, on the evening of my termination, corporate human resources sent communication thanking me for my report and stating retaliation for discrimination complaints was unacceptable. This confirmed that corporate management was aware of my complaint but not aware that termination had already occurred.

The termination therefore followed protected activity and was based upon an unverified allegation inconsistent with company policy. The sequence of events — complaint, escalating hostility, false allegation, and termination — forms the basis of a claim including wrongful termination, retaliation, defamation, and lost earnings.

Because the employer has filed for bankruptcy, I cannot presently liquidate damages through ordinary litigation. However, the claim exists and retains monetary value. My damages include lost wages, lost commissions, reputational harm, emotional distress, and related losses to be determined by a court of competent jurisdiction.

I therefore assert a contingent and unliquidated claim against the debtor and respectfully request it be recognized and preserved within the bankruptcy proceedings pending future adjudication.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Marlene Daley

Creditor and Former Employee

CASE # 25-12105

## ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

Upon consideration of the Motion for Relief from Automatic Stay (the "Motion") filed by **Marlene Daley** ("Movant"), and any responses thereto; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Motion was proper; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.  The Motion is **GRANTED**.
2.  The automatic stay imposed by 11 U.S.C. § 362(a) is hereby **modified** to permit Movant to:
    a. Initiate and/or continue litigation or arbitration against the Debtors for claims arising from the alleged defamatory statement and its subsequent republication;
    b. Pursue such claims in a court or arbitral forum of competent jurisdiction.
3.  Any recovery by Movant shall be **limited solely to available insurance proceeds**, including any applicable Employment Practices Liability Insurance (EPLI), and Movant shall not seek to enforce any judgment against the Debtors' bankruptcy estate or property of the estate.
4.  This Order is without prejudice to any rights, claims, or defenses of the Debtors or any other party in interest in any non-bankruptcy forum.

The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

If no objections are timely filed, the Court may grant the relief requested without further notice or hearing.

**SO ORDERED**:

April 24, 2026

Marlene Daley

Phone: 954-945-1299

1220 Satellite Blvd NW #236

Suwanee GA 30024

Email: Daleymarlene@yahoo.com

CASE # 25-12105

**UNITED STATES BANKRUPTCY COURT**
FOR THE DISTRICT OF DELAWARE

**In re:**

American Signature, Inc., et al.,
Debtors.
Case No. 25-12105 (Chapter 11)

## APPLICATION TO WAIVE FILING FEE (OR, IN THE ALTERNATIVE, TO PAY IN INSTALLMENTS)

I, I Marlene Daley, (Movant) respectfully request that the Court waive the filing fee associated with my Motion for Relief from Automatic Stay, or, alternatively, permit payment in installments.

In support, I state:

1. I am the Movant and a creditor in this case.
2. I am currently experiencing financial hardship.
3. I have been denied unemployment benefits and do not have sufficient funds to pay the filing fee at this time.
4. Payment of the fee would impose a substantial financial burden.

WHEREFORE, I respectfully request that the Court:

- Waive the filing fee; or
- Allow payment in reasonable installments

I declare under penalty of perjury that the foregoing is true and correct.

**Dated:** April 24, 2026

*Marlene Daley*
**Marlene Daley**

1220 Satellite Blvd NW #236
Suwanee GA 30024
954-945-1299
Email: Daleymarlene@yahoo.com