**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.,*[1] | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |

**REPLY IN SUPPORT OF DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACT AND/OR UNEXPIRED LEASES**

The above captioned debtors and debtors-in-possession (collectively, the "Debtors") file this reply (the "Reply") in further support of the *Debtors' Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* [D.I. 675], and in response to the *Objection and Reservation of Rights of Decar Realty LLC to the Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* [D.I. 711] (the "Objection"). In in response to the Objection and in support of this Reply, the Debtors respectfully state as follows:

**Preliminary Statement**

1. Decar Realty LLC ("Decar Realty") has objected to the assignment of the lease of store no. 74 (the "New Carrollton VCF Lease"), currently operated as a Value City Furniture store, to Burlington Coat Factory. Decar Realty's objection is not that Burlington is not financially capable of performing under the New Carrolton Lease itself — indeed, there is no dispute that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

4906-8654-3019.1 03721.00001

Burlington is capable of complying with the financial and other obligations of the New Carrollton VCF Lease — and not because there is a better alternative to use the space.

2. Indeed, it is beyond dispute that Burlington has made the highest and best offer to take over the New Carrollton VCF Lease. The only dispute, then, is whether the assignment of the New Carrolton VCF Lease to Burlington should nevertheless be denied based on a restrictive covenant in a *separate* lease with a *separate* tenant that the landlord signed *after* the New Carrollton VCF Lease, even though the New Carrollton VCF Lease itself contains no language that binds it to subsequent exclusive clauses that the landlord might sign.

3. The Debtors respectfully submit that, consistent with the Bankruptcy Code and this Court's prior rulings, their ability to assume and assign leases cannot be restricted in this manner, and request that the Court overrule the objection and approve the proposed assignment.

## Reply

4. Decar Realty does not dispute that Burlington is financially capable of performing under the New Carrollton VCF Lease. There is thus no doubt, and no dispute, that the New Carrollton VCF Lease is freely assignable notwithstanding the anti-assignment language in the lease, provided the other provisions of Section 365 are met. 11 U.S.C. § 365(f)(1).

5. In objecting to the assignment, Decar Realty invokes a lease to another tenant in the same shopping center, Forman Mills, which was executed on September 8, 2009. The Forman Mills lease contains an exclusivity provision limiting Decar Realty's ability to enter into new leases with businesses that will operate the same "Core Business" as Forman Mills, *i.e.*, discount clothing and other merchandise.

6. Assuming that Burlington's business falls within the same "core business" as Forman Mills, the Forman Mills lease's purported restrictions do nothing to prevent the assignment to Burlington. First, the Forman Mills exclusivity provision itself *excludes* from this restriction

"any existing leases currently in place."  Objection Ex. 1 § 4.5 (D.I. 711-3, p. 16 of 81).  The New Carrollton VCF Lease was executed on or about December 21, 1993.[2]  Indeed, portions of the New Carrolton VCF Lease are included in an attachment to the Forman Mills lease detailing then-existing lease restrictions, making clear that it was one of those "existing leases."  *Id.* at page 75 of 81.

7.      Section 20 of the New Carrolton Lease provides that the space will be used for "a retail furniture store," but can be used for other purposes so long as not inconsistent with *existing* exclusive provisions:

> So long as not conflicting with *previously granted* exclusives elsewhere in the center, the demised premises may also be used for appurtenant uses, and for no other purpose whatsoever without the prior written consent of Landlord, which consent shall not be unreasonably withheld.

New Carrollton VCF Lease § 20 (emphasis added).

8.      The Forman Mills lease[3] was entered into sixteen years after the New Carrollton VCF Lease and, accordingly, was not one of those "previously granted exclusives."  Put simply, by their express terms, nothing in the Forman Mills lease or the New Carrollton VCF Lease requires that an assignment of the latter be restricted in any way by the former, because nothing in the New Carrollton VCF Lease binds its uses, to *subsequent* exclusive provisions that the Decar Realty may have entered into with other tenants.  Nor does the lease indicate that Decar Realty's consent, which is not to be unreasonably withheld, might be constrained by its other agreements.  Indeed, the plain language of the lease indicates that the tenant *may* engage in certain uses that conflict with subsequently-granted exclusives.

---

[2]  The front page of the New Carrollton VCF Lease does not contain a specific date in December 1993, but it was notarized on December 21, 1993.

[3]  The Forman Mills lease is attached as an exhibit to the Objection.

9.      This Court addressed a similar scenario in *Big Lots*, holding that a later-in-time lease did not bind the earlier one; the assigned lease "contains no provision requiring compliance with the Ross exclusive use provision" and so did not violate the terms of the assigned lease.  *In re Big Lots, Inc.*, No. 24-11967 (JKS), Hr'g Tr. at 60:19-23 (Jan. 21, 2025) (the "Big Lots Tr."), attached as Exhibit A.

10.      The Court further held, agreeing with prior decisions from the Southern District of New York in *Sears* and the Bankruptcy Court for the District of New Jersey in *Bed, Bath & Beyond* that addressed the same issue, that the "any other lease" language in Section 365(f)(2)(B) does not mean a subsequent lease to which the debtor was not a party.  Big Lots Tr. at 61:6-13.  The Court explained the policy supporting its interpretation as follows:  "the ability of debtors to maximize the proceeds from their leases would or could be severely curtailed by landlord's subsequent agreement with other tenants to limit the use for which the debtor's premises were expressly allowed to be used without debtor agreeing to those terms."  Big Lots Tr. at 61:20-25.

11.      The court in *Joann* followed this Court's reasoning, holding that "subsequent agreements that the landlord may enter into don't bind – don't bind the debtor."  *In re Joann Inc.*, No. 25-10068 (CTG), Hr'g Tr. at 10:19-11:3 (Aug. 26, 2025), attached as Exhibit B.

12.      The need for Decar Realty's consent is no barrier to the proposed assignment, as an assignment that otherwise complies with the Bankruptcy Code can be assigned without the landlord's consent.  *See* Bankruptcy Code § 365(f); *In re Ames Dept. Stores, Inc.*, 348 B.R. 91, 98 (Bankr. S.D.N.Y. 2006) ("[S]ubject only to statutory safeguards, the value of a debtor's lease should go to the debtor's creditors, and . . . leases can be sold to achieve that end—with or without landlord consent. . . .").  In any event, because the Forman Mills exclusive provision does not apply to the New Carrolton VCF Lease, Decar Realty's withholding of consent would be unreasonable.

## Conclusion

13.    For the foregoing reasons, the Debtors respectfully request that the Court overrule the Objection and permit assignment of the New Carrollton VCF Lease.

Dated: May 13, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:   302-652-4400
Email: ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        ecorma@pszjlaw.com

*Counsel for the Debtors and Debtors in Possession*

4906-8654-3019.1 03721.00001                5