**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 657 and 711** |

**BURLINGTON STORES, INC.'S REPLY
TO OBJECTION AND RESERVATION OF RIGHTS OF DECAR REALTY LLC
TO THE NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

Burlington Stores, Inc.[2] ("Burlington") states as follows (this "Reply") in response to the *Objection and Reservation of Rights of Decar Realty LLC to the First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* [Docket No. 440] and the *Objection and Reservation of Rights of Decar Realty LLC to the First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* [Docket No. 711] (the "Objection"), regarding that certain December 8, 1993 Lease agreement between Decar Realty LLC ("Landlord") and Debtor American Signature Home, Inc. (as amended, supplemented, or otherwise modified, the "Lease"):

**Preliminary Statement**

1. Burlington—a nationally recognized off-price retailer and Fortune 500 company—is the proposed assignee of the above-captioned debtors and debtors in possession (collectively, the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

[2]   Burlington Stores, Inc. is the parent of the designated Assignee, Burlington Coat Factory Warehouse Corporation, for the Lease.

"Debtors") for the Lease. Burlington purchased the designation rights from ASI Purchaser LLC[3] for three of the Debtors' unexpired leases of nonresidential real property, two of which sales have already been approved by this Court. *See* Docket No. 739.

2.      In its Objection, Landlord asserts that assignment of the Lease to Burlington will violate an exclusive granted by Landlord to another tenant, Forman Mills, in a later-in-time lease. However, the exclusive relied upon by Landlord does not apply to "existing leases," which includes the Debtors' Lease. The only obstacle to a change in use under the Debtors' Lease is the written consent of the Landlord, "which consent shall not be unreasonably withheld." Lease § 20. Landlord's efforts to withhold consent on the basis of an inapplicable, later-in-time lease are unreasonable.

3.      The remaining provisions of section 365(d)(3)(C) and (D) are not in dispute. There is no dispute that Burlington's financial condition is better than the Debtors' financial condition in 1993. There are no provisions of the Debtors' Lease that prohibit assignment to Burlington. There is no allegation, nor any evidence, that the addition of Burlington to the Shopping Center would disrupt any tenant mix. The Landlord's Objection should be overruled.

### Lease Background

4.      On or about December 8, 1993, Landlord and the original tenant entered into the Lease regarding approximately 37,250 square feet of  commercial real property located at 8301 Annapolis Road, New Carrollton, Maryland (the "Premises").

5.      Effective July 31, 2003, the original tenant and Debtor American Signature, Inc. executed an Assignment and Assumption of Lease regarding the Lease, which was acknowledged and signed by the Landlord.

---

[3]      ASI Purchaser LLC is the purchaser of substantially all of the Debtors' assets pursuant to the Asset Purchase Agreement dated as of November 25, 2025, as amended, and this Court's *Order Approving Sale of Substantially All of Debtors' Assets and Granting Related Relief* [Docket No. 520].

**<u>Argument</u>**

**A.  The Forman Mills Lease's Exclusive Provision Does Not Apply to the Debtors' Lease.**

6.      Landlord's primary argument against the assignment to Burlington is that Landlord granted an exclusive to Forman Mills, a subsequent lessor in the shopping center, in a September 9, 2009 Lease Agreement (the "<u>Forman Mills Lease</u>"). While the Forman Mills Lease does contain an exclusive use provision in Forman Mills's favor, that provision clearly excepts the Debtors' Lease:

> Section 4.5    <u>Exclusivity</u>.
>
> A.    Landlord grants to Tenant for the entire term of this Lease, including any renewal terms, the exclusive right to operate its Core Business within the Shopping Center and, except for (i) the Premises, (ii) any existing leases currently in place, which leases and use clauses are attached hereto as Schedule I or (iii) any lease which is for less than 6,000 square feet, Landlord shall not lease, sell or permit or consent to any sublease or assignment where any space in the Shopping Center is to be used, in whole or in part, for the Core Business.

Forman Mills Lease § 4.5(A) (the "<u>FM Exclusive</u>"). In other words, the Landlord's promise not to "permit or consent to any sublease or assignment" where the use will be the same as Forman Mills's "Core Business" is expressly carved out and does <u>not</u> apply to any lease that was already in place on September 9, 2009.

7.      A later-in-time exclusive granted to another tenant does not bind the Debtors absent the Debtors' agreement to be bound. Transcript of January 21, 2025 Hearing, Docket No. 1838, *In re Big Lots, Inc.*, Case No. 24-11967 (JKS) (Bankr. D. Del. 2024), p. 60 ("*Big Lots* Tr."); Transcript of July 31, 2025 Hearing, Docket No. 2115, pp. 125-28, *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP) (Bankr. D.N.J. 2023) ("*Bed Bath & Beyond* Tr."). In a section 365(b)(3)(C) and (D) analysis, it is the Landlord's burden to prove the Debtors' assignment to Burlington will violate the Landlord's contractual rights or violate other leases in the shopping center. *See In re Toys "R" Us*, 587 B.R. 304, 311 (Bankr. E.D. Va. 2018) ("In light of [landlord's] failure to show that its contractual

3

rights will be violated by the assignment of the Lease to Burlington, the Court will not prohibit the proposed assumption and assignment.").

8. The Bankruptcy Court for the Eastern District of Virginia's opinion in *Toys "R" Us* is squarely on point and highly instructive. *Toys*, 587 B.R. at 309–310. In *Toys* (and here), nothing in the four corners of the lease between the landlord and *Toys* prohibited assignment to Burlington. *Id*. at 308–309. The landlord nevertheless sought to block *Toys'* proposed assignment of the lease to Burlington on the basis of exclusive use provisions the landlord had granted to a subsequent tenant under that tenant's lease. *Id*. at 307. The *Toys* court rejected that interpretation because the lease in question contained no provision requiring compliance with the exclusive use provision. *Id*. at 310–311. The *Toys* court alternatively found that the assignment would not breach the other lease's exclusivity provision because the court's order would render the landlord "without the capacity to prevent Burlington's intended use," noting that the exclusivity provision only applied if the landlord "ha[d] the capacity" to prevent a tenant from selling off-price apparel. *Id*. at 310.

9. As noted in Landlord's Objection, in the Forman Mills Lease, Landlord "covenanted and agreed not [to] lease, sell or permit or consent to any assignment where any space in the Shopping Center is to be used, in whole or in part, for Forman Mill's core business." Objection ¶ 14. Here, Landlord is not being asked to *lease, sell, permit, or consent* to any assignment, where this Court is authorizing the proposed assignment over the Landlord's objection. *See Bed Bath & Beyond* Tr. pp. 125-126 (explaining that the assumption and assignment of the lease is a judicial action that may render the landlord unable to comply with the restriction contained in another lease and the law would excuse performance that has been rendered legally impossible). The Landlord will therefore not be in breach of the FM Exclusive if the Lease is assigned to Burlington for this reason either.

10. The Landlord has not met its burden because the FM Exclusive on its face excludes the Debtors' Lease. Landlord has provided no evidence that the Debtors ever agreed to be bound by

the FM Exclusive. The Lease itself, and the Debtors' assumption of the Lease via assignment on July 31, 2003, both predate the Forman Mills Lease. The assignment to Burlington would not cause the Landlord to breach any covenant contained in the Forman Mills Lease.  The Landlord's objection should be overruled.

**B. Landlord's Refusal to Consent to the Assignment to Burlington is Unreasonable and Violates the Debtors' Lease.**

11.    Landlord briefly makes a second argument that the Lease's use provision allows it to reasonably withhold consent to a change in use and this justifies different treatment from well-established case law. Objection ¶¶ 18-20. Landlord acknowledges that its reason for withholding consent is its "affirmative duty under the Forman  Mills Lease to enforce the exclusivity covenant of the Forman Mills Lease."  Objection ¶ 19.

12.    Because the FM Exclusive does not apply to the Debtors' Lease at all, Landlord's withholding of consent is in fact *un*reasonable. The Lease's use provision states:

> **SECTION 20. USE AND OCCUPANCY**
>
> The demised premises during the term of this **Lease** shall be occupied for the operating and conducting therein of a retail furniture store.  So long as not conflicting with previously granted exclusives elsewhere in the center, the demised premises may also be used for appurtenant uses, and for no other purpose whatsoever without the prior written consent of Landlord, which consent shall not be unreasonably withheld.  Tenant shall at all times conduct

The Lease does not prohibit Burlington's proposed use of the Premises outright; it merely gives the Landlord a *reasonable* veto. This is the playing field both inside and outside of bankruptcy.

13.     As explained above, the assignment to Burlington would not cause the Landlord to breach any covenant contained in the Forman Mills Lease. The only reason given for Landlord's refusal to consent to the assignment to Burlington is the FM Exclusive. Such non-consent is unreasonable because the FM Exclusive does not apply to the Lease.

14.     Put another way, allowing the Landlord to block the Debtors' assignment of the Lease on the basis of, at best, a misinterpretation of the operative leases and the parties' respective rights thereunder (or at worst, a pretext) would chill a debtor's ability to monetize its lease assets. The Landlord's plea for special treatment holds no water. Section 365(b)(3)(C) does not prohibit assignment of the Lease to Burlington.

15.     Landlord mentions section 365(b)(3)(D) in passing, but Landlord has not made any showing—not even an allegation—that assignment to Burlington would disrupt any tenant mix or balance under section 365(b)(3)(D). The Landlord's stated reasons for opposing the proposed assignment lack a legal basis in the Lease and in the Forman Mills Lease. The Landlord's Objection should be overruled.

Dated:  May 14, 2026
        Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**


/s/ *Marcy J. McLaughlin Smith*
Matthew P. Ward (DE Bar No. 4471)
Marcy J. McLaughlin Smith (DE Bar No. 6184)
Michael Barber (DE Bar No. 7158)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:   (302) 252-4320
Facsimile:   (302) 252-4330
Email:  matthew.ward@wbd-us.com
         marcy.smith@wbd-us.com
         michael.barber@wbd-us.com


 -and-

**JACKSON WALKER LLP**
Kristhy M. Peguero (DE Bar No. 4903)
Victoria Argeroplos (TX Bar No. 24105799)
William Farmer (TX Bar No. 24127156)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:   (713) 752-4200
Email:  kpeguero@jw.com
         vargeroplos@jw.com
         wfarmer@jw.com

*Co-Counsel for Burlington Stores, Inc.*