**Exhibit B**

**Morando Declaration**

4918-5216-1981.3 03721.00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No.** |

**DECLARATION OF RUDOLPH MORANDO IN
SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE PRIVATE SALE OF CERTAIN GOOGLE CLAIMS AND
PARTICIPATION INTEREST TO
BUYER AND (II) GRANTING RELATED RELIEF**

I, Rudolph Morando, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge, information, and belief:

1.      I am a Managing Director with Berkeley Research Group, LLC ("BRG") and the co-chief restructuring officer ("Co-CRO") of American Signature, Inc. ("ASI") and each of the other above-captioned debtors and debtors in possession (collectively, the "Debtors").  I became the Debtors' Co-CRO along with Stephen Coulombe of BRG on or about November 8, 2025.  In such capacity, I am familiar with the Debtors' businesses, financial affairs, and day-to-day operations.

2.      I submit this declaration (the "Declaration") in support of the *Motion of Debtors for Entry of an Order (I) Authorizing the Private Sale of Certain Google Claims and Participation Interest to Buyer and (II) Granting Related Relief* (the "Sale Motion").[2]

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

4902-8035-1654.8 03721.00001

3.      Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees of or advisors to the Debtors, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

4.      As set forth in the Sale Motion, the Debtors have certain claims and causes of action against Google LLC and/or Google LLC's affiliates (collectively, "Google"), including, without limitation: any claims and causes of action arising out of, or in connection with, or relating to, Google's violation of the Sherman Act §§ 1, 2 as enumerated in (1) the United States District Court for the Eastern District of Virgina on April 17, 2025 in *United States of America, et al., v. Google LLC*, (Case No. 1:23-cv-108) and (2) the United States District Court for the District of Columbia on August 5, 2024 in (a) *United States of America et al., v. Google LLC*, (Case No. 20-cv-3010) and (b) *State of Colorado et al., v. Google LLC,* (Case No. 20-cv-3715), on account of certain payments made by Seller to Google with respect to the purchase by Seller from Google of certain advertising services in connection with Google's Advertising Program Terms (the "Google Program Terms") and any other relevant contract for such services between Seller and Google, and all proceeds thereof, including without limitation any interest thereon and other amounts paid or reimbursed in relation thereto (all of the foregoing claims and causes of action, the "Google Claims").

5.      The Google Claims, Participation and Participated Rights include all of Seller's (and, if and to the extent applicable, SSC's) claims, interests and causes of action directly arising from or relating to payments made by Seller to Google with respect to the purchase by Seller from Google of certain advertising services (the "Google Spend Amount"), and any other claims and

causes of action of Seller (and, if and to the extent applicable, of SSC) relating to the Google Spend Amount that were paid to Google and all related rights, distributions, amounts, payments related thereto and other proceeds thereof.

6.    The Debtors have analyzed the process, timing and potential costs related to pursuing the Google Claims.  Prior to the Petition Date, Debtors retained Keller which is coordinating the pursuit and prosecution of claims against Google on behalf of Debtors and other potential plaintiffs.  Based on this analysis, the Debtors believe that the process and timing of collecting on the Google Claims is uncertain, and there is a risk of recovery of the Google Clams.  In light of the timing and risk of collection, the Debtors explored the possibility of selling the Google Claims.

7.    The Debtors started marketing the Google Claims in mid-April of 2026 starting with the parties that had participated in the marketing of the Debtors rights to certain tariff refunds.  Debtors spoke with 11 different parties who had some interest in purchasing the Google Claims.

8.    The Debtors solicited bids from interested parties and received three bids.  Debtors determined Buyer's offer to be the highest and best offer for the Google Claims, Participation and Participated Rights.  In addition to offering the highest amount, Buyer is a sophisticated party who has the resources to close quickly.

9.    Buyer is an independent third-party buyer and is not an affiliate or insider of the Debtors.  The Debtors and the Buyer negotiated the Agreement in good faith, and from arm's length bargaining positions with each party represented by its own legal counsel and other advisors.

10.    The Debtors believe, for the reasons set forth herein and in the Sale Motion, that it is in the best interests of the Debtors' estates and all parties in interest, and that it will maximize

value for the estates, to complete the proposed sale of the Google Claims, Participation and Participated Rights under the terms of the Agreement.  .

11.    In light of the unpredictable timing and risk associated with the process for collecting on the Google Claims, the Debtors submit that the Purchase Price is fair and reasonable.

12.    The Debtors also believe that the other terms and conditions of the Agreement are fair and reasonable.  The Buyer is only willing to complete the sale if the Google Claims, Participation and Participated Rights are sold free and clear of all Encumbrances as described in the Agreement.  Accordingly, the Debtors seek authorization to sell the Google Claims, Participation and Participated Rights free and clear of all Encumbrances to maximize value.

13.    Debtors believe that the provisions of the Agreement relating to the grant of the Buyer Security Interest are fair, reasonable and appropriate to protect Buyer from the risk that the sale is deemed by a court of competent jurisdiction not to be a sale and instead to be a loan or other financing arrangement, or if the Transactions are otherwise determined to be void or invalid. Providing the Buyer Security Interest, in the alternative, ensures that Buyer receives the benefit of its bargain as it will have already paid Debtors the Purchase Price and does not diminish the Debtors' estates as the Debtors will have already received value for the Google Claims.

14.    Pursuant to the Agreement, the Debtors also agree to provide Buyer with the Power of Attorney to enable Buyer to take such actions as may be reasonable or necessary in order to ensure the recovery of the Google Claims.  Additionally, to facilitate Buyer's ability to recover on the Google Claims, the Debtors agree to continue the corporate existence of American Signature, Inc. until such time as Buyer receives the proceeds of the Google Claims, including in connection with any proposed plan of reorganization or liquidation or in the event of a conversion of the Debtors' bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code.

15.     In connection with the sale of all of the Debtors' Google Claims, the Debtors are entering into a separate bill of sale (the "SSC Bill of Sale") with Schottenstein Stores Corporation ("SSC") to transfer and assign any interests SSC may have as the named buyer in connection with certain of the Debtors' Google Claims.   The purchase price in the SSC Bill of Sale is $1.00.  SSC will be indemnified for certain fees and expenses in connection with the SSC Bill of Sale. The Debtors agree to indemnify SSC for SSC's costs in connection with the negotiation, execution and delivery of the Bill of Sale and must satisfy that obligation in order for the Bill of Sale to be effective.  Any other indemnification obligation owed to SSC in connection with the Bill of Sale shall be the responsibility of Buyer.

16.     The Debtors do not believe that their obligation to SSC will exceed $50,000 and that such cost is reasonable in light of the importance of the execution of the SSC Bill of Sale in order to proceed with the sale of the Google Claims, Participation and Participated Rights and the for Debtors to receive the Purchase Price.

17.     The Debtors are pursuing the Transactions as a private sale, subject to Court approval.  As discussed above, Debtors engaged in a process to identify potential buyers and received three proposals.  Buyer's offer was determined to be the highest and best offer.  As Debtors are proposing a private sale, there is no break-up fee for Buyer should the Transactions not close.  However, in light of Buyer's incurring expenses in advance to pursue the proposed Transactions, the Debtors agreed to the Expense Reimbursement (which is limited to 3% of the Purchase Price) to compensate Buyer for its expenses relating to pursuing the transactions in the event that the Debtors sell all or substantially all of the Google Claims to a third party other than Buyer or upon the occurrence of certain events of default (described in the Motion).  The Expense Reimbursement shall be paid from the proceeds of a sale to a third party and shall be treated as an

administrative claim in the bankruptcy. The Debtors submit that the proposed Expense Reimbursement is fair and reasonable.

18. For the reasons set forth in this Declaration and the Motion, the Debtors determined that the proposed transaction with the Buyer is the best available transaction to maximize the value of the Google Claims, Participation and Participated Rights. The Debtors believe that it is in the best interests of the Debtors' estates and all parties in interest, and that it will maximize value for the estates, to complete the proposed sale of the Google Claims, Participation and Participated Rights to Buyer under the terms of the Agreement.

19. Further, the Debtors as sellers and otherwise: (a) have full corporate power and authority to execute the Agreement and all other documents contemplated thereby, and the sale of the Google Claims, Participation and Participated Rights by the Debtors has been duly and validly authorized by all necessary corporate action of the Debtors; (ii) have all of the corporate power and authority necessary to consummate the transaction contemplated by the Sale Agreement; and (iii) have taken all corporate action necessary to authorize and approve the Sale Agreement and the consummation by the Debtors of the transaction. The Debtors as sellers are the legal and equitable owner(s) of the assets being sold and, upon entry of the Order, shall have full authority under applicable organizational documents, law, or rules to consummate the transaction contemplated by the Sale Agreement.

20. Finally, it is my business judgment as Co-CRO of the Debtors that the proposed sale of the Google Claims, Participation and Participated Rights should be approved on the terms proposed. I believe that the foregoing marketing and sale process has resulted in the highest and best possible value that could be generated for the benefit of the Debtors' estates under the

4902-8035-1654.8 03721.00001                          6

circumstances.  To the best of my knowledge, the marketing and sale process has been conducted in good faith and at arms' length, with all sides represented by able counsel.

21.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.


Dated:  July 15, 2026                              */s/ Rudolph Morando*
                                                   Rudolph Morando
                                                   Co-Chief Restructuring Officer of
                                                   American Signature, Inc. and its Affiliated Debtors