**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

RECEIVED
2026 JUL 28 A 8:38
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**In re:**
AMERICAN SIGNATURE, INC., et al.,
Debtors.

**Chapter 11**

**Case No. 25-12105 (JKS)**
**(Jointly Administered)**

# NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

PLEASE TAKE NOTICE that the undersigned, **Jamyla Noble**, as the Movant and plaintiff in *Noble v. American Signature, Inc.*, Case No. **1:26-cv-00841-JPH-KMB** (S.D. Ind.), has filed the attached **Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)** (the "Motion").

PLEASE TAKE FURTHER NOTICE that any party opposing the Motion must file and serve a written response or objection in accordance with the **Federal Rules of Bankruptcy Procedure**, the **Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware**, and any applicable orders of this Court.

PLEASE TAKE FURTHER NOTICE that, if no timely response or objection is filed, the Court may grant the relief requested in the Motion without further notice or hearing.

PLEASE TAKE FURTHER NOTICE that, if a timely response or objection is filed, the Court may schedule a hearing or otherwise dispose of the Motion in accordance with the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and the Court's procedures.

Dated: July 24, 2026

Respectfully submitted,

/s/Jamyla Noble

**Jamyla Noble**
Pro Se Movant
5709 Ivy Knoll Ct Apt C
Indianapolis, IN 46250
317-345-6488
jamylanoble@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

**In re:**
**AMERICAN SIGNATURE, INC., et al.,**
Debtors.

Chapter 11

Case No. **25-12105 (JKS)**
(Jointly Administered)

# PRO SE CLAIMANT JAMYLA NOBLE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

Movant, **Jamyla Noble** ("Movant"), appearing pro se, respectfully moves this Court for relief from the automatic stay pursuant to **11 U.S.C. § 362(d)(1)** to permit her employment discrimination action pending in the United States District Court for the Southern District of Indiana to proceed through entry of final judgment, and in support thereof states as follows:

## I. JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to **28 U.S.C. §§ 157 and 1334.**
2. This is a core proceeding pursuant to **28 U.S.C. § 157(b)(2)(G).**
3. Venue is proper in this Court pursuant to **28 U.S.C. §§ 1408 and 1409.**
4. The statutory basis for the relief requested is **11 U.S.C. § 362(d)(1).**

## II. BACKGROUND

5. In **July 2024**, Movant filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful employment discrimination by American Signature, Inc.
6. Federal law required Movant to exhaust the EEOC administrative process before filing suit in federal court. Accordingly, Movant could not commence litigation until the EEOC completed its investigation and issued a Notice of Right to Sue.
7. While the EEOC administrative proceedings remained pending, the Debtors commenced these Chapter 11 bankruptcy proceedings.
8. In **February 2026**, the EEOC concluded its administrative process and issued Movant a Notice of Right to Sue.
9. After receiving the Notice of Right to Sue, Movant timely commenced an action in the United States District Court for the Southern District of Indiana entitled:

**Noble v. American Signature, Inc.**
Case No. **1:26-cv-00841-JPH-KMB**

10. The District Court subsequently stayed that action as a result of the automatic stay arising from these Chapter 11 proceedings.
11. Prior to filing this Motion, Movant contacted counsel for the Debtors in an effort to determine whether the parties could agree to limited stay relief or otherwise resolve the matter without Court intervention.
12. Those efforts were unsuccessful, making this Motion necessary.

## III. RELIEF REQUESTED

13. Movant seeks only limited relief from the automatic stay to permit the District Court litigation to proceed through entry of final judgment.
14. Movant **does not** seek permission to enforce, execute upon, or collect any judgment against the Debtors or against property of the bankruptcy estate.
15. Any enforcement, execution, collection, or treatment of any judgment shall remain subject to the Bankruptcy Code, the jurisdiction of this Court, and any further order entered in these Chapter 11 proceedings.
16. The requested relief is therefore limited solely to liquidation of Movant's claims in the District Court.

## IV. BASIS FOR RELIEF

17. Section 362(d)(1) provides that this Court shall grant relief from the automatic stay for cause.
18. Cause exists under the facts presented here.
19. Movant diligently pursued her employment discrimination claims beginning with the filing of her EEOC Charge in July 2024.
20. Because administrative exhaustion is a mandatory prerequisite to suit under the applicable federal employment discrimination statutes, Movant was legally prohibited from filing a civil action until receiving her Notice of Right to Sue.
21. Immediately after satisfying those statutory requirements, Movant timely commenced her federal action.
22. The only reason the litigation has not proceeded is the operation of the automatic stay.
23. Movant therefore respectfully requests permission to continue litigating her claims in the forum possessing jurisdiction over those claims while preserving all protections afforded to the Debtors under the Bankruptcy Code.

## V. ARGUMENT

### A. Cause Exists Under 11 U.S.C. § 362(d)(1).

24. Section 362(d)(1) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay "for cause."
25. Although the Bankruptcy Code does not define "cause," courts within the District of Delaware have recognized that the determination is fact-specific and requires the Court to balance the competing interests presented by the particular circumstances of each case.
26. Under those principles, cause exists here because Movant seeks only limited relief to permit adjudication of her employment discrimination claims in the court having jurisdiction over those claims.

### B. Movant Has Acted Diligently Throughout the Administrative and Judicial Process.

27. Movant initiated her claims by timely filing an EEOC Charge of Discrimination in July 2024.
28. Federal law required Movant to exhaust her administrative remedies before commencing a civil action.
29. Movant therefore could not lawfully file suit until the EEOC completed its investigation and issued a Notice of Right to Sue.
30. After receiving the Notice of Right to Sue in February 2026, Movant timely filed her employment discrimination action in the United States District Court for the Southern District of Indiana.
31. The District Court action has been halted solely because of the automatic stay arising from these Chapter 11 proceedings.
32. The present Motion is therefore not the result of delay or lack of diligence by Movant, but instead results from circumstances beyond her control.

### C. The Requested Relief Is Limited and Will Not Interfere With Administration of the Bankruptcy Estate.

33. Movant seeks only permission to continue litigating the pending federal action through entry of final judgment.
34. Movant expressly does not seek authority to execute upon, enforce, or collect any judgment against the Debtors or property of the bankruptcy estate.
35. Any collection efforts, enforcement proceedings, or payment of any judgment would remain subject to the Bankruptcy Code, further order of this Court, and any confirmed Chapter 11 plan.
36. Because the requested relief is limited to liquidation of the claim, granting this Motion will not alter creditor priorities, diminish estate assets, or circumvent this Court's authority over the bankruptcy process.

### D. The Balance of Equities Favors Granting Relief.

37. Denial of this Motion would indefinitely delay resolution of Movant's employment discrimination claims despite Movant's compliance with every procedural requirement imposed by federal law.
38. By contrast, permitting the District Court litigation to proceed through judgment will not impair the protections afforded to the Debtors under the Bankruptcy Code because no collection activity is requested or authorized.
39. Granting limited relief will permit the parties to resolve the merits of the underlying dispute while preserving this Court's exclusive authority over bankruptcy administration and any future treatment of Movant's claim.
40. Under these circumstances, the balance of hardships weighs in favor of granting the limited relief requested.

### E. Movant Attempted to Resolve This Matter Without Court Intervention.

41. Before filing this Motion, Movant contacted counsel for the Debtors seeking to determine whether the parties could agree to limited relief from the automatic stay or otherwise resolve the issue without judicial intervention.
42. Those efforts did not result in an agreement.
43. As a result, Movant respectfully submits this Motion only after attempting to resolve the matter through less burdensome means.

### F. The Requested Relief Respects the Purposes of Chapter 11.

44. Movant recognizes that the automatic stay serves an important purpose by protecting the bankruptcy estate and promoting the orderly administration of Chapter 11 proceedings.
45. Nothing in this Motion seeks preferential treatment over other creditors or requests payment outside the bankruptcy process.
46. Rather, Movant requests only permission for the District Court to determine liability and, if appropriate, damages under the applicable federal employment discrimination laws.
47. Any rights arising from a judgment would remain subject to this Court's continuing jurisdiction and the provisions of the Bankruptcy Code.

## VI. CONCLUSION

48. Movant has diligently pursued her employment discrimination claims from the commencement of the EEOC administrative process through the filing of her federal action.
49. Movant seeks only limited relief from the automatic stay to permit the United States District Court for the Southern District of Indiana to adjudicate her claims through entry of final judgment.
50. Movant does not seek authority to enforce, execute upon, or collect any judgment against the Debtors or property of the bankruptcy estate.

51. Any enforcement or collection of a judgment shall remain subject to the Bankruptcy Code, the jurisdiction of this Court, and any further order entered in these Chapter 11 proceedings.
52. Under the facts and circumstances presented, sufficient cause exists under **11 U.S.C. § 362(d)(1)** to grant the limited relief requested.

## WHEREFORE CLAUSE

**WHEREFORE**, Movant, **Jamyla Noble**, respectfully requests that this Court enter an Order:

**A.** Granting relief from the automatic stay pursuant to **11 U.S.C. § 362(d)(1);**

**B.** Authorizing Movant to continue prosecuting **Noble v. American Signature, Inc., Case No. 1:26-cv-00841-JPH-KMB**, pending in the United States District Court for the Southern District of Indiana, through entry of final judgment;

**C.** Providing that any enforcement, execution upon, or collection of any judgment shall remain subject to the Bankruptcy Code, any applicable provisions of the confirmed Chapter 11 plan, and any further order of this Court;

**D.** Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jamyla Noble
Jamyla Noble
Pro Se Movant
5709 Ivy Knoll Ct Apt C
Indianapolis, IN 46250
317-345-6488
jamylanoble@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

**In re:**
**AMERICAN SIGNATURE, INC., et al.,**
Debtors.

Chapter 11

Case No. **25-12105 (JKS)**
(Jointly Administered)

# PRO SE CLAIMANT JAMYLA NOBLE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Movant, **Jamyla Noble** ("Movant"), proceeding pro se, respectfully submits this Memorandum of Law in support of her Motion for Relief from the Automatic Stay pursuant to **11 U.S.C. § 362(d)(1)** and respectfully states as follows:

## I. INTRODUCTION

Movant respectfully requests that this Court grant limited relief from the automatic stay imposed by 11 U.S.C. § 362(a) to permit her federal employment discrimination action, **Noble v. American Signature, Inc., Case No. 1:26-cv-00841-JPH-KMB**, pending in the United States District Court for the Southern District of Indiana, to proceed through entry of final judgment.

Movant does **not** seek permission to enforce, execute upon, or collect any judgment against the Debtors or property of the bankruptcy estate. Any determination regarding enforcement, collection, or payment of any judgment shall remain subject to the Bankruptcy Code, the jurisdiction of this Court, and any further order entered in these Chapter 11 proceedings.

Relief from the automatic stay is warranted because Movant diligently pursued her employment discrimination claims before and after the Debtors' bankruptcy filing, seeks only limited relief to liquidate her claims in the appropriate forum, and requests no relief that would interfere with the orderly administration of the bankruptcy estate. Under the circumstances presented, sufficient cause exists to grant the requested relief pursuant to **11 U.S.C. § 362(d)(1).**

## II. FACTUAL BACKGROUND

1. In **July 2024**, Movant filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful employment discrimination by American Signature, Inc.
2. Federal law required Movant to exhaust the EEOC administrative process before commencing a civil action in federal court. Accordingly, Movant could not initiate litigation until the EEOC completed its investigation and issued a Notice of Right to Sue.
3. While Movant's administrative charge remained pending before the EEOC, American Signature, Inc. and affiliated entities commenced these Chapter 11 bankruptcy proceedings.
4. In **February 2026**, after completing its administrative process, the EEOC issued Movant a Notice of Right to Sue.
5. Following receipt of the Notice of Right to Sue, Movant timely commenced her employment discrimination action in the United States District Court for the Southern District of Indiana within the statutory period prescribed by federal law.
6. The action is pending as **Noble v. American Signature, Inc., Case No. 1:26-cv-00841-JPH-KMB.**
7. Because of the automatic stay arising from the Debtors' Chapter 11 filing, the District Court stayed further proceedings in the federal action.
8. Before seeking relief from this Court, Movant attempted to resolve the matter without judicial intervention by contacting counsel for the Debtors to determine whether limited stay relief could be agreed upon or whether another resolution could be reached.
9. Those efforts did not result in an agreement permitting the federal litigation to proceed.
10. Movant therefore seeks only limited relief from the automatic stay to permit the District Court to adjudicate her employment discrimination claims through entry of final judgment.
11. Movant expressly acknowledges that any attempt to enforce or collect upon any judgment shall remain subject to the Bankruptcy Code and any further order of this Court.

## III. LEGAL STANDARD

Section **362(d)(1)** of the Bankruptcy Code provides that the Court **"shall grant relief from the stay ... for cause."** 11 U.S.C. § 362(d)(1).

The Bankruptcy Code does not define the term **"cause."** Accordingly, bankruptcy courts determine whether sufficient cause exists based upon the particular facts and circumstances presented in each case. *See* **In re Continental Airlines, Inc., 152 B.R. 420, 423 (D. Del. 1993).**

The United States Bankruptcy Court for the District of Delaware has recognized that determining whether a cause exists requires a flexible, fact-specific balancing of the competing interests involved. *See* **In re Rexene Products Co., 141 B.R. 574, 576–77 (Bankr. D. Del. 1992); In re SCO Group, Inc., 395 B.R. 852, 857 (Bankr. D. Del. 2007).**

In applying this standard, courts consider the totality of the circumstances, including the potential prejudice to the bankruptcy estate, the relative hardship to the parties, and whether the requested relief is consistent with the purposes served by the automatic stay. The determination is committed to the sound discretion of the bankruptcy court after balancing the equities presented by the particular case.

## IV. ARGUMENT

### A. Cause Exists Under 11 U.S.C. § 362(d)(1) to Grant Limited Relief from the Automatic Stay.

Section 362(d)(1) authorizes this Court to grant relief from the automatic stay for cause. Whether cause exists is determined by balancing the particular facts and equities presented in each case. Here, those considerations weigh in favor of granting the limited relief requested.

Movant diligently pursued her employment discrimination claims beginning with the filing of her EEOC Charge of Discrimination in July 2024. Because federal employment discrimination laws require administrative exhaustion before a civil action may be commenced, Movant could not initiate litigation until the EEOC completed its investigation and issued a Notice of Right to Sue in February 2026. After receiving that notice, Movant timely filed her federal action within the period prescribed by law.

The federal action was not delayed through any lack of diligence by Movant. Rather, the litigation was stayed solely as a result of the automatic stay arising from these Chapter 11 proceedings.

Accordingly, the circumstances giving rise to this Motion demonstrate that Movant has acted diligently at every stage in pursuing her claims and now seeks only permission to continue litigating those claims in the appropriate forum.

### B. The Requested Relief Is Narrowly Tailored and Will Not Materially Prejudice the Bankruptcy Estate.

The relief requested is intentionally limited.

Movant does not seek relief from the automatic stay for purposes of enforcing, executing upon, or collecting any judgment against the Debtors or property of the bankruptcy estate.

Instead, Movant seeks only permission to continue prosecuting the pending federal action through entry of final judgment so that her claims may be liquidated in the court possessing jurisdiction over the underlying employment discrimination claims.

Should Movant ultimately obtain a judgment, any issues concerning enforcement, collection, treatment, or payment of that judgment shall remain subject to the Bankruptcy Code, this Court's jurisdiction, and any applicable bankruptcy procedures.

Because the requested relief merely permits adjudication of liability and damages without authorizing collection activity against the Debtors or the bankruptcy estate, granting the Motion will not materially interfere with the administration of these Chapter 11 proceedings.

## C. The Balance of Equities Favors Granting Limited Relief.

Continuation of the automatic stay indefinitely delays resolution of Movant's employment discrimination claims despite Movant's diligent compliance with every procedural requirement imposed by federal law.

Movant timely initiated the EEOC administrative process, exhausted her administrative remedies, timely commenced her federal lawsuit after receiving her Notice of Right to Sue, and attempted to resolve the matter directly with counsel for the Debtors before seeking relief from this Court.

By contrast, granting the limited relief requested will not authorize collection activity, alter creditor priorities, impair estate assets, or otherwise diminish the protections afforded by the Bankruptcy Code.

Under these circumstances, the hardship imposed upon Movant by continued suspension of her federal action outweighs any corresponding prejudice that may result from allowing the litigation to proceed solely through adjudication.

## D. Granting Limited Relief Is Consistent with the Purposes of the Automatic Stay.

The automatic stay exists to provide debtors with a breathing spell, prevent piecemeal litigation that threatens the bankruptcy estate, and promote the orderly administration of bankruptcy proceedings.

Movant's request fully respects those purposes.

Movant does not seek preferential treatment over other creditors, does not seek immediate recovery from estate assets, and does not ask this Court to determine the merits of her employment discrimination claims.

Instead, Movant requests only that the United States District Court for the Southern District of Indiana be permitted to perform its ordinary judicial function by determining liability and, if appropriate, damages under the applicable federal employment discrimination statutes.

Allowing the District Court to adjudicate those issues will not deprive this Court of jurisdiction over the Debtors' bankruptcy estate or over any subsequent issues concerning the treatment of Movant's claim within these Chapter 11 proceedings.

### E. Granting the Motion Promotes the Efficient Administration of Justice.

The District Court is the appropriate forum to adjudicate Movant's employment discrimination claims arising under federal law.

Permitting that litigation to proceed will allow the merits of the dispute to be resolved by the court possessing subject matter jurisdiction over those claims while preserving this Court's authority over all bankruptcy-related matters.

Granting the requested relief therefore serves the interests of efficiency, avoids unnecessary delay, and allows each court to address the matters properly before it without compromising the protections afforded by the Bankruptcy Code.

## V. CONCLUSION

For the foregoing reasons, Movant respectfully submits that sufficient cause exists under **11 U.S.C. § 362(d)(1)** to grant limited relief from the automatic stay.

Movant diligently pursued her employment discrimination claims through the administrative process required by federal law, timely commenced her civil action after receiving her Notice of Right to Sue, and has acted in good faith throughout these proceedings. The automatic stay—not any lack of diligence by Movant—has prevented the federal litigation from moving forward.

The relief requested is narrow in scope. Movant seeks only to permit the United States District Court for the Southern District of Indiana to adjudicate her employment discrimination claims through entry of final judgment. Movant expressly acknowledges that any enforcement, execution upon, or collection of any judgment shall remain subject to the Bankruptcy Code, the jurisdiction of this Court, and any further order entered in these Chapter 11 proceedings.

Granting the requested relief will allow the underlying claims to be resolved in the appropriate forum without materially interfering with the administration of the bankruptcy estate or diminishing the protections afforded by the automatic stay.

Accordingly, the balance of the equities favors granting the limited relief requested.

## VI. PRAYER FOR RELIEF

WHEREFORE, Movant, **Jamyla Noble**, respectfully requests that this Court enter an Order:

1. **Granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1);**
2. **Authorizing Movant to continue prosecuting Noble v. American Signature, Inc., Case No. 1:26-cv-00841-JPH-KMB, pending in the United States District Court for the Southern District of Indiana, through entry of final judgment;**
3. **Providing that any enforcement, execution upon, or collection of any judgment shall remain subject to the Bankruptcy Code, the automatic stay to the extent applicable, and any further order of this Court;**
4. **Granting such other and further relief as the Court deems just and proper.**

Respectfully submitted,

/s/ Jamyla Noble
Jamyla Noble
Pro Se Movant
5709 Ivy Knoll Ct Apt C
Indianapolis, IN 46250
317-345-6488
jamylanoble@gmail.com
Dated: July 24, 2026

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

**In re:**
**AMERICAN SIGNATURE, INC., et al.,**
Debtors.

Chapter 11

Case No. **25-12105 (JKS)**
(Jointly Administered)

# DECLARATION OF JAMYLA NOBLE IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

I, **Jamyla Noble**, declare under penalty of perjury pursuant to **28 U.S.C. § 1746** as follows:

1. I am the Movant in this matter and the plaintiff in **Noble v. American Signature, Inc., Case No. 1:26-cv-00841-JPH-KMB**, pending in the United States District Court for the Southern District of Indiana.
2. I make this Declaration based upon my personal knowledge. If called as a witness, I could and would testify competently to the matters stated herein.
3. In **July 2024**, I filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful employment discrimination by American Signature, Inc.
4. At the time I filed my EEOC Charge, federal law required me to complete the EEOC administrative process before filing a civil action in federal court.
5. While my EEOC Charge remained pending, American Signature, Inc. and affiliated entities commenced the above-captioned Chapter 11 bankruptcy proceedings.
6. In **February 2026**, the EEOC completed its administrative process and issued me a Notice of Right to Sue.
7. After receiving my Notice of Right to Sue, I timely filed my employment discrimination action in the United States District Court for the Southern District of Indiana, captioned **Noble v. American Signature, Inc., Case No. 1:26-cv-00841-JPH-KMB**.
8. The District Court subsequently stayed my civil action as a result of the automatic stay arising from these Chapter 11 proceedings.
9. Before filing my Motion for Relief from the Automatic Stay, I contacted counsel for the Debtors in an effort to determine whether the parties could agree to limited relief from the automatic stay or otherwise resolve the issue without requiring Court intervention.
10. Those efforts did not result in an agreement permitting my federal action to proceed.
11. Through my Motion, I seek only limited relief from the automatic stay to permit the District Court to adjudicate my employment discrimination claims through entry of final judgment.

12. I do **not** seek permission to enforce, execute upon, or collect any judgment against the Debtors or property of the bankruptcy estate.
13. I understand and acknowledge that any enforcement, execution upon, collection of, or recovery on any judgment would remain subject to the Bankruptcy Code, the jurisdiction of this Court, and any further order entered in these Chapter 11 proceedings.
14. I respectfully submit this Declaration in support of my Motion for Relief from the Automatic Stay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 24, 2026.

Respectfully submitted,

/s/ Jamyla Noble

Jamyla Noble
Pro Se Movant
5709 Ivy Knoll Ct Apt C
Indianapolis, IN 46250
317-345-6488
jamylanoble@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

**In re:**
AMERICAN SIGNATURE, INC., et al.,
Debtors.

**Chapter 11**

**Case No. 25-12105 (JKS)**
**(Jointly Administered)**

# EXHIBIT INDEX

In support of the **Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)**, Movant, **Jamyla Noble**, submits the following exhibits:

**Exhibit A**
EEOC Notice of Right to Sue issued by the Equal Employment Opportunity Commission in February 2026.

**Exhibit B**
Order Staying Case entered by the United States District Court for the Southern District of Indiana in *Noble v. American Signature, Inc.*, Case No. **1:26-cv-00841-JPH-KMB**, filed June 9, 2026.

**Exhibit C**
Correspondence between Movant and counsel for the Debtors regarding Movant's request for limited relief from the automatic stay prior to filing the Motion.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Indianapolis District Office**
115 W. Washington St., South Tower Suite 600
Indianapolis, IN 46204
(463) 999-1240
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/25/2026

**To:** Jamyla Noble
5709 Ivy Knoll Ct Apt C
INDIANAPOLIS, IN 46250
Charge No: 470-2024-05020

EEOC Representative and email: LINDSAY WILLIAMS
INVESTIGATOR
LINDSAY.WILLIAMS@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 470-2024-05020.

On behalf of the Commission,

Digitally Signed By:Richard Burgamy
02/25/2026

Richard Burgamy
Acting District Director

**Cc:**
Melita Garrett Abbey
American Signature, Inc.
4300 E 5TH AVE
Columbus, OH 43219

Jacklyn Ford
Vorys, Sater, Seymour & Pease, LLP
52 E GAY ST
Columbus, OH 43215

Please retain this Notice for your records.

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 470-2024-05020 to the District Director at Richard Burgamy, 115 W. Washington St. South Tower Suite 600, Indianapolis, IN 46204.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 470-2024-05020 to the District Director at Richard Burgamy, 115 W. Washington St. South Tower Suite 600, Indianapolis, IN 46204.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMYLA NOBLE, )
)
Plaintiff, )
)
v. ) No. 1:26-cv-00841-JPH-KMB
)
AMERICAN SIGNATURE, INC., )
)
Defendant. )

**ORDER STAYING CASE**

Plaintiff Jamyla Noble alleges that while she was employed by Defendant American Signature, Inc., a sexual video involving her was released to coworkers, leading to unwanted comments. Dkt. 1. Ms. Noble claims that this conduct violated Title VII and requests monetary damages. *Id.* On May 5, 2026, the Court screened Ms. Noble's complaint and dismissed all claims except a Title VII sex-based hostile work environment claim. Dkt. 6. A notice of lawsuit and request to waive service of summons was issued to American Signature. Dkt. 7.

The Court has since identified a pending bankruptcy proceeding involving American Signature. *See American Signature, Inc.*, Cause No. 1:25-bk-12105 (Bankr. D. Del. Nov. 22, 2025); *see also* dkt. 1 at 2 ("Plaintiff has filed a Proof of Claim in Defendant's pending Chapter 11 bankruptcy case related to this matter."). "[T]he filing of the petition in bankruptcy automatically stays all suits against the bankrupt." *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989); *Matter of*

*Williams*, 144 F.3d 544, 546 (7th Cir. 1998) ("When a debtor files a bankruptcy petition, the automatic stay prohibits, among other things, 'commencement or continuation . . . of a judicial . . . action or proceeding against the debtor.'" (quoting 11 U.S.C. § 362(a)(1)); 11 U.S.C. § 362(a)(1) ("[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor.").

For these reasons, this case is **STAYED**. *See also* 11 U.S.C. § 362(c)(2) (automatic stay continues until bankruptcy case is closed or dismissed or debtor is granted or denied discharge).

Ms. Noble **shall file a status report** **every 60 days** from the date of this Order informing the Court whether Defendant's bankruptcy case remains pending. If the case is resolved between those 60-day reporting dates, Ms. Noble **shall file a report within a week of the case's resolution.** Ms. Noble is directed *not* to make legal arguments or assert new claims in these filings. Rather, these reports should include only a brief statement on the status of the bankruptcy proceeding to allow the Court to assess the continued need for a stay in this case. Failure to follow these orders may result in sanctions, up to and including dismissal of this action. *See* Fed. R. Civ. P. 41(b); *Dridi v. Am. Fam. Mut. Ins. Co., S.I.*, 849 F. App'x 161, 163 (7th Cir. 2021) (unpublished) ("Courts have the inherent authority to dismiss actions for a litigant's failure to obey reasonable court orders."); *Augusta v. Karlin*, No. 25-1235, 2026 WL 1093345, at *2 (7th Cir. Apr. 22, 2026).

**SO ORDERED.**

Date: 6/9/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMYLA NOBLE
5709 Ivy Knoll Ct
Apt C
Indianapolis, IN 46250

AMERICAN SIGNATURE, INC.
4300 East 5th Avenue
Columbus, OH 43219-1816

Gmail

Jamyla Noble <jamylanoble@gmail.com>

**In re American Signature, Inc. (Case No. 25-12105) — Pre-Litigation Demand for Insurance Disclosure Prior to Motion for Relief From Automatic Stay(Noble v. American Signature, Inc. Case No. 1:26-cv-00841-JPH-KMB)**

1 message

**Jamyla Noble** <jamylanoble@gmail.com> Mon, Jun 22, 2026 at 8:41 AM
To: ljones@pszjlaw.com, dbertenthal@pszjlaw.com, mcaloway@pszjlaw.com
Cc: Jamyla Noble <jamylanoble@gmail.com>

To Counsel for Debtors:

I am writing regarding the pending Chapter 11 bankruptcy proceedings involving American Signature, Inc., et al., currently before the United States Bankruptcy Court for the District of Delaware under Case No. 25-12105.

I am a creditor and claimant in the above-captioned matter and previously initiated a pre-petition employment discrimination action arising from unlawful conduct that occurred during my employment with the Debtor. Prior to the bankruptcy filing, I exhausted the required administrative process through the Equal Employment Opportunity Commission and was issued a formal Notice of Right to Sue, thereby preserving my legal right to pursue litigation concerning these claims.

As a direct result of the Debtor's bankruptcy filing, the automatic stay imposed pursuant to 11 U.S.C. § 362 has suspended further proceedings in the underlying employment action. I have since taken appropriate steps to preserve my claim through the timely filing of a Proof of Claim in these proceedings.

At this time, I require information necessary to evaluate whether grounds exist to seek relief from the automatic stay pursuant to 11 U.S.C. § 362(d), for the limited purpose of liquidating my underlying claims in the appropriate non-bankruptcy forum while ensuring that no recovery would be sought from assets constituting property of the bankruptcy estate.

Accordingly, I respectfully request confirmation of the following:

1. Whether the Debtor maintained Employment Practices Liability Insurance ("EPLI"), commercial general liability insurance, or any other applicable insurance policy in effect during the relevant period of my employment;
2. The identity of any applicable insurance carrier, corresponding policy number, and applicable policy limits relating to coverage for employment-related claims;
3. Whether defense costs, settlement obligations, or judgments arising from pre-petition employment discrimination claims fall within the scope of coverage under any such policy.

Please be advised that this request is being made in good faith and for the purpose of determining whether a narrowly tailored Motion for Relief from Automatic Stay may be appropriate under the circumstances.

Should applicable insurance coverage exist, it is my intention to seek authorization from the Bankruptcy Court to proceed solely for purposes of liquidating the underlying claim in the appropriate forum, with any recovery expressly limited to available insurance proceeds and without recourse to property of the Debtor's bankruptcy estate.

I request a written response within fourteen (14) days of receipt of this correspondence.

In the absence of a timely response, I will proceed accordingly in protecting my rights and interests before the Bankruptcy Court.

Thank you for your prompt attention to this matter.

Sincerely,

Jamyla Michelle Noble
Pro Se Claimant

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

**In re:**
**AMERICAN SIGNATURE, INC., et al.,**
Debtors.

Chapter 11

Case No. **25-12105 (JKS)**
(Jointly Administered)

# ORDER GRANTING PRO SE CLAIMANT JAMYLA NOBLE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the **Pro Se Claimant Jamyla Noble's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)** (the "Motion"), any objection(s) thereto, the record of these Chapter 11 cases, and any proceedings before the Court, and the Court having determined that notice of the Motion was adequate under the circumstances; and the Court having determined that cause exists under **11 U.S.C. § 362(d)(1)** for the relief requested; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.
2. Pursuant to **11 U.S.C. § 362(d)(1)**, the automatic stay imposed by **11 U.S.C. § 362(a)** is modified solely to permit **Jamyla Noble** to continue prosecuting the following civil action:

**Noble v. American Signature, Inc.**
United States District Court
Southern District of Indiana
Case No. **1:26-cv-00841-JPH-KMB**

through the entry of a final judgment.

3. This Order authorizes only the continuation of the foregoing civil action through adjudication and entry of final judgment.
4. Nothing in this Order authorizes the enforcement, execution upon, collection of, or recovery on any judgment entered in the foregoing civil action.
5. Any effort to enforce, execute upon, collect, satisfy, or otherwise recover upon any judgment shall remain subject to the Bankruptcy Code, the jurisdiction of this Court, the terms of any confirmed Chapter 11 plan, and any further order of this Court.
6. Except as expressly modified by this Order, the automatic stay imposed by **11 U.S.C. § 362(a)** shall remain in full force and effect.

7. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

IT IS SO ORDERED.

Dated: ______________________

**THE HONORABLE J. KATE STICKLES**
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

**In re:**
**AMERICAN SIGNATURE, INC., et al.,**
Debtors.

Chapter 11

Case No. **25-12105 (JKS)**
(Jointly Administered)

# CERTIFICATE OF SERVICE

I, **Jamyla Noble**, hereby certify that on July 24, 2026, I caused a true and correct copy of the **Motion for Relief from the Automatic Stay**, together with all supporting papers filed therewith, including the Memorandum of Law, Declaration in Support, and Proposed Order, to be served by depositing the same in the United States Mail, first-class postage prepaid, addressed as follows:

**American Signature, Inc.**
4300 E. 5th Avenue
Columbus, OH 43235

~~ASI Core2002 Service List 260520 1230w.docx~~

**Office of the United States Trustee**
Attn: Malcolm M. Bates, Esq.
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801

~~ASI Core2002 Service List 260520 1230w.docx~~

**Pachulski Stang Ziehl & Jones LLP**
Attn: Laura Davis Jones and David M. Bertenthal
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899
Counsel for the Debtors

~~ASI Core2002 Service List 260520 1230w.docx~~

**Wachtell, Lipton, Rosen & Katz**
Attn: Amy R. Wolf, Emil A. Kleinhaus, Scott K. Charles, Neil M. Snyder, and Angela K. Herring
51 West 52nd Street
New York, NY 10019
Counsel for the Debtors

ASI Core2002 Service List 260520 1230w.docx

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 24, 2026

Respectfully submitted,

/s/Jamyla Noble
Jamyla Noble
Pro Se Movant
5709 Ivy Knoll Ct Apt C
Indianapolis, IN 46250
317-345-6488
jamylanoble@gmail.com

Jamyla Noble
5709 Ivy Knoll Ct
Apt C
Indianapolis, IN 46250

9589 0710 5270 4405 5967 21

Retail

UNITED STATES POSTAL SERVICE

19801

RDC 03

U.S. POSTAGE
PM
INDIANAPOLIS,
JUL 24, 2026

$22.10

S2324D502138-

Clerk, U.S. Bankruptcy Court
824 N. Market St.
3rd Floor
Wilmington, DE 19801