IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | ) | Case No. 25-12105 (JKS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: September 2, 2026 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

**FIFTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM APRIL 1, 2026 THROUGH APRIL 30, 2026**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of November 22, 2025 by order signed January 5, 2026 |
| Period for which Compensation and Reimbursement is Sought: | April 1, 2026 through April 30, 2026[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $953,735.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 2,527.64 |

This is a: ☒monthly ☐ interim ☐final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $2,000.00.

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.
[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 03/13/26 | 11/22/25 – 12/31/25 | $2,162,842.50 | $37,200.18 | $1,730,274.00 | $37,200.18 |
| 04/14/26 | 01/01/26 – 01/31/26 | $2,010,006.00 | $13,765.12 | $1,608.004.80 | $13,765.12 |
| 04/23/26 | 02/01/26 – 02/28/26 | $1,070,338.50 | $ 6,158.24 | $ 856,270.80 | $ 6,158.24 |
| 07/01/26 | 03/01/26 – 03/31/26 | $ 525,159.50 | $ 1,303.01 | $ 420,127.60 | $ 1,303.01 |

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Cia H. Mackle | Partner 2024; Member of FL Bar since 2006 | $1,350.00 | 34.80 | $ 46,980.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,895.00 | 72.00 | $136,440.00 |
| Isaac M. Pachulski | Partner 2014; Member of CA Bar since 1974 | $2,695.00 | 8.90 | $ 23,985.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $2,050.00 | 4.20 | $ 8,610.00 |
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $2,250.00 | 88.40 | $198,900.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar 2002-2014; 2017-Present | $1,475.00 | 60.90 | $ 89,827.50 |
| Zev M. Bomrind | Partner 2023; Member of NY Bar since 1997 | $1,950.00 | 23.00 | $ 44,850.00 |
| Gail S. Greenwood | Of Counsel 2009; Member of CA Bar since 1994 | $1,450.00 | 3.40 | $ 4,930.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $1,575.00 | 15.00 | $ 23,625.00 |
| Jeffrey M. Dine | Of Counsel 2021; Member of NJ Bar since 2019; Member of NY Bar since 1996 | $1,795.00 | 6.60 | $ 11,847.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,795.00 | 75.50 | $135,522.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $2,050.00 | 56.20 | $115,210.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $1,195.00 | 6.00 | $ 7,170.00 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 950.00 | 85.70 | $ 81,415.00 |
| Cheryl A. Knotts | Paralegal | $ 625.00 | 6.30 | $ 3,937.50 |
| Karina K. Yee | Paralegal | $ 650.00 | 28.30 | $ 18,395.00 |
| Melissa N. Flores | Paralegal | $ 650.00 | 0.30 | $ 195.00 |
| Patricia E. Cuniff | Paralegal | $ 650.00 | 0.20 | $ 130.00 |
| Leslie A. Forrester | Library | $ 695.00 | 0.50 | $ 347.50 |
| David Crosby Jr. | Case Management Assistant | $ 525.00 | 2.70 | $ 1,417.50 |

| | |
|---|---|
| **Grand Total:** | **$953,735.00** |
| **Total Hours:** | **578.90** |
| **Blended Rate:** | **$1,647.50** |

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 103.90 | $192,080.50 |
| Bankruptcy Litigation | 103.90 | $170,715.50 |
| Case Administration | 7.90 | $ 4,995.00 |
| Claims Administration and Objections | 65.20 | $113,176.00 |
| PSZJ Compensation | 16.50 | $ 15,790.00 |
| Other Professional Compensation | 5.30 | $ 5,137.50 |
| Contract and Lease Matters | 214.30 | $336,825.50 |
| Financial Filings | 1.20 | $ 2,157.50 |
| Financing/Cash Collateral/Cash Management | 1.80 | $ 3,042.50 |
| Insurance Coverage | 0.70 | $ 1,326.50 |
| Meetings of and Communications with Creditors | 1.90 | $ 3,490.50 |
| Operations | 0.70 | $ 1,200.50 |
| Plan and Disclosure Statement | 23.00 | $ 40,430.50 |
| Stay Litigation | 32.60 | $ 63,367.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Delivery/Courier Service | Advita | $ 135.00 |
| Federal Express | | $ 423.66 |
| Court Fees | USBC | $ 350.00 |
| Pacer - Court Research | | $ 179.50 |
| Reproduction Expense | | $1,084.90 |
| Transcript | Reliable Services | $ 333.45 |
| Westlaw – Legal Research | | $ 21.13 |

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | ) | Case No. 25-12105 (JKS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: September 2, 2026 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

**FIFTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM APRIL 1, 2026 THROUGH APRIL 30, 2026**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief," signed on or about January 6, 2026 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the debtors and debtors in possession ("Debtors"), hereby submits its Fifth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from April 1, 2026 through April 30, 2026 (the "Application").

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $953,735.00 and actual and necessary expenses in the amount of $2,527.64 for a total allowance of $956,262.64 and payment of $762,988.00 (80% of the allowed fees) and reimbursement of $2,527.64 (100% of the allowed expenses) for a total payment of $765,515.64 for the period April 1, 2026 through April 30, 2026 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## **Background**

1. On November 22, 2025, the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about January 6, 2026, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning

with the period ending on March 31, 2026 and at three-month intervals thereafter, each of the Professionals may file and serve an interim fee application for compensation and reimbursement of expenses sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of PSZ&J, as counsel for the Debtors, was approved effective as of November 22, 2025 by this Court's "Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors Effective as of the Petition Date," signed on or about January 5, 2026 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Source**

5. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors.

6. PSZ&J, and any partner, of counsel, or associate thereof, have received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than among the partners, of counsel, or associates of PSZ&J for the sharing of compensation to be received for services rendered in these cases. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $1,475,000.00 in

connection with the preparation of initial documents and its prepetition representation of the Debtors. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to PSZ&J was credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

**Fee Statements**

7. The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

8. A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9. PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Summary of Services Rendered**

12. The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

**Summary of Services by Project**

14. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each category.

**A. Asset Disposition**

15. This category relates to work regarding asset disposition issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed sale issues regarding tariff refund claims; (2) reviewed and analyzed issues regarding a tariff claim sale term sheet; (3) reviewed and analyzed assignment of lease issues; (4) reviewed and analyzed designation rights issues; (5) performed work regarding the Oaktree Term Sheet; (6) reviewed and analyzed sale order issues; (7) reviewed and analyzed post-sale issues; (8) performed work regarding a tariff claim sale motion; (9) performed work regarding the Altamonte transaction closing; (10) performed work regarding a tariff claim Asset Purchase Agreement; (11) attended to scheduling issues; (12) reviewed and analyzed deposit issues; (13) reviewed and analyzed guarantee issues; and (14) corresponded and conferred regarding asset disposition issues.

Fees: $192,080.50; Hours: 103.90

**B. Bankruptcy Litigation**

16. This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed WARN Act claim issues; (2) performed work regarding a complaint against UNA; (3) reviewed and analyzed litigation strategy issues; (4) reviewed and analyzed Committee information requests; (5) performed work regarding a summons in the UNA matter; (6) performed work regarding a complaint against Worldpay and Amex relating to chargebacks;

(7) performed work regarding Agenda Notices and Hearing Binders; (8) performed work regarding a stipulation and motion to dismiss WARN Act complaint; (9) performed research; (10) performed work regarding a witness and exhibit list; (11) performed work regarding an Omnibus hearing date order; (12) attended to scheduling issues; (13) performed work regarding a settlement term sheet related to the Committee; (14) performed work regarding an answer to WARN Act complaint; (15) performed work regarding negotiations; and (16) conferred and corresponded regarding bankruptcy litigation issues.

Fees: $170,715.50; Hours: 103.90

**C. Case Administration**

17. This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things, maintained document control, and maintained a memorandum of critical dates.

Fees: $4,995.00; Hours: 7.90

**D. Claims Administration and Objections**

18. This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (1) responded to creditor inquiries; (2) reviewed and analyzed administrative claim issues; (3) reviewed and analyzed strategy issues; (4) performed work regarding negotiations; (5) reviewed and analyzed the Chippewa and Alum Creek administrative claims and claim motions and performed work regarding objections; (6) performed research; (7) reviewed and analyzed leases relating to

administrative claims; (8) reviewed and analyzed the People Ready administrative claim motion; and (9) corresponded and conferred regarding claim issues.

Fees: $113,176.00; Hours: 65.20

**E. PSZJ Compensation**

19. This category relates to work regarding the compensation of the Firm. During the Interim Period, the Firm, among other things: (1) performed work regarding its December 2025 and January, February, and March 2026 fee applications; (2) performed work regarding its Third quarterly fee application; and (3) monitored the status and filing of fee applications.

Fees: $15,790.00; Hours: 16.50

**F. Other Professional Compensation**

20. This category relates to work regarding the compensation of professionals, other than the Firm. During the Interim Period, the Firm, among other things: (1) performed work regarding the First and Final A&G Realty fee application; (2) reviewed and analyzed issues regarding staffing reports; (3) performed work regarding a fee chart; and (4) corresponded regarding fee issues.

Fees: $5,137.50; Hours: 5.30

**G. Contract and Lease Matters**

21. This category relates to issues regarding executory contracts and unexpired leases of real property. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding the Burlington lease assumption and assignment; (2) reviewed and analyzed cure dispute issues; (3) reviewed and analyzed designation rights

issues; (4) reviewed and analyzed issues regarding lease assignment notices; (5) reviewed and analyzed issues regarding the White Marsh lease; (6) performed work regarding the Tropicaire assumption and assignment agreement; (7) performed work regarding negotiations; (8) performed work regarding lease assignment notices; (9) reviewed and analyzed issues regarding the Fredericksburg, Mentor and Saginaw leases; (10) reviewed and analyzed issues regarding an order relating to Altamonte; (11) performed work regarding assumption and assignment of the Fredericksburg and Tampa leases; (12) performed work regarding the Iselin lease assumption and assignment agreement; (13) reviewed and analyzed issues regarding equipment leases; (14) reviewed and analyzed lease assignment issues relating to NNN; (15) reviewed and analyzed issues regarding the potential assumption and assignment of leases; (16) reviewed and analyzed documents relating to lease and cure issues; (17) performed work regarding exhibits relating to lease assignments; (18) performed work regarding Fifth, Sixth and Seventh lease rejection notices; (19) performed work regarding deposit issues; (20) performed work regarding witness and exhibit list issues; (21) reviewed and analyzed issues regarding potential objections to lease rejection; (22) reviewed and analyzed issues regarding orders on lease rejections; (23) reviewed and analyzed issues regarding Idealease; (24) performed work regarding a form of order on lease assignments; (25) performed work regarding closing instructions relating to lease assumption and assignment issues; (26) reviewed and analyzed issues regarding orders in the White Marsh and Mentor lease assignment matters; (27) reviewed and analyzed objection deadline issues; (28) performed work regarding designation rights closing instructions; (29) reviewed and analyzed the Decar objection; (30) reviewed and

analyzed issues regarding the KRG assignment; (31) reviewed and analyzed issues regarding utilities; (32) performed work regarding orders in the Fredericksburg, Miami, Iselin, Tampa, Saginaw, Mentor, Burlington and Taylor lease assignments; (33) reviewed and analyzed issues regarding a designation rights amendment; (34) performed work regarding the Miami, Mentor, Fredericksburg, Iselin, Saginaw and Tampa lease assignment transactions; and (35) corresponded and conferred regarding lease and contract issues.

Fees: $336,825.50; Hours: 214.30

**H. Financial Filings**

22. This category relates to issues regarding compliance with reporting requirements. During the Interim Period, the Firm, among other things, performed work regarding Monthly Operating Reports and the payment of United States Trustee fees.

Fees: $2,157.50; Hours: 1.20

**I. Financing/Cash Collateral/Cash Management**

23. This category relates to issues regarding Debtor in Possession financing and use of cash collateral. During the Interim Period, the Firm, among other things, reviewed and analyzed budget issues.

Fees: $3,042.50; Hours: 1.80

**J. Insurance Coverage**

24. This category relates to issues regarding insurance coverage. During the Interim Period, the Firm, among other things, reviewed and analyzed, and corresponded, regarding insurance issues.

Fees: $1,326.50; Hours: 0.70

**K. Meetings of and Communications with Creditors**

25. This category relates to issues regarding meetings of and communications with creditors. During the Interim Period, the Firm, among other things, prepared for and attended telephonic conferences with representatives of the Committee regarding case issues.

Fees: $3,490.50; Hours: 1.90

**L. Operations**

26. This category relates to operations issues. During the Interim Period, the Firm, among other things, reviewed and analyzed, and corresponded, regarding utility claims.

Fees: $1,200.50; Hours: 0.70

**M. Plan and Disclosure Statement**

27. This category relates to issues regarding a Plan of Reorganization ("Plan") and Disclosure Statement. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed exclusivity issues; (2) performed work regarding a Plan and Disclosure Statement and a Plan and Disclosure Statement motion; (3) reviewed and analyzed issues regarding post-petition expenses; and (4) corresponded regarding Plan and Disclosure Statement issues.

Fees: $40,430.50; Hours: 23.00

**N. Stay Litigation**

28. This category relates to issues regarding the automatic stay and relief from stay issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed settlement issues; (2) performed work regarding a stipulation with Synchrony and a related Bankruptcy Rule 9019 motion to approve settlement; (3) reviewed and analyzed issues regarding

AmEx and Worldpay; (4) reviewed and analyzed chargeback issues; and (5) corresponded regarding stay litigation issues.

Fees: $63,367.00; Hours: 32.60

**Valuation of Services**

29. Attorneys and paraprofessionals of PSZ&J expended a total 578.90 hours in connection with their representation of the Debtors during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Cia H. Mackle | Partner 2024; Member of FL Bar since 2006 | $1,350.00 | 34.80 | $ 46,980.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,895.00 | 72.00 | $136,440.00 |
| Isaac M. Pachulski | Partner 2014; Member of CA Bar since 1974 | $2,695.00 | 8.90 | $ 23,985.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $2,050.00 | 4.20 | $ 8,610.00 |
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $2,250.00 | 88.40 | $198,900.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar 2002-2014; 2017-Present | $1,475.00 | 60.90 | $ 89,827.50 |
| Zev M. Bomrind | Partner 2023; Member of NY Bar since 1997 | $1,950.00 | 23.00 | $ 44,850.00 |
| Gail S. Greenwood | Of Counsel 2009; Member of CA Bar since 1994 | $1,450.00 | 3.40 | $ 4,930.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $1,575.00 | 15.00 | $ 23,625.00 |
| Jeffrey M. Dine | Of Counsel 2021; Member of NJ Bar since 2019; Member of NY Bar since 1996 | $1,795.00 | 6.60 | $ 11,847.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,795.00 | 75.50 | $135,522.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $2,050.00 | 56.20 | $115,210.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $1,195.00 | 6.00 | $ 7,170.00 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 950.00 | 85.70 | $ 81,415.00 |
| Cheryl A. Knotts | Paralegal | $ 625.00 | 6.30 | $ 3,937.50 |
| Karina K. Yee | Paralegal | $ 650.00 | 28.30 | $ 18,395.00 |
| Melissa N. Flores | Paralegal | $ 650.00 | 0.30 | $ 195.00 |
| Patricia E. Cuniff | Paralegal | $ 650.00 | 0.20 | $ 130.00 |
| Leslie A. Forrester | Library | $ 695.00 | 0.50 | $ 347.50 |
| David Crosby Jr. | Case Management Assistant | $ 525.00 | 2.70 | $ 1,417.50 |

**Grand Total: $953,735.00**
**Total Hours: 578.90**
**Blended Rate: $1,647.50**

30. The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $953,735.00.

31. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period April 1, 2026 through April 30, 2026, an interim allowance be made to PSZ&J for compensation in the amount of $953,735.00 and actual and necessary expenses in the amount of $2,527.64 for a total allowance of $956,262.64 and payment of $762,988.00 (80% of the allowed fees) and reimbursement of $2,527.64 (100% of the allowed expenses) be authorized for a total payment of $765,515.64, and for such other and further relief as this Court may deem just and proper.

Dated: August 12, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com

*Counsel for the Debtors and Debtors in Possession*

**DECLARATION**

STATE OF DELAWARE :
:
COUNTY OF NEW CASTLE :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the debtors and debtors in possession by the lawyers and paraprofessionals of PSZ&J.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about January 6, 2026, and submit that the Application substantially complies with such Rule and Order.

*/s/ Laura Davis Jones*____________________
Laura Davis Jones