RECEIVED
2026 AUG 14 A 10: 10
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
AMERICAN SIGNATURE, INC., et al.,
Debtors.

Case No. 25-12105 (BLS)
(Jointly Administered)

# CLAIMANT'S MOTION FOR AN ORDER AUTHORIZING EXAMINATION AND THE PRODUCTION OF DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004

The Claimant, Marlene Daley, appearing pro se, respectfully moves this Court for the entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, authorizing the examination of, and compelling the production of documents from, the Debtors, American Signature, Inc., et al. In support thereof, the Claimant respectfully states as follows:

## Jurisdiction and Standing

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).
2. The Claimant is a "party in interest" within the meaning of Federal Rule of Bankruptcy Procedure 2004(a), having filed an unliquidated Proof of Claim against the Debtors' estate for employment-related torts, defamation, and severe personal injury.

## Background

3. The Claimant is a former employee of the Debtors who suffered severe, continuous retaliatory actions, pretextual termination, and subsequent defamation and republication executed by the Debtors' management.
4. The Claimant has filed a Proof of Claim and an accompanying Motion for Leave to File a Late Claim based on excusable neglect, which are actively pending before this Court.

5. Debtors' corporate counsel has explicitly stated to the Claimant that the available liquid capital and assets of the bankruptcy estate are depleted, leaving no funds available to satisfy the Claimant's underlying claims.

Basis for Relief and Rule 2004 Standard

6. Federal Rule of Bankruptcy Procedure 2004(b) provides that the scope of an examination may relate to the "acts, conduct, property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."

7. The standard for discovery under Rule 2004 is extraordinarily broad and has been likened to a "fishing expedition," requiring only a showing that the requested examination is relevant to the administration of the estate or the evaluation of claims.

8. Because the Debtors' estate assets are purportedly depleted, the Debtors' third-party liability insurance policies—specifically their Employment Practices Liability Insurance (EPLI) and Directors and Officers (D&O) policies—represent the sole remaining avenue of recovery available to satisfy the Claimant's tort and statutory claims.

9. Under Federal Rule of Civil Procedure 26(a)(1)(A)(iv), made applicable here via bankruptcy procedures, the disclosure of any insurance agreement under which an insurance business may be liable to satisfy part or all of a judgment is mandatory and automatic.

10. The Claimant explicitly waives any right to collect any eventual judgment from the cash, capital, or operational assets of the bankruptcy estate, targeting exclusively the proceeds of the third-party liability insurance policies. Therefore, the production of these insurance declaration pages will cause zero financial or administrative harm to general unsecured creditors.

11. Discovery of these insurance assets is critical for the Claimant to accurately value, liquidate, and prosecute the pending Proof of Claim within this bankruptcy proceeding, and places zero administrative or financial burden on the winding-down Debtors.

Wherefore, the Claimant respectfully requests that this Court enter an Order, substantially in the form attached hereto, authorizing the Rule 2004

Examination and compelling the Debtors to produce the documents set forth in Schedule A within fourteen (14) days of the entry of the Order

## SCHEDULE A: REQUIRED DOCUMENTS FOR PRODUCTION

The Debtors are required to produce and deliver to the Claimant, within fourteen (14) days from the date of the entry of the Order granting this Motion, true and correct copies of the following documents:

1. All primary, excess, and umbrella Employment Practices Liability Insurance (EPLI) policies, policy packets, declaration pages, and summary of policy limits active during the calendar years 2024, 2025, and 2026.
2. All primary, excess, and umbrella Directors and Officers (D&O) liability insurance policies, policy packets, declaration pages, and summary of policy limits active during the calendar years 2024, 2025, and 2026.
3. Any and all coverage determination letters, reservation of rights letters, or written correspondence from any insurance carrier or underwriter concerning potential, pending, or threatened claims associated with the Claimant's employment, performance, or termination.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
AMERICAN SIGNATURE, INC., et al.,
Debtors.

Case No. 25-12105 (BLS)
(Jointly Administered)

# ORDER AUTHORIZING PRODUCTION OF INSURANCE DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004

Upon consideration of the Motion filed by the Claimant, Marlene Daley, pro se, for an Order pursuant to Federal Rule of Bankruptcy Procedure 2004 authorizing an examination and compelling the production of insurance documents from the Debtors; and the Court having jurisdiction to consider the Motion; and it appearing that due and proper notice has been given; and good cause appearing therefor, it is hereby:

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that pursuant to Federal Rule of Bankruptcy Procedure 2004, the Debtors are directed to produce and deliver to the Claimant complete and unredacted copies of all insurance policies, declaration pages, and coverage limit summaries set forth in the accompanying Schedule A within fourteen (14) days from the date of the entry of this Order.

Dated: _______________, 2026
Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE

RECEIVED
2026 AUG 14 A 10: 10
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
AMERICAN SIGNATURE, INC., et al.,
Debtors.

Case No. 25-12105 (BLS)
(Jointly Administered)

CERTIFICATE OF SERVICE VIA ELECTRONIC MAIL

I, Marlene Daley, hereby certify that on August 10, 2026, I caused a true and correct copy of the foregoing Motion for Rule 2004 Examination, Schedule A, and Proposed Order to be served via Electronic Mail (email) upon the following parties at their designated email addresses listed below:

COUNSEL FOR THE DEBTORS:
Timothy P. Cairns, Esq. (tcairns@pszjlaw.com)
Laura Davis Jones, Esq. (ljones@pszjlaw.com)
David M. Bertenthal, Esq. (dbertenthal@pszjlaw.com)
Mary F. Caloway, Esq. (mcaloway@pszjlaw.com)
Pachulski Stang Ziehl & Jones LLP

LEAD COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:
Jason R. Adams, Esq. (jadams@kelleydrye.com)
Kelley Drye & Warren LLP

DELAWARE CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:
Justin R. Alberto, Esq. (jalberto@coleschotz.com)
Cole Schotz P.C.

OFFICE OF THE UNITED STATES TRUSTEE:
Office of the United States Trustee (USTPRegion03.WL.ECF@usdoj.gov)

Dated: August 10, 2026

Respectfully submitted,

**Marlene Daley, Pro Se Plaintiff**
c/o Dr. Annette Riley
207 Bobby Gerald Parkway
954-945-1299
Email: Daleymarlene@yahoo.com