**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. Nos. 1005, 1063** |

**Hearing Date: October 14, 2026 at 1:30 p.m.**

**DEBTORS' PRELIMINARY RESPONSE TO THE MOTION OF MARLENE DALEY FOR EXAMINATION AND THE PRODUCTION OF DOCUMENTS PURUSANT TO BANKRUPTCY RULE 2004**

The above-captioned debtors and debtors in possession (the "Debtors") hereby provide their preliminary objections and responses (the "Response") to the *Claimant's Motion for an Order Authorizing Examination and the Production of Documents Pursuant to Bankruptcy Rule 2004* [Docket No. 1005] (the "Motion") filed by Marlene Daley (the "Movant"). In support of the Response, the Debtors respectfully represent as follows:

**Procedural Objection**

1. On September 22, 2026, the Movant filed the *Certificate of No Objection Regarding Claimants Marlene Daley's Motion for an Order Authorizing Examination and the Production of Documents Pursuant to Bankruptcy Rule 2004* [Docket No. 1063] (the "CNO"). The CNO provides at paragraph 2, "[p]ursuant to the Notice of Motion, responses or objections to the Motion were required to be filed and served on or before August 27, 2026." No notice

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

was filed with the Motion. As of the date hereof, no objection deadline has been set by the Movant.

2. Prior to the filing of the CNO, the Debtors informed the Movant that no objection deadline had been set and that the Debtors intended to file responses and objections to the Motion. Further, the Debtors requested a reasonable time to prepare and file their response. Despite this correspondence and the Debtors' requests, the Movant filed the CNO with the Court.[2]

**Preliminary Response and Objections**

3. The Movant seeks an examination of the Debtors' books and records related to their filed unsecured claims against the Debtors. Specifically, the Motion seeks the production of certain insurance policies and related information (see Exhibit A to the Motion). In good faith, and in an effort to resolve the Motion prior to entry of an order, the Debtors have taken steps to collect information requested by the Movant. The Debtors response efforts have been delayed because certain of the insurance information needs to be obtained from third parties including the Debtors' insurance broker. Prior to the Hearing, the Debtors intend to provide documents and information to the Movant as they are obtained by the Debtors.

4. Nevertheless, the Debtors have reasons to oppose or limit the Movant's investigation for a number of reasons. First, because the Movant's claims represent only unsecured claims in this Chapter 11 case, the costs to respond to the Movant's investigation divert resources that should likely be reserved for administrative, secured, and priority creditors.

---

[2] On September 16, 2026, the Court filed a notice setting a hearing on the Motion for October 14, 2026, at 1:30 p.m. (the "Hearing"). No objection deadline was included in the notice.

As provided in detail by the *Debtors' Objection to the Motion of Marlene Daley for Relief from the Automatic Stay in These Cases* [Docket No. 971] and the August 4, 2026 hearing on the Movant's previous relief from stay motion, the costs to the estate associated with responding to the Movant's discovery should be considered in a similar manner to their previous relief from stay motion. Cf. Borman v. Raymark Industries, Inc., 946 F.2d 1031, 1036 (3d Cir. 1991) (finding that automatic stay was designed, among other reasons, to prevent the depletion of assets due to legal costs in defending lawsuits) (citation omitted); In re Ronald Perlstein Enters., Inc., 70 B.R. 1005, 1006 (Bankr. E.D. Pa. 1987) (evaluating counter-considerations to weigh in determining whether any unsecured creditor's actions against a Chapter 11 debtor). While the Debtors understand the scope of a 2004 examination is intended to be broad, the examiner's interests must be balanced with the need of the estates to conserve resources and provide equal treatment to all similarly situated creditors. The Movant, a single unsecured creditor with unliquidated claims against the estate, should not be entitled to a broad "fishing expedition" that would expend estate assets to the detriment of all other stakeholders.

5. Second, the Debtors assume the intent of the Motion is to discover whether insurance is available to allow the Movant to pursue the insurance proceeds in a non-bankruptcy state court action. As stated previously on the record of these Cases, the Debtors believe that they lack insurance to cover claims such as those asserted by the Movant and the defense of any filed state court action will be borne solely by the estates. The Debtors object to the Motion to the extent necessary solely to support their prospective state court action against the Debtors or any of the Debtors' affiliates. See, e.g., In re Cambridge Analytica, 600 B.R. 750,

753 (Bankr. S.D.N.Y. 2019) (prohibiting 2004 examinations made for use in derivative court action).

6. Finally, the insurance policies requested by the Movant provide coverage to both the Debtors and their non-Debtor affiliates (the "Affiliates"). These Affiliates are not protected by the automatic stay and have their own rights to the coverage provided by the policies. Furthermore, the Affiliates likely have their own interests in keeping the terms of their insurance policies confidential. While the Debtors do not speak for the Affiliates, the Debtors expect that the Affiliates would require, at a minimum, the Movant to enter into appropriate confidentiality agreements before the production of insurance policies.

## Reservation of Rights

7. The Debtors reserve the right to supplement this response as necessary prior to the Hearing.

Dated: September 24, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com

*Counsel for the Debtors and Debtors in Possession*