RECEIVED
2026 OCT -5 A 8:17
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

**In re:** AMERICAN SIGNATURE, INC., et al., Debtors.
**Case No.** 25-12105 (JKS)
**Chapter 11** (Jointly Administered)

## CLAIMANT MARLENE DALEY'S FORMAL REPLY AND COUNTER-RESPONSE TO DEBTORS' PRELIMINARY OBJECTION (DOCKET NO. 1067)

Claimant Marlene Daley, appearing *pro se*, respectfully submits this Formal Reply to the Debtors' Preliminary Response (Docket No. 1067) concerning her Motion for Examination and Production of Documents under Bankruptcy Rule 2004. In support of this Reply, Claimant states the following:

### 1. The Debtors are Barred by Judicial Estoppel from Claiming Irrelevance

The Debtors filed a last-minute objection claiming that standard insurance documentation is "irrelevant" to these proceedings. This is a direct contradiction of the explicit representations the Debtors previously made to this Court. When fighting Claimant's prior Motion to Lift the Automatic Stay, the Debtors explicitly assured the Honorable Judge Stickles that this Bankruptcy Court was the proper, fully capable venue to adjudicate, manage, and resolve Claimant's claims. Having successfully trapped the Claimant within this venue under the guise that this Court can resolve the matter, the Debtors cannot now turn around and strip the Claimant of the basic discovery tools required to do so. They are judicially estopped from playing both sides.

### 2. A Documented Timeline of Broken Promises and Stalling Tactics

The Debtors' objection is not a good-faith legal dispute; it is a calculated stall tactic designed to exhaust a *pro se* litigant. The history of this request proves an ongoing breach of professional agreements:

- **August 10, 2026 Notice:** Debtors' counsel was explicitly informed that the Claimant was moving forward with the Rule 2004 production track.
- **September 12, 2026 Extension Request:** Counsel sent an email on September 12th claiming he was unaware of the initial deadline, explicitly requesting a two-week extension to allow time to formulate a response from the Debtors.
- **Claimant's Good-Faith Accommodation:** Concerned by the lack of formal action on the court docket, the Claimant acted reasonably to keep the case

moving, countering with a firm, clear deadline for voluntary compliance or formal response by September 22, 2026, at 5:00 PM.

- **The Final Missed Deadline:** Counsel completely ignored the parameters of this timeline, failed to provide any substantive resolution by the 5:00 PM cutoff, and instead weaponized the delay to file a placeholder "Preliminary Response" to block the Claimant's automatic order.

**3. The Standard of Rule 2004 Strongly Favors Production**

Under long-standing bankruptcy law, the scope of a Rule 2004 examination is deliberately broad. Insurance policies that protect against corporate operational liabilities directly impact the "liabilities and financial condition of the debtor." Because Claimant has completely insulated the bankruptcy estate by waiving any claim to active estate assets, this claim rests solely on third-party policy proceeds. The insurance tower is the only mechanism for resolution.

**Conclusion**

The Debtors have engaged in a pattern of false assurances to the Claimant and contradictory arguments to this Court simply to delay the inevitable disclosure of standard, discoverable corporate information. Claimant has masterfully tracked every deadline, documented every non-compliance, and stands ready to present this bad-faith pattern to the Court.

Wherefore, Claimant respectfully requests that the Clerk file this response, that the Court overrule the Debtors' contradictory Preliminary Response, and that the Court enter the pending Rule 2004 Order at the October 14, 2026 hearing.

Dated: September 24, 2026

Respectfully submitted,

/ s / Marlene Daley, Claimant Pro Se

Email: Daleymarlene@yahoo.com
Phone: 954-945-1299
Mailing Address:
c/o Nicola Johnson
925 Canterbury Rd NE Apt 1253
Atlanta, GA 30324

RECEIVED
2026 OCT -5 A 8: 17
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

September 25, 2026

Dear Clerk of the Court, FOR THE ATTENTION OF MS. GAURI PATEL

I hope this email finds you well.

As a *pro se* claimant in the American Signature, Inc. proceedings (Case No. 25-12105), I am writing to formally request the filing of the attached **Claimant's Reply and Counter Response to Debtors' Preliminary Objection (Docket No. 1067)**.

Please docket this document in anticipation of the upcoming remote hearing scheduled before the Honorable Judge Stickles on **October 14, 2026**. By copy of this email, all core parties, Debtors' counsel, and the claims agent are simultaneously served.

Thank you very much for your continued administrative assistance.

Respectfully,
Marlene Daley
/s/ Marlene Daley
Claimant Pro Se

Phone: 954-945-1299
Email: Daleymarlene@yahoo.com
Mailing Address: c/o Nicola Johnson
925 Canterbury Rd NE Apt 1253
Atlanta, GA30324