**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN SIGNATURE, INC., *et al.*,[1] | Case No. 25-12105 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. Nos. 1005, 1063, 1067, 1076** |

**Hearing Date: November 10, 2026 at 11:00 a.m.**

**DEBTORS' SUPPLEMENTAL RESPONSE TO**
**THE MOTION OF MARLENE DALEY FOR EXAMINATION AND THE**
**PRODUCTION OF DOCUMENTS PURUSANT TO BANKRUPTCY RULE 2004**

The above-captioned debtors and debtors in possession (the "Debtors") hereby provide their supplemental objections and responses (the "Response") to the *Claimant's Motion for an Order Authorizing Examination and the Production of Documents Pursuant to Bankruptcy Rule 2004* [Docket No. 1005] (the "Motion") filed by Marlene Daley (the "Movant"). This Response supplements and expands upon the *Debtors' Preliminary Response to the Motion of Marlene Daley for Examination and the Production of Documents Pursuant to Bankruptcy Rule 2004* (Docket No. 1067) (the "Preliminary Response") and directly responds to the Court's request for supplemental briefing as delivered at the hearing on October 14, 2026. In support of their Response, the Debtors respectfully represent as follows:

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: American Signature, Inc. (6162); American Signature Home Inc. (8573); American Signature USA Inc. (6162); ASI Pure Promise Insurance LLC (6162); ASI Elston LLC (7520); ASI – Laporte LLC (6162); ASI Polaris LLC (6162); ASI Thomasville LLC (6162); and American Signature Woodbridge LLC (6162). The Debtors' business address is 4300 E. 5th Avenue, Columbus, OH 43235.

**Supplemental Response and Objections**

1. Movant's request for examination and production of documents pursuant to the Fed. R. Bankr. 2004 ("Rule 2004") serves no legitimate purpose related to these chapter 11 cases. As a holder of a general unsecured claim, the Movant's examination imposes untimely and inappropriate discovery obligations on the estate in advance of any liquidation of the pending claims, thereby placing the Movant's claim ahead of all other creditors in this case. To the extent Movant's examination is motivated only by a desire to bring a separate cause of action against the estate in another forum, it provides no purpose directly related to the administration of these cases. As provided in detail below, the Movant's request should be denied

**A. The Movant Has Provided No Legitimate Purpose for the 2004 Examination**

2. The purpose of a Rule 2004 examination is to "discover the nature and extent of the bankruptcy estate" in order to distribute debtor's assets for the benefit of its creditors. *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (citations omitted); *see also In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004). "Legitimate goals of Rule 2004 examinations include 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" *In re Washington Mut., Inc.*, 408 B.R. at 50 (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)).

3. A Rule 2004 examination "is commonly recognized as more in the nature of a 'fishing expedition.'" *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). However, parties do not have an absolute right to Rule 2004 examinations—the granting of a Rule 2004 examination is dependent on the discretion of the court. *See* Fed. R. Bankr. P. 2004(a) (**emphasis added**) ("On motion of any party in interest, the court **may** order the

examination ..."); *see also In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) (Rule 2004 gives the Court "significant" discretion). The rule requires a balancing of "the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991); *see also In re Countrywide Home Loans*, 384 B.R. 373, 393-94 (Bankr. W.D. Pa. 2008) (describing limits of Rule 2004 examination). Further, Rule 2004 is not available to creditors seeking "to use this section to deal with their special problems." *In re J&R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010) (quoting Norton Bankruptcy Rules, 2009-10 ed., Rule 2004 ed. comment (c), at 136-37); *see also Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D.Tex.,1994) ("Examinations under Rule 2004 cannot be used to harass or oppress the party."); *In re Kearney*, 590 B.R. 913, 924 (Bkrtcy. D.N.M., 2018).

4. The party seeking a Rule 2004 examination bears the burden for establishing cause for the examination. *See, e.g., In re Sunedison, Inc.*, 572 B.R. 482, 489 (Bankr. S.D.N.Y. 2017). In their Motion, the Movant provides as a reason for the examination that "[d]iscovery of these insurance assets is critical for the Claimant to accurately value, liquidate, and prosecute the pending Proof of Claim within this bankruptcy proceeding…." Motion, at ¶11.[2] The Movant's desire for a Rule 2004 examination related to the valuation, liquidation, or prosecution of a pending proof of claim does not provide sufficient justification for the Debtors' costs and efforts to respond to such examination.

[2] On February 18, 2026, Movant filed an unliquidated general unsecured proof of claim in the Debtors' cases (Claim No. 7640) (attached to the Debtors' Objection to the Motion of Marlene Daley for Relief from the Automatic Stay in These Cases [Docket No. 971] as Exhibit A, the "Movant's Claim").

5. First, the Movant provides no justification or explanation as to why the Rule 2004 examination is necessary for the proper valuation of Movant's claim. As the Debtors have stated repeatedly, no insurance proceeds are available to satisfy Movant's Claim. But assuming, arguendo, that such insurance proceeds were available, those assets would belong to the estate and not to the Movant. The Motion provides no explanation why an investigation of insurance coverage is necessary to value the damages asserted in the Movant's Claim.

6. Second, the Movant's efforts to expedite the prosecution and liquidation of the Movant's Claim by use of the Rule 2004 examination are ill timed and procedurally inappropriate. The Debtors have not begun the process of liquidating the numerous general unsecured claims filed in these cases. While no objection to the Movant's Claim has yet been filed, the Debtors anticipate the estate will likely need to file an objection to establish a liquidated value for the Movant's Claim. Thus, at some point during these cases, the Movant will have the opportunity to prosecute and liquidate their claim. Granting the Movant discovery to obtain a "head start" to claim liquidation is not a proper purpose for a Rule 2004 examination. *See, e.g., In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992) (court must balance the examiner's interests against the debtor's interest in avoiding the cost and burden of disclosure.) In addition, because the discovery requested by Rule 2004 is not limited by the same procedural safeguards of the Federal Rules available to the estate and third parties, the Movant may be able to obtain a significant advantage with respect to liquidation of their claim. *See, e.g., In re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996) (restricting Rule 2004 examination related to pending proceeding and requiring discovery under Fed. R. Bankr. P. 7026 *et seq.*).

7. Because the Movant has not met their burden to provide a good faith reason for the requested Rule 2004 examination, the Motion should be denied.

## B. The Movant's Desire to Sue the Estate in Another Jurisdiction Is Not a Proper Purpose for the Rule 2004 Examination

8. As stated at the previous hearing, the Debtors suspect the true intent of the Rule 2004 examination is to identify insurance assets available to pursue in another court.[3] The Movant's intent is not focused upon their claim or the bankruptcy estate, but to identify third party assets available to pay the Movant's Claim. Such an investigation is not a proper basis for a Rule 2004 examination. *See, e.g., In re Washington Mutual, Inc.*, 408 B.R. at 50 ("Rule 2004 examinations may be inappropriate 'where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee.") (citations omitted); *In re J&R Trucking, Inc.*, 431 B.R. at 818 (denying 2004 examination to creditors seeking to identify third party sources of funding available to satisfy claims). Courts have denied the use of a Rule 2004 examination where the purpose was intended to advance an action in a separate court. *See, e.g., Snyder v. Soc'y Bank of Ann Arbor (In re Snyder)*, 1995 U.S. App. LEXIS 43005, at *3 (5th Cir. Apr. 12, 1995) (affirming District Court restriction of the use of Rule 2004 examination where appellant's primary motivation was to use those materials in a state court action against the examinee). Courts have also limited use of discovery taken under Rule 2004 where outside litigation was contemplated but had not yet been formally filed. *See, e.g., Collins v. Polk*, 115 F.R.D. 326, 329 (M.D. La. 1987) (impounding

---

[3] The Movant's previous relief from stay motion to pursue insurance assets was denied without prejudice by this Court. *See* Docket No. 1003.

Rule 2004 depositions where plaintiff intended to utilize information in future litigation contemplated but not yet been formally filed).

9. It is unclear from the Motion how the Movant seeks to use the insurance information they are seeking from the examination. But to the extent the proposed use is to support a successive relief from stay motion seeking to pursue insurance proceeds in another court, the Movant's request for this Court's approval of a Rule 2004 examination should be denied.

**Reservation of Rights**

10. The Debtors reserve the right to supplement this response as necessary prior to the Hearing.

**Conclusion**

11. For the reasons stated herein and in their Preliminary Response, the Debtors request that the Motion be denied with prejudice.

Dated: October 28, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*<u>/s/ Laura Davis Jones</u>*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com

*Counsel for the Debtors and Debtors in Possession*